UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-25323-RAR

**SHARKNINJA OPERATING LLC**, *et al.*,

    Plaintiffs,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A",

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court upon Plaintiffs' Expedited Motion and *Ex Parte* Application for Entry of Temporary Restraining Order, Including an Injunction, a Temporary Transfer of the Defendant Internet Stores, Temporary Asset Restraint, and Expedited Discovery, [ECF No. 15]; *Ex Parte* Motion for Order Authorizing Alternative Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3), [ECF No. 16]; and Expedited Motion to Seal, [ECF No. 17].

On November 18, 2025, the Court entered an Omnibus Order Regarding Schedule "A" Causes of Action ("Order"), which sets forth several conditions Plaintiffs must comply with in litigating this case. [ECF No. 8]. The Order denied as moot Plaintiffs' previously-filed Motion to Seal Schedule A to the Complaint, [ECF No. 4]. However, on November 19, 2025, Plaintiffs filed an Expedited Motion to Seal, [ECF No. 17].

Prior to filing the Expedited Motion to Seal, Plaintiffs filed their Motion for Order Authorizing Alternative Service under seal anyway. Plaintiffs' Expedited Motion to Seal, [ECF No. 17], requests that the Court temporarily seal various documents disclosing the identity of the Defendants in this action. *Id*. at 2. As the Court noted in its Order, "[m]otions to file documents under seal or to proceed anonymously or pseudonymously in these cases are disfavored by the Court." Order at ¶ 3. "Accordingly, any such motions shall be denied with leave to refile only after all the requirements of this Order have been complied with and only once the exceptional circumstances required to grant such a motion have been shown." *Id*. Here, Plaintiffs' Motion to Seal fails to articulate any exceptional circumstances necessitating the temporary sealing of portions of the court file. Accordingly, Plaintiffs are advised to file Schedule "A" to the Complaint on the public docket in order to facilitate the orderly and efficient handling of this matter.

Moreover, Plaintiffs' Motion for Order Authorizing Alternative Service, [ECF No. 16], fails to satisfy the requirements for alternate service laid out in the Court's Order and the cases cited therein. *See* Order at ¶ 1.e. In the Order, the Court detailed requirements for motions for alternative service. Specifically, the Court requires that "[a]ny motion for alternate service upon Defendants must state what methods Plaintiff has undertaken to effectuate service. A motion for alternate service will not be granted where a plaintiff does not provide evidence or affidavits to show what efforts Plaintiff has undertaken to determine whether the addresses it has on file for **EACH** Defendant are actually associated with **EACH** Defendant." Order at ¶ 1.e (citing *Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22-2483, 2022 WL 14872617, at *2 (S.D.N.Y. Oct. 26, 2022) (finding alternative process under Rule 4(f)(3) proper where plaintiff conducted further online research, sent mail to the addresses, and conducted in-person visits to determine whether physical addresses provided by Amazon were accurate)).

Plaintiffs' Motion fails to satisfy these requirements.  Motions for *ex parte* relief require more than bare, conclusory assertions.  *See, e.g.*, *DJ 26, LLC v. Gigi*, No. 21-62104, 2021 WL 5605123, at *3 (S.D. Fla. Oct. 14, 2021) ("Bare assertions [are] insufficient to support the grant of an ex parte [] order.").  Indeed, the Court requires that, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, any motion for alternative service must detail the proposed method of service for each defendant, the domicile of each defendant, and what reasonable efforts were undertaken to ascertain each defendant's domicile.  Order at ¶ 1.e.

Here, Plaintiffs have not adequately demonstrated that reasonable efforts have been undertaken with respect to each Defendant.  Because Plaintiffs have yet to file the Schedule "A" listing all Defendants, the Court does not know the Defendants' identities.  And the Declaration of Plaintiffs' counsel, David Glandorf, [ECF No. 16-1] ("Declaration"), acknowledges that "[i]n most instances, Defendants provide a physical address to Marketplace Platforms through which Defendants purportedly operate," the majority of which are in China.  *Id*. at 9.  But Glandorf fails to provide what efforts he—or anyone hired on Plaintiffs' behalf—has undertaken to review all publicly available registration records for each Defendant and to investigate the possible legitimacy of each China-based physical contact address that might be identified.  Indeed, Glandorf merely notes that "physical addresses provided by sellers on Marketplace Platforms are generally not verified by the Marketplace Platform," which, without additional investigation, is insufficient to demonstrate the need for alternative service.  *Id*.

Absent a list of all Defendants on Schedule "A," the Court is also unable to grant Plaintiffs' Expedited Motion and *Ex Parte* Application for Entry of Temporary Restraining Order, Including an Injunction, a Temporary Transfer of the Defendant Internet Stores, Temporary Asset Restraint,

and Expedited Discovery, [ECF No. 15].  The Court can properly consider this Motion if it includes Schedule "A" as an attachment.  For the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Expedited Motion to Seal, [ECF No. 17], is **DENIED** *without prejudice and with leave to refile*.  Plaintiffs are advised to file Schedule "A" to the Complaint on the public docket to allow the Court to expeditiously evaluate Plaintiffs' claims for relief.

2. Plaintiffs' Expedited Motion and *Ex Parte* Application for Entry of Temporary Restraining Order, Including an Injunction, a Temporary Transfer of the Defendant Internet Stores, Temporary Asset Restraint, and Expedited Discovery, [ECF No. 15], is **DENIED** *without prejudice and with leave to refile*.

3. Plaintiffs' *Ex Parte* Motion for Order Authorizing Alternative Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3), [ECF No. 16], is **DENIED** *without prejudice and with leave to refile*.

4. Pursuant to the Court's Omnibus Order Regarding Schedule "A" Causes of Action, [ECF No. 4], Plaintiffs are directed to file any motions in compliance with the Order within fourteen (14) days.  Order at ¶ 1.  Accordingly, should Plaintiffs seek to refile the aforementioned motions, they must do so **on or before December 2, 2025**.

**DONE AND ORDERED** in Miami, Florida, this 20th day of November, 2025.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE