UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-25323-RAR

**SHARKNINJA OPERATING LLC**, *et al.*,

    Plaintiffs,

v.

**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"**,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' EXPEDITED MOTION AND *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER**

**THIS CAUSE** is before the Court upon Plaintiffs' Expedited *Ex Parte* Motion for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets ("Motion"), [ECF No. 22]. Plaintiffs SharkNinja Operating LLC and SharkNinja Sales Company (collectively, "SharkNinja") move, *ex parte*, for entry of a temporary restraining order against Defendants, individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified on Schedule "A" to the Complaint (collectively "Defendants") pursuant to 35 U.S.C. § 283, Federal Rule of Civil Procedure 65, and the All Writs Act, 28 U.S.C. § 1651(a).

The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons stated herein, the Motion is **GRANTED**.

**FACTUAL BACKGROUND**[1]

SharkNinja is the owner of all rights, title, and interest in and to U.S. Patent Nos. 12,285,028 and D1,091,236 (collectively, the "SharkNinja Patents"). Decl. of Danielle

---

[1] The factual background is taken from SharkNinja's Complaint, [ECF No. 1], SharkNinja's Motion, [ECF No. 22], and supporting evidentiary submissions. *See* Declaration of Danielle Lessing, [ECF No. 22-1].

Lessing filed concurrently herewith ("Lessing Decl."), ¶ 4. The SharkNinja Patents have been used in connection with making, using, selling, offering for sale, or importing SharkNinja's slush machine. *Id.*

Defendants, by operating e-commerce stores under the seller names identified on Schedule "A" hereto ("Seller IDs"), have made, used, sold, offered for sale, or imported products that are likely to be found to infringe at least one SharkNinja Patent (the "Infringing Products"). *Id.* at ¶¶ 13–14. SharkNinja has expended time, money, and other resources developing, advertising, and otherwise promoting the SharkNinja slush machines that practice the SharkNinja Patents. *Id.* at ¶ 23. SharkNinja suffers irreparable injury any time infringers, such as Defendants, sell or offer to sell goods that appropriate the SharkNinja Patents practiced by SharkNinja's slush machines. *Id.* at ¶¶ 25–26, 29–31.

Through investigations across multiple online marketplace platforms ("Marketplace Platforms"), SharkNinja identified numerous Seller IDs, listed on Schedule "A," marketing and selling Infringing Products. *Id.* at ¶¶ 12–13. SharkNinja's investigations showed that these products appropriate the very innovations that enable a compact, countertop-worthy, and user-friendly slush machine embodied in the SharkNinja Patents. *Id.* at ¶¶ 13–14, 18.

Defendants are neither authorized resellers nor licensees of Shark and Ninja brand products, and, in short, have been selling Infringing Products, leveraging SharkNinja's time- and capital-intensive innovations to sell infringing products that trade on the consumer demand generated by Ninja SLUSHi's viral success. *Id.* at ¶ 21.

## LEGAL STANDARD

To obtain a temporary restraining order or a preliminary injunction, a party must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel.*

*Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). A court may issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; [and]
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* temporary restraining orders "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loe. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

## ANALYSIS

The declaration SharkNinja submitted in support of its Motion supports the following conclusions of law:

A. SharkNinja has a strong probability of proving at trial that the products Defendants are selling and promoting for sale are unauthorized products that each infringe one or more of the SharkNinja Patents.

B. Because of the infringement of the SharkNinja Patents, SharkNinja is likely to suffer immediate and irreparable injury if a temporary restraining order is denied. The following specific facts, as set forth in SharkNinja's Complaint, Motion, and accompanying declaration, demonstrate that immediate and irreparable loss, damage, and injury will result to SharkNinja before Defendants can be heard in opposition unless SharkNinja's request for *ex parte* relief is granted:

   1. Defendants own and control online marketplace pages on the Marketplace Platforms, which advertise, promote, offer for sale, and sell products that infringe the SharkNinja Patents in violation of SharkNinja's rights;

      2.      There is good cause to believe that more products that infringe one or more of the SharkNinja Patents will continue to appear in the marketplace, further diluting the market share created by SharkNinja's innovative products; and

      3.      There is good cause to believe that if SharkNinja proceeds with notice to Defendants of their Motion, Defendants can easily and quickly change ownership or modify registration of e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of the Seller IDs, thereby thwarting SharkNinja's ability to obtain meaningful relief.

    C.    The potential harm to Defendants in restraining their trade in infringing goods if a temporary restraining order is issued is far outweighed by the potential harm to SharkNinja and its reputation as the sole authorized party to practice the SharkNinja Patents.

