UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-25323-RAR

**SHARKNINJA OPERATING LLC**, *et al.*,

    Plaintiffs,

  v.

**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"**,

    Defendants.
_____/

**ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)**

**THIS MATTER** comes before the Court on Plaintiffs' *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ("Motion"), [ECF No. 30]. The Court has carefully considered the Motion, the record, and the applicable law.

Plaintiffs SHARKNINJA OPERATING LLC and SHARKNINJA SALES COMPANY (collectively, "SharkNinja"), seek an order granting alternative service of process on the Defendants in this action, all of which are foreign. SharkNinja alleges that the Defendants have established Internet-based businesses and utilize electronic means as reliable forms of contact. Therefore, SharkNinja seeks to serve the Defendants via electronic mail, through the messaging platforms available through the online retailers' websites (collectively, "Electronic Communications"), and by website posting.

Rule 4(h)(2) of the Federal Rules of Civil Procedure describes the various ways in which a plaintiff may serve foreign entities and incorporates the service methods set forth in Rule 4(f).

Rule 4(f)(3), in turn, provides that service may be accomplished "by other means not prohibited by international agreement, as the court orders." Notably, alternative methods of service under Rule 4(f)(3) are available without first attempting service by other means. *See, e.g., Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (*citing Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

For the following reasons, the Court finds that alternative service of process under Rule 4(f)(3) is warranted here. First, the Hague Convention does not specifically preclude service via e-mail and website posting. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590, 2015 WL 5320947, at *2 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where, as here, a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, the requested service methods are not prohibited by international agreement.

Second, the Defendants use at least one known and valid form of electronic contact to conduct their Internet-based businesses, and SharkNinja has created a website for the sole purpose

of providing notice of this action to the Defendants, the address to which will be provided to the Defendants' via the Electronic Communications. Therefore, service via Electronic Communications and through posting on a designated website is "reasonably calculated, under all circumstances, to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections." *See Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1. Thus, the Court will exercise its discretion to allow service on the Defendants through Electronic Communications and website posting.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion is hereby **GRANTED**.

2. Pursuant to Rule 4(f)(3), Plaintiffs are permitted to serve the Summons, Complaint, and other relevant filings in this matter upon each Defendant in this action:

    a. by providing the Defendants with the website address to SharkNinja's designated serving notice website via the Electronic Communications, as detailed in Exhibit 1 to the Declaration of David Glandorf in Support of SharkNinja's *Ex Parte* Motion for Order Authorizing Alternative Service of Process on Defendants, [ECF No. 30-2]; and

    b. by publicly posting a copy of the Summonses, Complaint, and all filings and discovery in this matter on SharkNinja's designed serving notice website.

**DONE AND ORDERED** in Miami, Florida, this 21st day of November, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**