**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

SHARKNINJA OPERATING LLC, and
SHARKNINJA SALES COMPANY

    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

    Defendants.
_____/

Case No. 1:25-cv-25323

**DEFENDANTS' EXPEDITED MOTION FOR EVIDENTIARY HEARING AND
TO CONTINUE THE BRIEFING SCHEDULE**

Defendants Ningbo Shangyou E-Commerce Co., Ltd., d/b/a Wizaura, Hubei Zhihuigu Technology Co., Ltd., d/b/a Wizaura, Ningbo Linglingqi Cross-Border E-Commerce Co., Ltd., d/b/a Wizaura, Dongdong Century (Hangzhou) Technology Co., Ltd.,d/b/a Syintao, Ningbo Qichui Machinery Co., Ltd., d/b/a Roaaee, Changsha Shuohang E-Commerce Co., Ltd., d/b/a Chivalz, Anqing Xi'a Trading Co., Ltd., d/b/a Chivalz, Zhongshan Jiameng Office Supplies Co., Ltd., ., d/b/a Chivalz, Yantai Renqian E-Commerce Co., Ltd., d/b/a Roromall, Yantai Haiga Trading Co., Ltd., d/b/a Towallmark,  Yantai Kongqueju E-Commerce Co., Ltd., d/b/a ExploreHorizon, Ningbo Mengshu Furniture Co., Ltd., d/b/a Oylus, Ningbo Petbobi Pet Products Co., Ltd. d/b/a Rellytech, and Ningbo Gaotong Business Service Co., Ltd., d/b/a FlameMore (collectively, the "Defendants"), and Third-Party Respondents, Hangzhou Shuzhi Interactive Technology Co., Ltd., d/b/a WALKLINK, Yantai Zhirun E-Commerce Co., Ltd., d/b/a, Garvee, and Fuzhou Mijia

1

Electric Appliance Co., Ltd., d/b/a REVOTIO (collectively, the "Third-Party Respondents"), respectfully submit this Motion for Evidentiary Hearing and to Continue the Briefing Schedule of Plaintiffs Sharkninja Operating LLC, and Sharkninja Sales Company's (collectively as "Plaintiffs") Motion for Preliminary Injunction.

Under the Court's Order, Defendants are required to respond to Plaintiffs' Motion for Preliminary Injunction forty-eight (48) hours prior to the hearing—i.e., by December 3, 2025. Thus, pursuant to Local Rule 7.1(d), Defendants respectfully request an expedited ruling on this Motion as soon as possible, and in any event no later than December 3, 2025. In support of this request, Defendants and the Third-Party Respondents state as follows:

## I.   FACTUAL BACKGROUND

### A.  Procedural History

On November 14, 2025, Plaintiffs initiated this litigation against multiple defendants, including the Glacier Defendants for patent infringement of the U.S. Patent No. 12,285,028 (the "'028 Patent") and U.S. Patent No. D1,091,236 (the "'236 Design Patent," collectively with the '028 Patent as "Asserted Patents"). Dkt. 1. On November 21, 2025, the Court granted Plaintiffs' Expedited Motion and Ex Parte Application for Entry of Temporary Restraining Order ("TRO"). Dkt. 26. On November 28, 2025, Plaintiffs submitted the Motion for Preliminary Injunction ("PI"). Dkt. 37.

The undersigned appeared for Defendants on December 1, 2025. Dkts. 38, 40–42. That same day, Defendants filed an Expedited Motion to Dissolve the TRO, requesting a ruling before December 5, 2025. Dkt. 43. Also on December 1, 2025, the Court set Plaintiffs' PI Motion for hearing on December 5, 2025, and ordered that any opposition be filed and served forty-eight (48)

hours prior to the hearing. Dkt. 39. As a result, counsel is expected to respond to a complex, multi-defendant, two-patent preliminary-injunction motion in roughly two business days.

### B. Factual Statement

Defendants are small and mid-sized e-commerce businesses that sell products through online marketplaces. The TRO has frozen multiple storefronts and accounts, including those of non-party sellers whose brands or ASINs do not appear on Schedule A but whose accounts have nevertheless been restrained in connection with this case. Since being retained, undersigned counsel has been collecting information from numerous clients, many of whom are overseas and operate multiple seller accounts.

