UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 25-cv-25323-RAR

SHARKNINJA OPERATING LLC, and
SHARKNINJA SALES COMPANY,

Plaintiffs,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

Defendants.

_____/

**DEFENDANTS VELIETA DIRECT AND LINGMOU'S LIMITED OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF PRELIMINARY INJUNCTION**

Defendants Velieta Direct (Seller ID: A2F6L2SBP8S37C) and Lingmou (Seller ID: A1I3QAV9AFU29B) (collectively, "Defendants"), by and through undersigned counsel, hereby respond in opposition to Plaintiffs' Motion for Entry of Preliminary Injunction ("Motion," Dkt. 37) and state as follows. Defendants reserve all rights to seek dissolution of the Temporary Restraining Order ("TRO," Dkt. [relevant Dkt. No.]) and dismissal of the Complaint upon full briefing and a hearing.

**INTRODUCTION**

Plaintiffs SharkNinja Operating LLC and SharkNinja Sales Company (collectively, "SharkNinja") seek to convert the ex parte TRO into a preliminary injunction based on alleged infringement of U.S. Patent No. 12,285,028 B1 ("the '028 Patent"). However, SharkNinja has

failed to meet its heavy burden under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), as it has not demonstrated a likelihood of success on the merits or irreparable harm. Critically, SharkNinja provides no claim charts, side-by-side comparisons, or competent evidence of infringement by these Defendants' products. Instead, it relies on conclusory allegations and Schedule A's vague listing of ASINs and "brands," which do not tie to these Defendants' specific listings or demonstrate how they meet every element of Claim 1 (the sole asserted claim). *See* Complaint (Dkt. 1) ¶¶ 1–10; Motion at 5–7.

Moreover, the '028 Patent is presumptively invalid and highly vulnerable to invalidity challenges under 35 U.S.C. §§ 102 and 103, as it recites routine features in frozen drink mixing vessels that were well-known and obvious before the January 18, 2024 priority date. SharkNinja's failure to address these deficiencies warrants denial of the Motion. A hearing is required under Fed. R. Civ. P. 65(b)(3) and Local Rule 7.1(b)(2) to allow Defendants to present evidence rebutting SharkNinja's claims.

**LEGAL STANDARD**

To obtain a preliminary injunction in a patent case, the plaintiff must show: (1) likelihood of success on the merits; (2) irreparable harm; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1375–76 (Fed. Cir. 2009). "Because injunctions are extraordinary remedies, [the] standard is very high." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001). Irreparable harm requires showing infringement and validity. *Amazon. com, Inc. v. Barnesandnoble. com, Inc.*, 239 F. 3d 1343, 1350 (Fed. Cir. 2001). "Our case law and logic both require that a movant cannot be granted a preliminary injunction unless it establishes *both*

of the first two factors, *i.e.,* likelihood of success on the merits and irreparable harm." Id., citing *Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc.,* 141 F.3d 1084, 1088, 46 USPQ2d 1257, 1259-60 (Fed.Cir.1998) (citing *Reebok Int'l,* 32 F.3d at 1555, 31 USPQ2d at 1783). If defendant raises a substantial question concerning either infringement or validity, *i.e.,* asserts an infringement or invalidity defense that the patentee cannot prove "lacks substantial merit," the preliminary injunction should not issue. *Id.* Plaintiff bears the burden of proving infringement. "[I]n cases involving multiple patent claims, to demonstrate a likelihood of success on the merits, the patentee must demonstrate that it will likely prove infringement of one or more claims of the patents-in-suit, and that at least one of those same allegedly infringed claims will also likely withstand the validity challenges presented by the accused infringer." Id.

## ARGUMENT

**I. SHARKNINJA HAS NOT DEMONSTRATED A LIKELIHOOD OF SUCCESS ON THE MERITS**

**A. SharkNinja Fails to Show Infringement of `028 Patent by These Defendants**

"It is well settled that an infringement analysis involves two steps: the claim scope is first determined, and then the properly construed claim is compared with the accused device to determine whether all of the claim limitations are present either literally or by a substantial equivalent." Id, citing *Young Dental Mfg. Co. v. Q3 Special Prods., Inc.,* 112 F.3d 1137, 1141, 42 USPQ2d 1589, 1592 (Fed.Cir.1997). Here, SharkNinja's Motion rests on boilerplate assertions of infringement without any evidence specific to Defendants Velieta Direct or Lingmou. The Complaint and Motion allege generally that "Defendants" sell "Infringing Products" via Amazon ASINs listed on Schedule A (filed under seal), but provide no claim charts mapping these ASINs

to Claim 1's elements. See Motion at 6 ("Defendants' products infringe Claim 1 of the '028 Patent by incorporating the patented asymmetric baffles..."); Complaint ¶ 15. This is fatal, as a movant must "demonstrate that it can prove infringement" with evidence, not speculation. See Oakley, Inc. v. SportRx, LLC, No. 15-cv-1322, 2015 WL 4505419, at 3 (S.D. Cal. July 24, 2015) (denying injunction for lack of claim construction and infringement evidence).

Schedule A identifies only ASINs and "brands," not seller IDs, and SharkNinja admits it has not verified ownership or control by these Defendants. Motion at 4 n.2. Defendants' products —standard frozen drink makers sold under the Velieta and Lingmou brands—do not feature the claimed "asymmetric wall portion proximate to... the front or the top" or baffles "configured to direct flow... toward a center" in the manner recited. Without product images, specifications, or expert analysis, SharkNinja's claims are conjectural.

**B. Non-Infringement of `028 Patent.**

Defendants did not use a side baffle. Instead, they used a spiral cutting blades in the middle of the cylinder, similar to that in the patent registered in China with patent No. CN109497252 ( "CN252 Patent"). *See* below Figure 1 for Defendants' product images and Figure 2 for CN252 Patent image. A copy of CN252 Patent is attached as Exhibit A.

