**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

SHARKNINJA OPERATING LLC, and          Case No. 1:25-cv-25323
SHARKNINJA SALES COMPANY

       Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

       Defendants.

_____/

## DEFENDANTS' MOTION FOR SEVERANCE

Defendants Ningbo Shangyou E-Commerce Co., Ltd., d/b/a Wizaura, Hubei Zhihuigu Technology Co., Ltd., d/b/a Wizaura, Ningbo Linglingqi Cross-Border E-Commerce Co., Ltd., d/b/a Wizaura, Dongdong Century (Hangzhou) Technology Co., Ltd.,d/b/a Syintao, Ningbo Qichui Machinery Co., Ltd., d/b/a Roaaee, Changsha Shuohang E-Commerce Co., Ltd., d/b/a Chivalz, Anqing Xi'a Trading Co., Ltd., d/b/a Chivalz, Zhongshan Jiameng Office Supplies Co., Ltd., d/b/a Chivalz, Yantai Renqian E-Commerce Co., Ltd., d/b/a Roromall, Yantai Haiga Trading Co., Ltd., d/b/a Towallmark, Yantai Kongqueju E-Commerce Co., Ltd., d/b/a ExploreHorizon,  Ningbo Mengshu Furniture Co., Ltd., d/b/a Oylus, Ningbo Petbobi Pet Products Co., Ltd. d/b/a Rellytech, Ningbo Gaotong Business Service Co., Ltd., d/b/a FlameMore, and Dongguan Shenzhaodao Trading Co., Ltd., d/b/a Ezbasics (collectively, the "Glacier Defendants"), respectfully submit this Motion for severance for misjoinder. In support of this motion, Defendants state as follows:

1

## I.    INTRODUCTION

On November 14, 2025, Plaintiffs, Sharkninja Operating LLC, and Sharkninja Sales Company (collectively "Plaintiffs") initiated this litigation against multiple defendants, including the Glacier Defendants for patent infringement of  U.S. Patent No. 12,285,028 (the "'028 Patent") and U.S. Patent No. D1,091,236 (the "'236 Design Patent" and, when referred to collectively with the '028 Patent, the "Asserted Patents"). Dkt. 1. On November 21, 2025, the Court granted Plaintiffs' Expedited Motion and Ex Parte Application for Entry of Temporary Restraining Order ("TRO"). Dkt. 26.

However, Plaintiffs' Complaint improperly joins in a single lawsuit disparate accused products that are alleged to have been sold in separate transactions by unrelated entities. Plaintiffs have not alleged any concerted action or any facts demonstrating the existence of a logical relationship between the defendants. Other than bald conclusions that joinder is proper, the Complaint contains no factual allegations—only generic labels—addressing joinder, much less any facts that would establish that Plaintiffs properly joined these Defendants in one action.

The America Invents Act, 35 U.S.C. § 299 ("AIA"), created a heightened standard for joinder of independent defendants in patent infringement lawsuits. Specifically, the AIA's default position is that joinder is prohibited unless the claims arise out of the same transaction or occurrence relating to infringement of the patent in suit by the same accused product or process. As is apparent from the face of Plaintiff's pleadings and motion, the accused products sold by the Glacier Defendants are different from those sold by the other defendants, and the Glacier Defendants have no relationship with any of the other defendants. Therefore, the Glacier Defendants should be severed from this action.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "The district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices." *Omega, SA v. Individuals, Bus. Entities, & Unincorporated Associations Identified on Schedule "A"*, 650 F. Supp. 3d 1349, 1351 (S.D. Fla. 2023).

In patent infringement cases, joinder of defendants is governed by the AIA, Section 299, which set a higher standard for joinder than is required under Fed. R. Civ. P. 20. *In re Nintendo Co., Ltd*., 544 F. App'x 934, 939 (Fed. Cir. 2013). 35 U.S.C. § 299 provides that "parties that are accused infringers may be joined in one action as defendants" only where:

(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

(2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

Section 299 is a "more stringent" standard than traditional joinder under Rule 20 and makes joinder in patent cases "more difficult." See, e.g. *Dongguan Saienchuangke Tech. Co. v. Individuals*, No. 24-60865-CIV, 2024 WL 5508127, at *4 (S.D. Fla. Dec. 17, 2024) ("Notably, § 299(a)'s joinder provision, which requires that the transaction or occurrence relate to making, using, or selling the same accused product or process, is more stringent than Rule 20."); *Atlas IP, LLC v. Medtronic, Inc*., No. 13-23309-CIV, 2014 WL 11906632, at *1 (S.D. Fla. Mar. 17, 2014)

("Section 299's language makes joinder in patent cases more difficult than traditional joinder under Rule 20.").

