UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 25-cv-25323-RAR

SHARKNINJA OPERATING LLC, and
SHARKNINJA SALES COMPANY,

       Plaintiffs,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

       Defendants.
_____/

**PLAINTIFFS' MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

Plaintiffs SharkNinja Operating LLC and SharkNinja Sales Company (collectively, "SharkNinja" or "Plaintiffs") respectfully move the Court for an Order extending the Temporary Restraining Order entered on November 21, 2025, [ECF No. 26]. In support of its instant Motion, SharkNinja states as follows:

1. On November 21, 2025, the Court issued an Order Granting SharkNinja's *Ex Parte* Application for Entry of Temporary Restraining Order (the "TRO"), [ECF No. 26].

2. The TRO remains in effect for "**fourteen (14) days** from the date of its entry unless extended for good cause." *See* ECF No. 26 ¶ 12. As such, the TRO is set to expire on Friday, December 5, 2025.

3. On November 28, 2025, SharkNinja filed its Motion for Entry of Preliminary Injunction (the "Motion for Preliminary Injunction"), [ECF No. 37], requesting the Court convert

the TRO into a Preliminary Injunction. In connection therewith, the Motion for Preliminary Injunction included a request for a hearing in accordance with Local Rule 7.1(b)(2) and Federal Rule of Civil Procedure 65(b)(3). [ECF No. 37].

4. On December 1, 2025, the Court entered an Order Setting Hearing on Motion for Entry of Preliminary Injunction for December 5, 2025, [ECF No. 39], the same day that the TRO is set to expire. Subsequently, various Defendants—as well as certain third-party respondents—have appeared and filed Motions to Dissolve TRO (*see, e.g.*, ECF Nos. 43 and 60), Expedited Motion for Evidentiary Hearing and To Continue the Briefing Schedule (*see, e.g.*, ECF No. 58), and Responses in Opposition re Plaintiff's Motion for Preliminary Injunction (*see, e.g.*, ECF Nos. 63, 70, and 73). On December 3, 2025, the Court entered a new order, [ECF No. 62], converting the Hearing on Motion for Entry of Preliminary Injunction to a Case Management Conference, where the parties will discuss, *inter alia*, the briefing schedule for Motions to Dissolve the TRO. Consequently, any court hearing on SharkNinja's Motion for Preliminary Injunction will now occur after the December 5 expiration of the TRO.

5. Pursuant to Federal Rule of Civil Procedure 65(b)(2), a Court may, for good cause shown, extend a temporary restraining order for a "like period" of time. *See also Jetchill Ltd. v. Shenzhen Jiarui Minghui Trading Co. Ltd.*, No. 1:25-CV-23377-DSL, 2025 WL 2962075, at *3 (S.D. Fla. Oct. 13, 2025), *report and recommendation adopted sub nom. Jetchill Ltd. v. Shenzhen Jiarui Minghui Trading Co., Ltd.*, No. 1:25-CV-23377, 2025 WL 2966039 (S.D. Fla. Oct. 21, 2025) (citing *United States v. Aid Med. Equip.*, No. 05-21461, 2005 WL 8155878, at *1 (S.D. Fla. Oct. 21, 2005)).

6. Good cause exists to extend the TRO and prevent a protection gap before the Court can adjudicate SharkNinja's Motion for Preliminary Injunction. Because the Court has set a case

management conference in lieu of a Preliminary Injunction hearing and will establish a briefing schedule for motions related to Defendants' three Expedited Motions, [ECF Nos. 43, 58, 60], and Plaintiffs' Motion for Preliminary Injunction, [ECF No. 37], briefing and adjudication will necessarily extend beyond the TRO's current expiration date.

