**ORDERED AND ADJUDGED** that pursuant to 35 U.S.C. § 283; Fed. R. Civ. P. 65; the All Writs Act, 28 U.S.C. § 1651(a); and the Court's inherent authority, SharkNinja's Motion, [ECF No. 22], is **GRANTED**. A temporary restraining order is entered as follows:

(1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of Defendants having notice of this Order are temporarily restrained as follows:

a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products infringing the SharkNinja Patents, including the products identified in Schedule "A" ("Accused Products"); and

b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by SharkNinja, that infringe the SharkNinja Patents; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products that infringe the SharkNinja Patents; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants. This restraint on assets or other financial accounts is limited only to assets directly tied to the sale of Accused Products.

(2) Each Defendant shall preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller IDs that may have been deleted before the entry of this Order.

(3) Upon SharkNinja's request, the privacy protection service for any of the Seller IDs for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered to disclose to SharkNinja the true identities and contact information of those registrants.

*Formatted: Underline*

(4) Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action or until further Order of the Court.

(5) Defendants and any third-party financial institutions, payment processors, banks, escrow services, money transmitters, or Marketplace Platforms who are providing services for any of the Defendants shall within two (2) business days after receipt of notice of this Order:

a. Restrain the transfer of all funds derived from sales of the Accused Products, including funds relating to ongoing account activity, held or received for Defendants' benefit or to be transferred into Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of the funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Marketplace Platforms for any purpose (other than pursuant to a chargeback made under their security interest in the funds) without the express authorization of this Court. Any restraining or diverting of funds pursuant this paragraph is limited to funds derived from the sale of Accused Products. To the extent that any funds are not reasonably allocable to sales of Accused Products as opposed to other sales, those funds should not be restrained.

b. Provide SharkNinja expedited discovery of the following: (i) the identity of all financial accounts and/or sub-accounts associated with the Internet-based e-commerce stores operating under the Seller IDs identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) the identity and location of Defendants identified in Schedule "A," including all known contact information, such as any and all known aliases and associated e-mail addresses; and (iii) an accounting of the total funds restrained and the identities of the financial account(s) and sub-account(s) for which the restrained funds are related.

~~b.~~c.   This Order applies only to the named Defendants identified in Schedule "A".

(6)   Any Defendant or Marketplace Platforms subject to this Order may petition the Court to modify the asset restraint set forth in this Order.

(7)   In addition to other methods authorized by law, SharkNinja may provide notice of these proceedings to third parties by delivery of this Order and other relevant documents to the following Marketplace Platforms, including at the following addresses:

   i.   Amazon at legal@amazon.com, registrar-abuse@amazon.com, tro-notices@amazon.com;
   ii.  BestBuy;
   iii. Target; and
   iv.  Walmart at legal@walmart.com.

~~The Clerk of the Court is directed to issue a single original summons in the name of "All Defendants Identified in Schedule "A" of the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.~~

(8)   This Order shall apply to the Seller IDs, associated e-commerce stores and websites, and any other Seller IDs, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of infringing the SharkNinja Patents at issue in this action.

(9)   Pursuant to Federal Rule of Civil Procedure 65(c), SharkNinja shall post a bond in the amount of ~~Five Thousand Dollars and Zero Cents~~ One Hundred Thousand Dollars ($~~5,000.00~~ 100,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made

in the interest of justice. SharkNinja shall provide that bond to the court by 5 pm ET Monday, December 8.

(10) After SharkNinja's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, SharkNinja shall serve copies of the Complaint, their Motion, and this Order, on each Defendant by e-mail via their corresponding e-mail address and/or online contact form or other means of electronic contact provided on the Internet-based e-commerce stores operating under the respective Seller IDs or by providing a copy of this Order by e-mail to the Marketplace Platforms for each of the Seller IDs so that the registrar, or Marketplace Platform, in turn, notifies each of the Defendants of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. In addition, SharkNinja shall post copies of the Complaint, Motion, and this Order, as well as all other publicly-available documents filed in this action on the website located at https://s20251114sdfla.info/ and shall provide the address to the website to Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. SharkNinja shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website located at https://s20251114sdfla.info/ or by other means reasonably calculated to give notice which is permitted by the Court.

(11) This Order shall remain in effect for ~~fourteen~~ seven (~~14~~7) **days** from the date of its entry unless extended for good cause, or until the Court has ruled on Plaintiffs' Motion for Preliminary Injunction. *See* Federal Rule of Civil Procedure 65(b).

~~(12) Plaintiffs are **DIRECTED** to file a Motion for Entry of a Preliminary Injunction no later than **November 28, 2025**, at which time the Court will set a telephonic hearing on the Motion for Entry of a Preliminary Injunction. Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on SharkNinja's requested preliminary~~

~~injunction.  Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 35 U.S.C. § 283; Fed. R. Civ. P. 65, the All Writs Act, 28 U.S.C. § 1651(a); and this Court's inherent authority.~~

**DONE AND ORDERED** in Miami, Florida, this ~~21st~~ 5th day of ~~November~~December, 2025.

          **RODOLFO A. RUIZ II**
          **UNITED STATES DISTRICT JUDGE**