UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-25323-RAR

**SHARKNINJA OPERATING LLC**, *et al.*,

    Plaintiffs,

v.

**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"**,

    Defendants.
_____/

### ORDER DISSOLVING TEMPORARY RESTRAINING ORDER AND REFERRING CASE TO MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court upon the expiration of the Temporary Restraining Order, [ECF No. 26], entered on November 21, 2025. On November 21, 2025, the Court granted Plaintiffs' Expedited Motion and *Ex Parte* Application for Entry of Temporary Restraining Order, [ECF No. 26]. Plaintiffs subsequently filed a Motion for Preliminary Injunction, [ECF No. 37], and the Court set a hearing on that Motion for December 5, 2025, [ECF No. 39]. However, several sets of Defendants proceeded to enter appearances and file responses in opposition to the Temporary Restraining Order, *see* [ECF Nos. 43, 60, 70], raising an array of procedural and substantive objections.

In response to the numerous appearances by Defendants and litany of objections, the Court entered an Order Setting Case Management Conference ("Order"), [ECF No. 62], on December 3, 2025. The Court's Order stated that it "will no longer hold a telephonic hearing on Plaintiffs' Motion for Entry of Preliminary Injunction" and would instead "conduct a Case Management

Conference over Zoom" on December 5, 2025. *Id*. at 2. On December 4, 2025, Plaintiffs filed a Motion to Extend Temporary Restraining Order, [ECF No. 82], and several sets of Defendants filed responses in opposition to Plaintiffs' Motion. *See* [ECF Nos. 83, 92, 94]. At the Case Management Conference, [ECF No. 97], the Court indicated its intent to refer the case to Magistrate Judge Louis and heard argument from the parties on whether good cause exists to extend the Temporary Restraining Order.

The Temporary Restraining Order entered by the Court on November 21, 2025, [ECF No. 26], remains in effect for fourteen (14) days, unless extended for good cause. *See id.* at 8 (citing FED. R. CIV. P. 65(b)). Accordingly, the Temporary Restraining Order is set to expire today, December 5, 2025, by operation of law. Pursuant to Rule 65(b)(2), a Court may extend a temporary restraining order for a "like period" of time for good cause. FED. R. CIV. P. 65(b)(2) (stating a temporary restraining order "expires at the time after entry – not to exceed 14 days – that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension."); *see also Jetchill Ltd. v. Shenzhen Jiarui Minghui Trading Co. Ltd.,* No. 25-23377, 2025 WL 2962075, at *5 (S.D. Fla. Oct. 13, 2025), *report and recommendation adopted sub nom. Jetchill Ltd. v. Shenzhen Jiarui Minghui Trading Co., Ltd.,* No. 25-23377, 2025 WL 2966039 (S.D. Fla. Oct. 21, 2025)  (denying motion to extend TRO for lack of good cause where "[s]ince the TRO's issuance, Defendant has appeared and raised defenses to the fact-intensive Counts Plaintiff's Complaint asserts.").

Plaintiffs' Motion to Extend Temporary Restraining Order, [ECF No. 82], echoes the same arguments it made in its initial Expedited Motion and *Ex Parte* Application for Entry of Temporary Restraining Order, [ECF No. 22]. *See* [ECF No. 82] at 3 ("The same factors that supported the Court's entry of the TRO remain unchanged and, if anything, have intensified."). However,

Defendants present a litany of substantive and procedural objections against extending the Temporary Restraining Order. Defendants raise merit-based challenges that relate to the validity and enforceability of the patents at issue in this case. *See, e.g.*, [ECF Nos. 63, 70, 73]. Defendants also oppose the Temporary Restraining Order on procedural grounds, citing issues with personal jurisdiction, [ECF No. 63]; service, [ECF No. 60]; particularity, [ECF No. 43]; and joinder, [ECF No. 80]. And Defendants additionally object to the scope of the Temporary Restraining Order, arguing that it is overbroad because it erroneously freezes the accounts of nonparties to this action. *See* [ECF Nos. 83, 92, 94]. Defendants reiterated all these concerns at the Case Management Conference. [ECF No. 97].

The Court, having reviewed Plaintiffs' Motion to Extend the Temporary Restraining Order and Defendants' series of filings in opposition, has concerns about extending the Temporary Restraining Order given the multitude of significant challenges that Defendants have raised. When faced with a limited record, the Court held that Plaintiffs presented sufficient evidence to enter a Temporary Restraining Order on November 21, 2025. But now the Court is confronted with countervailing arguments on behalf of numerous Defendants, which Plaintiffs have failed to rebut. Instead, Plaintiffs fall back on the same arguments presented to the Court two weeks ago. Consequently, at this juncture, the Court is no longer convinced that Plaintiffs will suffer irreparable harm if the Temporary Restraining Order is not extended—and Plaintiffs have failed to satisfy their burden of demonstrating good cause for such an extension. *See Levine v. Comcoa Ltd.*, 70 F.3d 1191, 1194 (11th Cir. 1995) (Hill, C.J., concurring) ("An *ex parte* temporary restraining order is an extreme remedy to be used only with the utmost caution."). Therefore, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Extend Temporary Restraining Order, [ECF No. 82], is **DENIED**.

2. The Temporary Restraining Order, dated November 21, 2025, [ECF No. 26], is **DISSOLVED** by operation of law.

3. Defendants' Expedited Motion to Dissolve Temporary Restraining Order, [ECF No. 43], is **DENIED as moot**.

4. Defendants' Expedited Motion for Evidentiary Hearing and to Continue the Briefing Schedule, [ECF No. 58], is **DENIED as moot**.

5. As discussed at the Case Management Conference, and pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, the above-styled case is **REFERRED** to **United States Magistrate Judge Lauren F. Louis** to take all action as required by law.  It shall be the responsibility of the parties in this case to note the name of Magistrate Judge Louis on all motions and submissions pertaining to this case.

**DONE AND ORDERED** in Miami, Florida, this 5th day of December, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**