    D.    The public interest favors issuance of the temporary restraining order to protect SharkNinja's interests in its patents, to encourage respect for the law, and to protect the public from the illegal sale of infringing goods.

    E.    Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *SHEFIT Operating Co., LLC v. Individuals*, No. 24-61310, 2024 WL 4880617, at *6 (S.D. Fla. Nov. 22, 2024) (citing *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995)).

    F.    In light of the inherently deceptive nature of the infringing business and the likelihood that Defendants have violated federal patent laws, SharkNinja has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that pursuant to 35 U.S.C. § 283; Fed. R. Civ. P. 65; the All Writs Act, 28 U.S.C. § 1651(a); and the Court's inherent authority, SharkNinja's Motion, [ECF No. 22], is **GRANTED**. A temporary restraining order is entered as follows:

(1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of Defendants having notice of this Order are temporarily restrained as follows:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products infringing the SharkNinja Patents, including the products identified in Schedule "A"; and

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by SharkNinja, that infringe the SharkNinja Patents; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products that infringe the SharkNinja Patents; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants.

(2) Each Defendant shall preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller IDs that may have been deleted before the entry of this Order.

(3) Upon SharkNinja's request, the privacy protection service for any of the Seller IDs for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered to disclose to SharkNinja the true identities and contact information of those registrants.

(4) Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action or until further Order of the Court.

(5) Defendants and any third-party financial institutions, payment processors, banks, escrow services, money transmitters, or Marketplace Platforms who are providing services for any of the Defendants shall within two (2) business days after receipt of notice of this Order:

   a. Restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for Defendants' benefit or to be transferred into Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of the funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Marketplace Platforms for any purpose (other than pursuant to a chargeback made under their security interest in the funds) without the express authorization of this Court.

   b. Provide SharkNinja expedited discovery of the following: (i) the identity of all financial accounts and/or sub-accounts associated with the Internet-based e-commerce stores operating under the Seller IDs identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) the identity and location of Defendants identified in Schedule "A," including all known contact information, such as any and all known aliases and associated e-mail addresses; and (iii) an accounting of the total funds restrained and the identities of the financial account(s) and sub-account(s) for which the restrained funds are related.

(6) Any Defendant or Marketplace Platforms subject to this Order may petition the Court to modify the asset restraint set forth in this Order.

(7) In addition to other methods authorized by law, SharkNinja may provide notice of these proceedings to third parties by delivery of this Order and other relevant documents to the following Marketplace Platforms, including at the following addresses:

      i. Amazon at legal@amazon.com, registrar-abuse@amazon.com, tro-notices@amazon.com;

      ii. BestBuy;

      iii. Target; and

      iv. Walmart at legal@walmart.com.

(8) The Clerk of the Court is directed to issue a single original summons in the name of "All Defendants Identified in Schedule "A" of the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

(9) This Order shall apply to the Seller IDs, associated e-commerce stores and websites, and any other Seller IDs, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of infringing the SharkNinja Patents at issue in this action.

(10) Pursuant to Federal Rule of Civil Procedure 65(c), SharkNinja shall post a bond in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

(11) After SharkNinja's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, SharkNinja shall serve copies of the Complaint, their Motion, and this Order, on each Defendant by e-mail via their corresponding e-mail address and/or online contact form or other means of electronic contact provided on the Internet-based e-commerce stores operating under the respective Seller IDs or by providing a copy

of this Order by e-mail to the Marketplace Platforms for each of the Seller IDs so that the registrar, or Marketplace Platform, in turn, notifies each of the Defendants of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.  In addition, SharkNinja shall post copies of the Complaint, Motion, and this Order, as well as all other publicly-available documents filed in this action on the website located at https://s20251114sdfla.info/ and shall provide the address to the website to Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof.  SharkNinja shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website located at https://s20251114sdfla.info/ or by other means reasonably calculated to give notice which is permitted by the Court.

(12)   This Order shall remain in effect for **fourteen (14) days** from the date of its entry unless extended for good cause.  *See* Federal Rule of Civil Procedure 65(b).

(13)   Plaintiffs are **DIRECTED** to file a Motion for Entry of a Preliminary Injunction no later than **November 28, 2025**, at which time the Court will set a telephonic hearing on the Motion for Entry of a Preliminary Injunction.  Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on SharkNinja's requested preliminary injunction.  Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 35 U.S.C. § 283; Fed. R. Civ. P. 65, the All Writs Act, 28 U.S.C. § 1651(a); and this Court's inherent authority.

**DONE AND ORDERED** in Miami, Florida, this 21st day of November, 2025.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**