To meaningfully respond to Plaintiffs' PI Motion and the alleged infringement of the '028 Patent and the '236 Design Patent, Defendants must obtain and analyze samples of the accused products, compare them to the Asserted Patents, and work with technical and design experts to prepare supporting declarations. Given the number of Defendants and accused products, the complexity of the patent issues, and the fact that this work is occurring during the holiday season, it is not realistic to complete this investigation and expert analysis within the two business days contemplated by the current schedule. Defendants and their counsel are acting diligently, but they require a reasonable amount of time to develop a proper factual and expert record. In the meantime, because Defendants have already filed an Expedited Motion to Dissolve the TRO, Dkt. 43, they respectfully request that the Court use the December 5, 2025 setting to hear and decide that motion, and continue the hearing on Plaintiffs' PI Motion to a later date as an evidentiary hearing after full briefing.

## II.     LEGAL ARGUMENT

### A. An Evidentiary Hearing Is Required.

"A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). Rule 65(a) permits a court to enter a preliminary injunction 'only on notice to the adverse party.' Fed. R. Civ. P. 65(a)(1). "The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*, 51 F.4th 1365, 1375–76 (Fed. Cir. 2022) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers No. 70 of Alameda County*, 415 U.S. 423, 432 n.7, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974)).

"[W]here facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue," district courts must hold an evidentiary hearing on the propriety of injunctive relief. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1312 (11th Cir. 1998) (citing *All Care Nursing Serv.*, 887 F.2d at 1538). Further, when the parties submit affidavits containing conflicting facts that place "in serious dispute issues central" to the movants' claims, then an evidentiary hearing must be held. *Id*. at 1312. At that hearing, the Court sits as both factfinder and assessor of credibility. *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1211 (11th Cir. 2003).

Here, an evidentiary hearing is warranted.

**First, Plaintiffs' showing on both likelihood of success and irreparable harm rests almost entirely on a single declaration from their employee, Ms. Lessing, and on Exhibit 3**

**thereto.** This Court's Omnibus Order requires that Plaintiffs "establish entitlement to relief with regard to EACH Defendant." Dkt. 8 at 2 (emphasis in original). Yet, to show alleged infringement of the '236 Design Patent, Plaintiffs contend that "side-by-side comparisons in Exhibit 3 to the Lessing Declaration show that each Infringing Product identified on Schedule A include a tray, having front-face geometries and curved bottom portions that replicate the patented features and are, to an ordinary observer, substantially the same in overall visual impression as the design claimed by the '236 Design Patent." Dkt. 37 at 10. In reality, Exhibit 3 contains no true side-by-side comparisons of the '236 Patent and Defendants' products; instead, it consists of blurred screenshots of an online shopping cart in which the tray is barely visible, if at all. One cannot discern from Exhibit 3 what Defendants' products actually look like, much less whether their "front-face geometries" or "curved bottom portions" are "substantially the same" as the patented design for an ordinary observer.

Similarly, Ms. Lessing broadly asserts that Plaintiffs "confirmed" that the "Infringing Products infringe at least one of the Patents," but she provides no methodology, no claim-by-claim analysis, and no explanation of what features were compared or how those comparisons were performed. *See* Dkt. 22-1 ¶ 18. Plaintiffs' irreparable-harm showing is likewise based solely on Ms. Lessing's conclusory statements. *See* Dkt. 22 at 12–14; Dkt. 37 at 12–14. Defendants dispute both her infringement conclusions and her assertions of irreparable harm. Under *McDonald's* and *All Care*, where the movant's request for injunctive relief hinges on a single, self-serving declaration and the non-movant disputes the underlying facts and conclusions, the Court must hold an evidentiary hearing to resolve those factual and credibility issues before granting or maintaining preliminary injunctive relief.

**Second, Defendants are in the process of retaining and submitting expert testimony that will directly contest Plaintiffs' allegations regarding both infringement and validity of the Asserted Patents.** Defendants' experts will explain, among other things, that Defendants' products do not embody the claimed designs or methods and that there are substantial questions concerning the validity of the Asserted Patents. That testimony will convincingly demonstrate the existence of genuine, material disputes as to whether Plaintiffs are likely to succeed on the merits of their infringement claims in this case. Once Defendants submit expert declarations and supporting evidence, the record will contain competing affidavits on issues central to Plaintiffs' request for injunctive relief—namely, whether the accused products fall within the scope of the Asserted Patents and whether those patents are even valid. Under *McDonald's*, where "facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue," and where affidavits present "conflicting facts that place in serious dispute issues central" to the movant's claims, an evidentiary hearing is required. 147 F.3d at 1312.