 

**Figure 1: Defendants' Products**



**Figure 2: CN252 Patent**

图5

As compared to Plaintiff's product and Claim 1 of `028 Patent, no side baffle has been used by Defendants. *See* Figure 3 below, screenshot from Plaintiff's Complaint [DE 1], p. 21.



Figure 3: Plaintiff's Product

Accordingly, the asymmetric cylinder as claimed in Claim 1 of `028 Patent does not exist in Defendants' products. To literally infringe the claim, an accused device must embody each limitation of the claim; the absence of any limitation defeats literal infringement. *Research Plastics, Inc. v. Fed. Packaging Corp.*, 421 F.3d 1290, 1297 (Fed. Cir. 2005). Here, the limitation is absent. Thus, no literal infringement occurred.

"Under this doctrine (DOE), a patent claim is infringed if an equivalent element of each element of a patented claim is present in the allegedly infringing device or method. *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 833 F.2d 931, 935 (Fed. Cir. 1987) (en banc)." In other word,

"[i]f a claim element or its equivalent is missing, there is no infringement under the Doctrine of Equivalents." *CF Inflight, LTD v. Cablecam Systems, LTD*, CIVIL ACTION No. 03-CV-5374, at *12 (E.D. Pa. Jan. 30, 2004), citing *Hilton Davis Chem. Co.*, 62 F.3d at 1518. Here, as the baffle and the asymmetric cylinder are both missing in Defendants' products, no infringement under DOE occurred.

**C. The '028 Patent Is Invalid as Obvious Over Prior Art**

Even assuming *arguendo* infringement, SharkNinja cannot show validity. The '028 Patent enjoys only a rebuttable presumption of validity, overcome by clear and convincing evidence of invalidity. 35 U.S.C. § 282; *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 100–02 (2011). Here, Claim 1 recites a mixing vessel with a partly cylindrical chamber, internal baffles directing flow from sides/top to center, and an asymmetric wall near the front/top—features obvious to a mechanical engineer with food processing experience over combinations of pre-2024 art in slush/ice cream machines.

Strong Obviousness Combination: Claim 1 is obvious over CN252 Patent (Mar. 22, 2019; rabbling mechanism for slush with baffles pushing flow from sides/top to center in cylindrical chamber, see below Figure 4 with two image screenshot from the patent document) in view of US9302233B1 (Apr. 5, 2016; removable asymmetric baffles in cylindrical mixing vessel for central flow, with portions near front/top, see Figure 5 below). A copy of US9302233B1 patent is attached herein as Exhibit B.





图5

**Figure 4: CN109497252A**



**Figure 5: US9302233B1**

  Claim 1 of `028 Patent states:

 A mixing vessel for a frozen drink maker, the mixing vessel comprising:

at least one curved sidewall defining a vessel chamber that is at least partly cylindrical configured to receive a drink product to be processed, the vessel chamber including a front, a rear, a right side, a left side, a top, and a bottom; and
at least one internal baffle positioned within the vessel chamber, the at least one internal baffle configured to direct flow of the drink product away from the top, the right side, and the left side of the vessel chamber and toward a center of the vessel chamber, wherein the at least one curved sidewall includes at least one asymmetric wall portion proximate to at least one of the front or the top of the vessel chamber.

*See* Plaintiff' `028 Patent, Col. 15, Claim 1.

  A person having ordinary skill in the art ("PHOSITA") would combine the baffle and cylinder in CN252 Patent for improved mixing in frozen drinks, motivated by reducing buildup in compact units—a known problem. The only difference added by `028 Patent is an asymmetric wall portion proximate to the vessel chamber, which is obvious to a PHOSITA, likely to accommodate the baffle, or to serve any function of flow directing. *See* Figure 6 below, screenshot from Plaintiff's Complaint [DE 1], p. 21.



Figure 6: Plaintiff's Product (left)

**D. Non-Infringement of `D236 Patent.**

SharkNinja's Motion contains one exemplary image comparing the patented designs of US D1,091,236 S ("D236 Patent") to general accused products with no specific images of Defendants' accused ones. No explanation of how an ordinary observer would find the overall visual impression substantially the same was provided. *See Egyptian Goddess, Inc. v. Swisa, In*c., 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc) (side-by-side comparison required).

Defendants did not have such products and thus no infringement occurred.

**II. SHARKNINJA CANNOT SHOW IRREPARABLE HARM**

Irreparable harm requires showing infringement and validity. *Amazon. com, Inc. v. Barnesandnoble. com, Inc.*, 239 F. 3d 1343, 1350 (Fed. Cir. 2001). SharkNinja not only failed to carry the burden to prove infringement, but also is faced with validity challenge with the prior

arts mentioned above. In addition, SharkNinja's harm claims are speculative: lost sales from "ubiquitous" counterfeits (Motion at 12) ignore that Defendants' legitimate products compete openly on Amazon, with no evidence of consumer confusion or market dilution. Delay in seeking relief (months after alleged discovery) undermines urgency. *See Amazon.com*, 239 F.3d at 1350 (no irreparable harm where "purely conjectural" damages).

### III. PUBLIC INTEREST

Defendants' operations—small e-commerce sellers—face devastation from injunction, tipping equities against SharkNinja. The public interest favors competition in affordable kitchen appliances. *See Titan Tire*, 566 F.3d at 1381.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the Motion.

Dated: December 3, 2025

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
FBN: 1007675
jamesliulaw@gmail.com
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209-6188
Fax: (305) 402-5959

Counsel for Defendants Velieta Direct and Lingmou

### CERTIFICATE OF SERVICE

      I hereby certify that on December 3, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      /s/ Jianyin Liu