In comparison to Rule 20,  the AIA "adds a requirement that the transaction or occurrence must relate to making, using, or selling of the same accused product or process." *Nintendo*, 544 F. App'x at 939. The AIA's joinder requirements are necessary conditions for joinder, but they are not always sufficient. *Id*. Even when the technical requirements of § 299(a) are met, "joinder may still be refused 'in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness.'" *Id*.

### III.    LEGAL ARGUMENT

**A.  Plaintiffs Failed to Establish the "Same Accused Product" Requirement.**

The requirement that "any right to relief" relate "to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process" is not met here. 35 U.S.C. § 299(a). In the Complaint, Plaintiffs allege that "each Infringing Product infringes the '236 Design Patent, and 81 of the 110 Infringing Products also infringe the '028 Patent." *See* Dkt. 1 ¶ 3. Thus, Plaintiffs are challenging a wide array of different machines sold by different sellers, not a single common product. The accused products are also not the same, as 29 of the 110 accused products are not even alleged to infringe the '028 Patent.

Plaintiffs further attempt to salvage joinder by pointing to alleged product "similarities," but that effort only underscores the misjoinder. The Complaint alleges that the Internet Stores "share unique identifiers, such as design elements and similarities among their Infringing Products offered for sale, establishing a logical relationship between them," and includes a table grouping the accused products into three different "Categories" with different images. *Id*. ¶¶ 5, 54. By dividing the accused products into three distinct categories with different designs and features,

Plaintiffs effectively concede that there are at least three different product families—not one "same accused product or process." Those internal distinctions cut against, rather than support, joinder under § 299. Even a cursory comparison of the Glacier Defendants' accused products with the products sold by other defendants shows multiple differences; they cannot reasonably be treated as the "same accused product."

| Glacier Defendants' Accused Products | Other defendants' products |
|---|---|
|  | |

In fact, the Glacier Defendants' products and those of the other Schedule A defendants are not sourced from the same factory. As explained in the Declaration of the manager of Cixi City Spring Electric Appliance Co., Ltd. ("Spring"), filed contemporaneously herewith, Spring manufactures the slushie machines sold by the Glacier Defendants, and by a limited set of additional storefronts (Bizaura, UJR, Miraston, Auriswell, Kelteroom, Danrelax, Haysky and Domem), but it does not manufacture the accused slushie machines sold by the remaining Schedule A defendants. *See* Declaration of Yang, ¶¶2-5. Thus, even at the level of supply chain and product origin, Plaintiffs cannot plausibly contend that all Schedule A defendants are selling the "same

accused product" within the meaning of § 299. At a minimum, there are distinct groups of unrelated products from different manufacturers. Section 299 does not permit Plaintiffs to bundle all of these different products and sellers into a single case simply because they are all broadly described as "slushie machines."

Even if certain accused products share some superficial design similarities, § 299(a) still is not satisfied. Plaintiffs did not—and cannot—allege that all defendants are selling the same accused product. Accordingly, Plaintiffs have failed to meet the "same accused product" requirement under § 299(a).

**B. Plaintiffs Failed to Establish the "Same Transaction" Requirement.**

"That standard looks for a 'logical relationship' between the claims linking the underlying facts." *In re Apple Inc*., 650 F. App'x 771, 775 (Fed. Cir. 2015). "The 'logical relationship' standard contemplates a 'liberal approach to the concept of same transaction or occurrence.'" *Anza Tech., Inc. v. Mushkin, Inc*., 934 F.3d 1359, 1369 (Fed. Cir. 2019). "It asks whether the facts underlying the alleged claims 'share an aggregate of operative facts.'" *Id*. "For purposes of the logical relationship test, 'all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence.'" *Id*. "Courts have applied this transaction or occurrence requirement using a case-by-case approach based on a flexible standard that enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *In re EMC Corp*., 677 F.3d 1351, 1358 (Fed. Cir. 2012).

In their Complaint, Plaintiffs attempt to manufacture such a "logical relationship" by pointing to similarities among the Accused Products. *See* Dkt. 1 ¶¶ 5, 55. As discussed above, however, the Glacier Defendants' accused products are materially dissimilar to the products sold

6

by other defendants. Moreover, Plaintiffs' "speculation that the [accused] products come from a common source is insufficient to support joinder." *Peleg Design Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule "A" To the Complaint*, No. 1:23-CV-24672, 2024 WL 1759139, at *2 (S.D. Fla. Apr. 24, 2024).

Plaintiffs also invoke supposed "notable common features, including product descriptions, lack of contact information, identically or similarly priced items and volume sales discounts, and the use of the same text and images." *See* Dkt. 1, ¶56. Yet Plaintiffs offer no concrete facts—let alone specific examples—showing that the Glacier Defendants share any such features with other defendants. As this Court has recognized, "Plaintiffs' broad, conclusory allegations of connectivity do not establish a sufficient connection between Defendants to permit joinder." *Omega, SA*, 650 F. Supp. 3d at 1353 (citing *Ilustrata Servicos Design, Ltda. v. P'Ships & Unincorporated Ass'ns*, No. 21-CV-05993, 2021 WL 5396690, at *2 (N.D. Ill. Nov. 18, 2021) (finding allegations insufficient to permit joinder in trademark infringement action despite allegations of common features among seller defendants including "user name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images").)