7. The same factors that supported the Court's entry of the TRO remain unchanged and, if anything, have intensified. SharkNinja continues to demonstrate "a strong probability of proving at trial that the products Defendants are selling and promoting . . . each infringe one or more of the SharkNinja Patents." ECF No. 26 at 3. SharkNinja is "likely to suffer immediate and irreparable injury," if the TRO lapses before the Court can rule on the preliminary injunction. *See id.* at 3–4. There is "good cause to believe" that the Defendants can easily and quickly change or disguise their identities and sell and promote "more products that infringe one or more of the SharkNinja Patents . . . further diluting the market share created by SharkNinja's innovative products." *See id*. at 4. The balance of equities strongly favors preserving the status quo, as any temporary restraint on Defendants' trade in infringing goods is far outweighed by the harms to SharkNinja and its reputation absent continued relief. *See id.* The public interest likewise supports the enforcement of valid patent rights. *See id*. Moreover, the extension should continue the existing prohibitions and the asset-preservation relief to ensure effective equitable remedies remain available when the Court reaches the merits. *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) (recognizing a court's inherent authority "to order preliminary relief, including an asset freeze," to "assure the availability of permanent relief"). The requested extension is consistent with the Court's inherent power to preserve assets and maintain the status quo so that permanent relief, if warranted, remains meaningful. ECF No. 26 at 4.

8. This is the first request for an extension of the TRO. The TRO is currently in effect, and an extension is consistent with the Court's decision to allow the parties more time for briefing.

WHEREFORE, SharkNinja respectfully requests the TRO, [ECF No. 26], be extended to maintain the status quo until the earlier of (i) fourteen (14) days after the expiration of the current TRO and (ii) when the Court rules on SharkNinja's Motion for Preliminary Injunction, [ECF No. 37].

Respectfully submitted,

**Kevin C. Kaplan, Esq.**
Florida Bar No. 933848
kkaplan@coffeyburlington.com
lperez@coffeyburlington.com
**Christopher E. Cheek, Esq.**
Florida Bar No. 91363
ccheek@coffeyburlington.com
lmaltz@coffeyburlington.com
service@coffeyburlington.com
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, PH-1
Miami, Florida 33133
Tel: (305) 858-2900

OF COUNSEL:

**Brian Rosenthal** *(admitted pro hac vice)*
brosenthal@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York NY 10166-0193
Tel: (212) 351-4000

**Brian Buroker** *(admitted pro hac vice)*
bburoker@gibsondunn.com
**Shuo Josh Zhang** *(admitted pro hac vice)*
szhang@gibsondunn.com
**David Brzozowski** *(pro hac vice refiled)*
dbrzozowski@gibsondunn.com
**Yun Lin** *(admitted pro hac vice)*
rlin@gibsondunn.com

              **GIBSON, DUNN & CRUTCHER LLP**
              1700 M Street, N.W.
              Washington, D.C. 20036-4504
              Tel:  (202) 955-8500

              **David Glandorf** *(admitted pro hac vice)*
              dglandorf@gibsondunn.com
              **GIBSON, DUNN & CRUTCHER LLP**
              1900 Lawrence Street
              Suite 3000
              Denver, CO 80202-2211
              Tel:  (303) 298-5700

              *Counsel for Plaintiffs SharkNinja Operating LLC and SharkNinja Sales Company*

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on December 4, 2025, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system, which will provide notice by email to all counsel of record on the Service List below. I further certify that a true and correct copy of the foregoing will be posted to a designated website (https://s20251114sdfla.info/) where copies of the relevant available documents filed in this action may be found.

              */s/ Kevin C. Kaplan*
              Kevin C. Kaplan

| **SERVICE LIST**<br>*SharkNinja Operating LLC, et al. v. The Individuals, Corporations, etc.*<br>**Case No. 25-CV-25323-RAR** ||
|---|---|
| **Ziqi Yu, Esq.**<br>procollider@pm.me<br>chiyu@114514.esq<br>5794 Bird Road, Unit 554<br>Miami, Florida 33155<br>Telephone: (415) 519-5274 | **Jianyin Liu, Esq.**<br>jamesliulaw@gmail.com<br>jianyin.cdc.@gmail.com<br>THE LAW OFFICES OF JAMES LIU PLLC<br>15750 SW 92nd Avenue, Unit 20C<br>Palmetto Bay, Florida 33157<br>Telephone: (305) 209-6188 |