In short, Plaintiffs ask this Court to maintain extraordinary injunctive relief based on a thin, contested record: a single employee declaration, a mislabeled "side-by-side" exhibit that does not actually show the accused designs, and no cross-examination or expert scrutiny. Defendants, by contrast, will present expert testimony squarely disputing Plaintiffs' infringement theories, their claims of irreparable harm, and the validity of the Asserted Patents. In these circumstances, the Court cannot properly evaluate Plaintiffs' request for a preliminary injunction on the papers alone. In these circumstances, the Court cannot properly evaluate Plaintiffs' request for a preliminary injunction on the papers alone. Consistent with Rule 65(a) and the authorities cited above, an evidentiary hearing is required before any preliminary injunctive relief should issue or remain in place.

### B. A Continuance of the Hearing and Briefing Schedule Is Warranted.

The Court "has the inherent authority to manage and control its own docket so as to achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). That authority is particularly important in the preliminary-injunction context, where defendant should be given a fair opportunity to oppose the application and to prepare for such opposition. *ABC Corp. I*, 51 F.4th at 1375–76.

Defendants have not yet had that fair opportunity. Plaintiffs filed their PI Motion on November 28, 2025. Dkt. 37. The undersigned did not appear for Defendants until December 1, 2025. Dkts. 38, 40–42. Under the Court's current Order, Defendants' opposition to the PI Motion is effectively due by December 3, 2025, for a December 5, 2025 hearing. Dkt. 39. In other words, newly-retained counsel is expected to respond to a complex, multi-defendant, two-patent preliminary-injunction motion in roughly two business days, during the holiday season.

That compressed schedule is unworkable and fundamentally unfair. Counsel must still (1) gather information from numerous clients, (2) obtain and analyze samples of the accused products against the Asserted Patents, and (3) retain and consult with appropriate technical experts, who will need time to review the patents, prosecution histories, Plaintiffs' infringement theories, and the accused products before preparing any declarations. Without a reasonable extension, Defendants' counsel cannot adequately investigate the facts, consult with experts, or present the Court with a meaningful, well-supported opposition.

Accordingly, Defendants respectfully request that the Court (1) extend Defendants' deadline to oppose the PI Motion by approximately six weeks and (2) continue the PI hearing to a later date and set it as an evidentiary hearing after full briefing and submission of expert

declarations. In the meantime, because Defendants have already filed an Expedited Motion to Dissolve the TRO, Dkt. 43, Defendants further request that the Court use the existing December 5, 2025 setting to hear and decide that motion, and reserve any decision on Plaintiffs' PI Motion until after the continued evidentiary hearing.

### III.     CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court: (1) grant this Motion and extend Defendants' deadline to respond to Plaintiffs' Motion for Preliminary Injunction by six weeks; (2) continue the hearing on the PI Motion to a later date and conduct that hearing as an evidentiary hearing with live testimony; (3) use the existing December 5, 2025 setting to hear and decide Defendants' Expedited Motion to Dissolve the TRO, Dkt. 43; and (4) grant such other and further relief as the Court deems just and proper.

### Local Rule 7.1(a)(3) Certification

In accordance with Local Rule 7.1(a)(3), Wei Wang conferred with counsel for Plaintiffs by email on December 2, 2025, regarding the relief requested in this Motion. Plaintiffs' counsel indicated that they will oppose this Motion.

Respectfully submitted,

*/s/     Wei Wang*

Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
wei.wang@glacier.law

Respectfully submitted,

*/s/     **Mitchell Abood***
Mitchell Abood, Esq.
PECKAR & ABRAMSON, P.C.
One Southeast Third Avenue
Suite 2000
Miami, Florida 33131
PH: 305-358-2600
Florida Bar No.
mabood@pecklaw.com

*Counsel for Defendants and Third-Party Respondents Identified Above*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 2, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court for entry into the Court's CM/ECF case management system, which will serve a notice of electronic filing to all counsel of record, including the following:

/s/ *Mitchell Abood*
Mitchell Abood, Esq.
Florida Bar No. 636142
*Counsel for Defendants and Third-Party Respondents Identified Above*