Moreover, Plaintiffs have not "explained how having similar storefronts or using the same approach to infringe upon the same copyright or patent, without more, establishes that Defendants' infringements are logically related." *Peleg Design,* 2024 WL 1759139, at *2.

Accordingly, as in *Carlson Pet Prods., Inc. v. Individuals*, where the court held that plaintiffs failed "to set forth factual allegations sufficient to justify the joinder of the claims against

each Defendant pursuant to the stringent joinder standard of § 299," No. 1:25-CV-21998-WPD, 2025 WL 2830900, at *2 (S.D. Fla. Aug. 19, 2025), Plaintiffs here likewise have not pled facts establishing that the claims against the Glacier Defendants arise from the same transaction or occurrence as the claims against the other Schedule A defendants. Joinder under § 299(a) is therefore improper.

### C.  Other Considerations Weigh in Favor of Severance.

When evaluating whether to grant a motion to sever under Rule 21, courts also consider whether severance would facilitate settlement or judicial economy, and the relative prejudice to each side if the motion is granted or denied.'" *Gonzalez v. Batmasian*, 320 F.R.D. 580, 581 (S.D. Fla. 2017). In this District, the Honorable K. Michael Moore has wisely explained that in cases such as these, "joinder of numerous defendants in one action undermines judicial economy where the court must still evaluate the evidence submitted against *each* Defendant in support of liability and damages." *Omega, SA,* 650 F. Supp. 3d at 1353 (citing *Estee Lauder Cosms. Ltd.*, 334 F.R.D. at 189 and observing that  this "is especially true in the *ex parte* setting of a temporary restraining order, as well as for default-judgment motions"). In certain respects, joinder of these types of defendants "unduly complicates the action against them." *Id.* at 1353. The same is true here: joining multiple defendants who sell different products and operate independently serves only to confuse the factual record, complicate case management, and prejudice individual defendants— particularly where, as here, Plaintiffs have not alleged any operative facts tying them together.

Moreover, Plaintiffs do not allege that the Glacier Defendants are affiliated with any other defendants listed on Schedule A. "When the defendants are not affiliated with one another, there is no evidentiary overlap in proving liability for the alleged infringement. And one defendant's defenses do not depend on that of an unrelated codefendant." *XYZ Corp. v. Individuals,*

*Partnerships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 1:24-CV-23549, 2025 WL 1133725, at \*2 (S.D. Fla. Apr. 17, 2025) (citing *Omega, SA v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Schedule "A"*, 650 F. Supp. 3d 1349, 1353 (S.D. Fla. 2023) (declining to join 108 defendants under Rule 20 and finding judicial economy undermined where the court must evaluate evidence against each defendant)). "Each Defendant may have to 'monitor filings and wade through evidence pertaining to dozens of potentially unrelated codefendants' so that Plaintiff avoids filing multiple actions and paying filing fees." *XYZ Corp.*, 2025 WL 1133725, at \*2.

Accordingly, the Court should sever the claims against the Glacier Defendants for improper joinder.

## IV.    CONCLUSION

For the reasons set forth above, the Glacier Defendants respectfully request that the Court sever Plaintiffs' claims against the Glacier Defendants from this action and grant such other and further relief as the Court deems just and proper.

## Local Rule 7.1(a)(3) Certification

In accordance with Local Rule 7.1(a)(3), Wei Wang certifies that he attempted to confer with counsel for Plaintiffs by email on December 1 and 2, 2025, and December 4, 2025 via conference regarding the relief requested in this Motion. Counsel for Plaintiffs indicated that Plaintiffs will oppose this Motion.

Respectfully submitted,

*/s/      Wei Wang*

Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529

9

New York, NY 10010
wei.wang@glacier.law

*Counsel for Defendants and Third-Party Respondents Identified Above (Pro Hac Vice application forthcoming)*

Respectfully submitted,

*/s/      Mitchell Abood*
Mitchell Abood, Esq.
PECKAR & ABRAMSON, P.C.
One Southeast Third Avenue
Suite 2000
Miami, Florida 33131
PH: 305-358-2600
Florida Bar No.
mabood@pecklaw.com

10

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on December 4, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court for entry into the Court's CM/ECF case management system, which will serve a notice of electronic filing to all counsel of record, including the following:

*/s/ **Mitchell Abood***
Mitchell Abood, Esq.
Florida Bar No. 636142
*Counsel for Defendants and Third-Party Respondents Identified Above*