| | |
|---|---|
| *OF COUNSEL*:<br><br>**Weilian Song, Esq.** (admitted *pro hac vice*)<br>will@xyziplaw.com<br>XYZ LAW FIRM, LLP<br>2131 9th Street NW, Unit 1-565<br>Washington, D.C. 20001<br>Telephone:  (857) 869-1626<br><br>*Counsel for Defendants,*<br>*IceSwirls, Tefoqu, Wongic, Dutepa, Auriswell (on Amazon), Auriswell (on Walmart), Kelteroom*<br>*-and-*<br>*Third Party Respondents,*<br>*Grano Chef, oplace, POFABIK, BLIZZEE, NLNYA, Nyzgax* | *Counsel for Defendants,*<br>*Velieta Direct (Seller ID:A2F6L2SBP8S37C),*<br>*Lingmou (Seller ID:A1I3QAV9AFU29B),*<br>*DIGINAVI E-LINK (HONG KONG) LIMITED,*<br>*DEAPRULL, and SOZT-US*<br>*Bluebow*<br><br>*OF COUNSEL*:<br><br>**Richard Liu, Esq.** (admitted *pro hac vice*)<br>richard.liu@consultils.com<br>**Jared Xu, Esq.** (admitted *pro hac vice*)<br>jared.xu@consultils.com<br>355 S. Grand Avenue, Suite 2450<br>Los Angeles, California 90071<br>Telephone:  (626) 628-8894<br><br>*Counsel for Defendant,*<br>*DIGINAVI E-LINK (HONG KONG) LIMITED* |
| **Adrienne C. Love, Esq.**<br>alove@stearnsweaver.com<br>aruddock@stearnsweaver.com<br>vliethen@stearnsweaver.com<br>STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.<br>106 East College Avenue, Suite 700<br>Tallahassee, Florida 32301<br>Telephone:   (850) 580-7200<br><br>*OF COUNSEL*:<br><br>**Benjamin Bai, Esq.** (admitted *pro hac vice*)<br>benjamin.bai@cn.kwm.com<br>KING & WOOD MALLESONS, LLP<br>50th Floor, 500 Fifth Avenue<br>New York, New York 10110<br>Telephone(s): (212) 319-4755<br>                   (+86) 21-2412-6097 | **Mitchell Abood, Esq.**<br>mabood@pecklaw.com<br>CSemper@pecklaw.com<br>sbateman@pecklaw.com<br>KOConnor@pecklaw.com<br>Tao.Liu@glacier.law<br>wei.wang@glacierlaw.com<br>PECKAR & ABRAMSON, P.C.<br>One Southeast Third Avenue, Suite 2000<br>Miami, Florida 33131<br>Telephone: (305) 358-2600<br>Facsimile:  (305) 375-0328<br><br>*OF COUNSEL*:<br><br>**Kevin J. O'Connor, Esq.** (*pro hac vice* pending)<br>koconnor@pecklaw.com<br>PECKAR & ABRAMSON, P.C.<br>70 Grand Avenue<br>River Edge, New Jersey 07661<br>Telephone:  (201) 343-3434 |

| | |
|---|---|
| **Haolu Feng, Esq.** (admitted *pro hac vice*)<br>harry.feng@cn.kwm.com<br>**Yang Guo, Esq.** (admitted *pro hac vice*)<br>guoyang5@cn.kwm.com<br>KING & WOOD MALLESONS, LLP<br>17F, One ICC, 999 Middle Huai Hai Road<br>Shanghai 200031 China<br>Telephone(s): (206) 499-2956<br>            (+86) 21-2412-6097<br><br>*Counsel for Defendants,*<br>*Gasbye, Fohere, VNN, PAMBEE and WIE* | **Wei Wang, Esq.** (*pro hac vice* pending)<br>wei.wang@glacier.law<br>**Tao Liu, Esq.** (*pro hac vice* pending)<br>tao.liu@glacier.law<br>GLACIER LAW LLP<br>41 Madison Avenue, Suite 2529<br>New York, New York 10010<br>Telephone:  (212) 729-5073<br><br>*Counsel for Defendants,*<br>*Ningbo Shangyou E-Commerce Co., Ltd., d/b/a Wizaura, Hubei Zhihuigu Technology Co., Ltd., d/b/a Wizaura, Ningbo Linglingqi Cross-Border E-Commerce Co., Ltd., d/b/a Wizaura, Dongdong Century (Hangzhou) Technology Co., Ltd.,d/b/a Syintao, Ningbo Qichui Machinery Co., Ltd., d/b/a Roaaee, Changsha Shuohang E-Commerce Co., Ltd., d/b/a Chivalz, Anqing Xi'a Trading Co., Ltd., d/b/a Chivalz, Zhongshan Jiameng Office Supplies Co., Ltd., ., d/b/a Chivalz, Yantai Renqian E-Commerce Co., Ltd., d/b/a Roromall, Yantai Haiga Trading Co., Ltd., d/b/a Towallmark*<br>*and Yantai Kongqueju E-Commerce Co., Ltd., d/b/a ExploreHorizon*<br>*Ningbo Mengshu Furniture Co., Ltd., d/b/a Oylus, Ningbo Petbobi Pet Products Co., Ltd. d/b/a Rellytech, and Ningbo Gaotong Business Service Co., Ltd., d/b/a FlameMore*<br>*-and -*<br>*Third-Party Respondents,*<br>*Hangzhou Shuzhi Interactive Technology Co., Ltd., d/b/a WALKLINK, Yantai Zhirun E-Commerce Co., Ltd., d/b/a, Garvee and Fuzhou Mijia Electric Appliance Co., Ltd., d/b/a REVOTIO* |
| **Shanshan Liang, Esq.**<br>sliang@customscourt.com<br>lcosta@customscourt.com<br>LIANG + MOONEY, PLLC<br>2104 Delta Way, Suite 1<br>Tallahassee, FL 32303<br>Telephone:  (850) 893-0670 | **Emily M. Heim, Esq.**<br>emilymarieheim540@gmail.com<br>emily@bayramoglu-legal.com<br>733 5th Ave. N., #3<br>St. Petersburg, Florida 33701<br>Telephone: (771) 777-8280 |

| | |
|---|---|
| *OF COUNSEL*:<br><br>**Lance Y. Liu, Esq.** (admitted *pro hac vice*)<br>lanceliu2000@gmail.com<br>15 Minuteman Circle<br>Southbury, Connecticut 06488<br>Telephone:  (203) 706-9536<br><br>*Counsel for Defendants,*<br>*(1) Hewcham,*<br>*(2) Eastplus,*<br>*(3) Teendow*<br>*(4) VEVOR (Bestbuy),*<br>*(5) VEVOR (Walmart),*<br>*(6) VEVOR (Amazon)*<br>*(7) HCY Wholesale (Walmart),*<br>*(8) Amaxxo,*<br><br>*Third-Party Respondents,*<br>*(9) VEVOR Store Simplego,*<br>*(10) Eastplus-US*<br>*(11) Kitchen-Store USA,*<br>*(12) BloomMap,*<br>*(13) Vischic Direct,*<br>*(14) LINZHIKEJI,*<br>*(15) ZABINS,*<br>*(16) TATAANTY,*<br>*(17) TOKXTIK,*<br>*(18) LIAPOTT,*<br>*(19) CULVANI,*<br>*(20) Acaspresso,*<br><br>*Third-Party Respondent,*<br>*a TX entity and not on Schedule A.*<br>*(21) ZDINGQIN LLC* | *Counsel for Defendants,*<br>*Shenzhen Fengkai Ecommerce Co., Ltd. and*<br>*Hong Kong Huayun Economic & Trade Co., Ltd.* |