IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 25-cv-25323

**SharkNinja Operating LLC et al**

    Plaintiffs,

v.

**The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified on Schedule A**

    Defendants.

_____/

## DEFENDENTS' AND THIRD-PARTY RESPONDENTS' EMERGENCY MOTION TO ENFORCE ORDER [ECF NO. 101], TO COMPEL PLAINTIFFS TO NOTIFY THIRD-PARTY PLATFORMS, FOR EXPEDITED DISCOVERY, AND FOR ATTORNEYS' FEES AND DAMAGES

On December 10, 2025, the Court entered an Order noting that the Expedited Motion to Dissolve Temporary Restraining Order and Deny Preliminary Injunction filed by Defendants IceSwirls, Tefoqu, Wongic, Dutepa, Auriswell (on Amazon), Auriswell (on Walmart), Kelteroom, and the Third-Party Respondents (ECF No. 60) remained pending, and directing the Movants, by close of business on Thursday, December 11, 2025, to "supplement their Motion to advise whether, in light of the dissolution of Plaintiffs' Temporary Restraining Order (ECF No. [101]), the Motion is now moot." ECF No. 115.

**The Moving Parties submit this Motion in part in response to that directive.** To the extent ECF No. 60 sought formal dissolution of the November 21, 2025 TRO, that aspect of the relief has been rendered **theoretically** moot by the Court's later Order denying Plaintiffs' Motion

to Extend TRO and dissolving the TRO by operation of law. ECF No. 101. **However, the practical controversy underlying ECF No. 60 persists** because, at a minimum[1]: (1) Amazon and other platforms **continue to maintain restraints** that were implemented solely because of the TRO, notwithstanding its dissolution, and **have indicated they will not lift those restraints absent clear instructions from Plaintiffs**[2], *see* **Exhibit 5**; and (2) despite multiple requests from different defense counsel beginning as early as December 5, 2025, Plaintiffs have neither agreed to provide clear, non-misleading instructions to Amazon nor provided defense counsel with any proof that such instructions have been sent. In short, there is a *de facto* **TRO still in place**: one to which Plaintiffs are no longer entitled, but which they continue to preserve and exploit for their own advantage through their refusal to correct the platforms' understanding of this Court's Dissolution Order. Plaintiffs should not be permitted to obtain, by inaction and opaque communications with Amazon and other marketplaces, **the functional equivalent of injunctive relief that this Court has expressly declined to extend.**

Accordingly, this Motion both supplements ECF No. 60, as directed by the Court, and seeks targeted, ancillary relief to give full effect to ECF No. 101 Order. Therefore, Defendants IceSwirls, Tefoqu, Wongic, Dutepa, Auriswell (on Amazon), Auriswell (on Walmart), and Kelteroom (collectively the "Defendants"), and Third-Party Respondents[3] Grano Chef, oplace, POFABIK, BLIZZEE, NLNYA, and Nyzgax (collectively the "Third-Party Respondents"), by and through undersigned counsel, respectfully move the Court to: (1) **enforce its Order [ECF No. 101]** denying

---

1 Additionally, because Plaintiffs are now pursuing a preliminary injunction, and ECF No. 60 also seeks denial of PI, the Moving Parties will incorporate several of the arguments raised in ECF No. 60 into their forthcoming opposition to Plaintiffs' PI motion, subject to appropriate adjustments once Plaintiffs provide defendant-specific infringement allegations that every defendant/third party respondent is still waiting for.
2 Which, as discussed below in Part III.A, is a somewhat reasonable position for the platforms to take.
3 "Third-Party Respondents" refers to entities whose companies and listings were not specifically identified in Schedule A (which merely identified "brands" and ASINs) but whose operations have been shut down due to the TRO in the above titled case.

Plaintiffs' motion to extend the Temporary Restraining Order ("TRO") and dissolving the TRO by operation of law; (2) **compel Plaintiffs to notify** Amazon, Walmart, BestBuy, and any other third-party platforms to which Plaintiffs provided the TRO that there is no longer any operative injunctive restraint in this case; (3) **compel Plaintiffs to produce their communications with those platforms** concerning the TRO and its dissolution; and (4) award the Moving Parties their reasonable attorneys' fees and damages caused by the continued, de facto restraint.

Pursuant to Local Rule 7.1(d)(1) and Fed. R. Civ. P. 65(b)(4), and in light of the upcoming holiday season, Defendants and Third-Party Respondents respectfully request an expedited ruling as soon as possible, no later than December 17, 2025 (7 days before Christmas Eve). This Motion warrants emergency treatment under Local Rule 7.1(d) because meaningful relief cannot be obtained through ordinary briefing without rendering the requested relief effectively moot. Each day that the dissolved TRO continues to operate as a de facto restraint through Amazon and other platforms, the Moving Parties lose irreplaceable peak-season sales, suffer reputational harm, and face an increased risk of permanent account closure or adverse platform action that cannot be undone with a later monetary award. That urgency has only intensified after two defendants moved for consent judgments and admitted infringement on December 10, 2025 [ECF Nos. 112, 113], creating a substantial risk that platforms will improperly treat all Schedule A defendants as adjudicated infringers in the absence of prompt clarification from Plaintiffs. If the Court does not resolve this Motion within the next seven days—while the holiday sales period is still ongoing and before platforms take further irreversible action—the core relief sought (restoration of accounts and release of funds during the season that sustains these businesses) will be largely moot.

Moreover, **Plaintiffs themselves are responsible for creating and prolonging this emergency.** The Moving Parties, as well as other defense counsel, have at all times attempted in

good faith to resolve the issue without burdening the Court with additional motion practice. Immediately after the Court issued ECF No. 101 on December 5, 2025, the Moving Parties requested that Plaintiffs notify Amazon and other affected platforms that the TRO had been dissolved and copy defense counsel on that communication. When those informal efforts were ignored, the Moving Parties initiated pre-motion conferral on December 10, 2025, by circulating a draft of this Motion before filing and expressly inviting Plaintiffs either to confer by phone/email or to cure the problem by promptly notifying Amazon. *See* **Exhibit 3** (timestamps reflect UTC+8). Plaintiffs did neither. **Plaintiffs' repeated refusal to send a simple email is what creates this emergency requiring immediate judicial intervention through unnecessary motion practice.**

In support of this motion, Defendants and Third-Party Respondents state as follows:

I.    INTRODUCTION

Defendants IceSwirls, Tefoqu, Wongic, Dutepa, Auriswell (on Amazon), Auriswell (on Walmart), Kelteroom, and Third-Party Respondents Grano Chef, oplace, POFABIK, BLIZZEE, NLNYA, and Nyzgax (collectively, the "Moving Parties") find themselves in an embarrassing position: this Court has denied Plaintiffs' motion to extend the November 21, 2025 Temporary Restraining Order ("TRO") and expressly dissolved that TRO "by operation of law," [ECF No. 101], yet the practical effects of the TRO remain very much alive. Amazon and other online marketplaces continue to freeze the Moving Parties' funds and block their accounts—not because of any active order of this Court, **but because Plaintiffs refuse to take the <u>minimal, common-sense step of informing those platforms</u> that the TRO is no longer in effect.**

This extraordinary, additional motion practice should have been entirely unnecessary and **<u>could have been avoided had Plaintiffs simply sent a straightforward email to the affected platforms and copying defense counsels</u>**. After the Order denying TRO extension [ECF No.

101], the Moving Parties contacted Amazon, provided the Order, and requested release of the restraints. Amazon responded that it would act only on clarification from Plaintiffs' counsel. **Exhibit 5**. The Moving Parties then requested that Plaintiffs send a simple email to the affected platforms confirming that the TRO has expired and copying defense counsel. Instead, **without providing any proof that such an email was actually sent**, Plaintiffs stated only that "SharkNinja will inform online retailers that the TRO has *expired* and *that a hearing on SharkNinja's Preliminary Injunction is expected to be scheduled shortly.*" (emphasis added). **Exhibit 1** (timestamps reflect UTC+8). That unspecific assurance does nothing to restore Defendants' access to their accounts, and, standing alone, is also **misleading to the platforms**: it suggests that some form of injunctive relief is imminent, while omitting the critical fact that the Court **refused to extend TRO and dissolved (rather than let expire) the TRO in ECF No. 101**, there is presently no operative TRO or preliminary injunction in this case, and that many affected sellers are technically outside the scope of the original TRO. When defense counsel, including but not limited to the undersigned, followed up and again and again requested that Plaintiffs notify the platforms and **copy** all defense counsel, Plaintiffs declined to respond substantively and refused to provide the requested notice or proof that any notice had been sent at all. **Exhibit 2** (timestamps reflect UTC+8)**.**

    **The problem is compounded by the presence of numerous Third-Party Respondents whose companies and listings were never properly identified on Schedule A**, yet whose operations have been shut down as if they were subject to the TRO. *See* **Exhibit 4** (Amazon's notice to Third Party Respondents clearly stated that Amazon "took this action **in accordance with a Temporary Restraining Order**", "TRO 25-cv-25323 USDC SD FL") (emphasis added). In light of Plaintiffs' **refusal to provide transparent, corrective communications**—and their

**insistence on relying on vague, unverified assurances**—expedited discovery into Plaintiffs' communication history with Amazon, Walmart, BestBuy, and other platforms is necessary to determine (1) whether Plaintiffs have in fact contacted these platforms; and (2) whether any misleading or improper representations by Plaintiffs contributed to the maintenance of the current, unlawful "status quo."

The consequences of that choice are not theoretical. **The Moving Parties are small online sellers whose peak revenue and working capital depend on holiday-season sales.** The continued platform freezes now restrain not only any allegedly accused products, but also entirely unrelated inventory and business operations, threatening long-term loss of customers, goodwill, and business viability—all after this Court has already determined that no temporary restraining order should remain in place. **Plaintiffs' refusal to take the most modest step to correct the record with the platforms weaponizes a dissolved TRO and forces the Moving Parties to seek judicial intervention simply to give full effect to the Court's own order.**

Under these circumstances, the Moving Parties respectfully ask the Court to (1) enforce its order [ECF No. 101] by compelling Plaintiffs to expressly notify the relevant platforms that no TRO or preliminary injunction is currently in effect, and copy defense counsel on such communications; (2) compel Plaintiffs to produce their communications with those platforms concerning the TRO and its supposed continuation; and (3) award the Moving Parties their fees and damages arising from the continued, wrongful restraints. **The Court should not permit Plaintiffs to achieve by inaction—through third-party platforms—what they could not obtain from this Court through a motion to extend the TRO.**

II.     LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary

injunctions. Rule 65(b) limits the duration of TROs and requires that they expire unless extended for good cause or by consent. Rule 65(d) requires that every injunction or restraining order state its terms specifically, describe in reasonable detail the acts restrained or required, and applies only to those persons identified in Rule 65(d)(2).

Rule 65(d)(2) provides that an injunction binds only: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons in active concert or participation with them who receive actual notice of the order. **Thus, when plaintiffs use third-party platforms such as Amazon to implement a court's injunction, they and their attorneys remain responsible for ensuring that those platforms' conduct conforms to the terms—and temporal limits—of the Court's orders.**

Rule 65(c) further requires the posting of security "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Eleventh Circuit has held that once an injunction is dissolved or reversed, the enjoined party is prima facie entitled to recover damages against the bond, and the district court may deny recovery only for good reason. *State of Alabama ex rel. Siegelman v. EPA*, 925 F.2d 385, 389–90 (11th Cir. 1991).

In addition, 28 U.S.C. § 1927 authorizes the Court to require any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. The Eleventh Circuit interprets § 1927 to require "objective bad faith"—conduct that, under an **objective** standard, reflects reckless or knowing disregard of the duty owed to the court by causing unreasonable and vexatious multiplication of proceedings, comparing the conduct objectively against the conduct of a reasonable attorney. *Amlong & Amlong, P.A. v. Denny's, Inc.*,

500 F.3d 1230, 1240 (11th Cir. 2007).

Separately, independent of Rule 11 and § 1927, courts possess inherent authority to sanction bad-faith litigation conduct, including by awarding attorneys' fees and compensatory sanctions where a party or attorney's actions "defy the judicial process" or "flagrantly disregard" the court's orders. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) ("A court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." "if a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party . . . as it may when a party shows bad faith by delaying or disrupting the litigation or by **hampering enforcement of a court order**") (emphasis added); *In re Mroz*, 65 F.3d 1567, 1575–76 (11th Cir. 1995); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223–25 (11th Cir. 2017).

Under Rule 26(b)(1), parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Communications by plaintiffs and their counsel to third-party platforms concerning the scope and status of court orders are classic examples of discoverable, non-privileged information.

"On 2 days' notice . . . or on shorter notice set by the court—the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires." Fed. R. Civ. P. 65(b)(4).

### III.   ARGUMENTS

#### A. Plaintiffs' Refusal to Notify Platforms Undermines the Court's Order [ECF No. 101] and Maintains a De Facto TRO

Rule 65(d)(2) provides that an injunction binds only: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) **other persons in active concert or**

**participation with them who receive actual notice of the order** (emphasis added). Thus, when plaintiffs use third-party platforms such as Amazon to implement a court's injunction, **they and their attorneys remain responsible for ensuring that those platforms' conduct conforms to the terms—and temporal limits—of the Court's orders.**

By denying Plaintiffs' motion to extend the TRO and ordering that the November 21 TRO "is dissolved by operation of law," the Court determined that no continuing injunctive relief should remain in place. ECF No. 101. Nevertheless, because Amazon and other platforms froze accounts and funds in reliance on Plaintiffs' original submission of the TRO, those platforms now look to Plaintiffs' counsel for instructions concerning whether the restraints should remain or be lifted. **This is precisely how the TRO at issue (ECF No. 26) and similar orders in this District function: the court authorizes plaintiffs to serve TROs and preliminary injunctions on platforms, and those platforms act (or cease acting) based on the court's orders through plaintiffs' submissions.** ECF No. 26 at p. 6 ("No funds restrained by this Order shall be transferred or surrendered by any Marketplace Platforms for any purpose (other than pursuant to a chargeback made under their security interest in the funds) **without the express authorization of this Court**.") (emphasis added); *see also, e.g., Yizhou v. The Individuals, Partnerships and Unincorporated Associations Identified in Schedule "A"*, No. 1:22-cv-23558-Scola, Dkt. No. 40 at p. 6 (S.D. Fla. Dec. 9, 2022) (PI order requiring restraint of all funds upon receipt of notice of the order and prohibiting transfers "without the express authorization of this Court"). **Because platforms' understanding of the status of this case is being shaped exclusively by Plaintiffs' submissions, only a clear, corrective communication from Plaintiffs will fully effectuate the Court's ECF No. 101 Order and terminate the de facto restraints.**

Once ECF No. 101 issued, Plaintiffs and their counsel were obligated, at minimum, not to weaponize third-party platforms to perpetuate a dissolved TRO. Having set in motion ex parte asset restraints through Amazon and others, Plaintiffs cannot simply stand aside and allow those restraints to continue indefinitely after this Court has expressly dissolved and refuse to extend the underlying order. However, when the Moving Parties informed Plaintiffs that Amazon would only act upon instructions from Plaintiffs' counsel and requested that Plaintiffs send a simple clarifying email, Plaintiffs refused. Plaintiffs' refusal causes the TRO to continue functioning in practice as a de facto injunction, contrary to the Court's ruling and beyond the limits imposed by Rule 65.

This Court has broad authority to enforce and implement its own orders and to prevent their circumvention. *See, e.g., Chambers*, 501 U.S. at 44–46 (recognizing inherent power to enforce court orders and sanction bad-faith conduct); *In re Mroz*, 65 F.3d at 1575–76. In the Schedule A context, this authority routinely includes directing Plaintiff to notify Amazon and other third-party providers to release funds and cease restraints once the court has determined the proper scope of relief. *See, e.g., Hong Kong Leyuzhen Technology Co. Limited v. The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified in Schedule A Hereto*, No. 1:25-cv-22977-RAR, Dkt. No. 41 at p. 2 (S.D. Fla. Sept 4, 2025) ("Plaintiff shall, within twenty-four (24) hours of this Order, serve a copy of the Order on all affected third-party service providers including Amazon . . . and shall copy counsel for [defendant] on said communications").

Consistent with that authority, the Court should therefore direct Plaintiffs to promptly notify Amazon, Walmart, BestBuy, and any other platforms to which they provided the TRO or related orders that:

a. Plaintiffs' motion to extend the TRO has been **denied**;

b. The November 21, 2025 TRO has been **dissolved by operation of law**; and

c. There is **presently no active TRO or preliminary injunction in this case** requiring continued restraint of the Moving Parties' accounts, funds, or listings.

**B. Plaintiffs' Communications with Platforms Are Directly Relevant and Should Be Compelled**

Under Rule 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The Court may also order targeted discovery to develop a record for potential sanctions or fee-shifting. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223–25 (11th Cir. 2017) (inherent power to police misconduct requires factual record); *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282–84 (11th Cir. 2010) (upholding substantial fee sanctions under court's inherent authority based on counsel's litigation conduct).

Plaintiffs' communications with Amazon, Walmart, BestBuy, and other platforms regarding the TRO, the requested restraints, and any alleged ongoing effect of the TRO are central to the issues raised in this motion, including:

a. The scope and nature of Plaintiffs' requests that led to the imposition and continuation of the platform-based restraints, **especially the restraints on <u>technically irrelevant</u> Third Party Respondents**;

b. Whether Plaintiffs have, in fact, notified any platform of ECF No. 101 Order (contrary to what they represented in meet-and-confer communications);

c. Whether Plaintiffs or their counsel have made **incomplete, inaccurate, or misleading statements** to platforms concerning the current status of the TRO or the case; and

d. The causation of the Moving Parties' damages from the continued restraints.

Under Rule 26(b)(1), these communications are plainly relevant to claims and defenses and proportional to the needs of the case. They are not privileged: they are factual communications to third-party platforms concerning litigation and injunctive relief, and they go directly to the implementation and continuation of the TRO. To the extent Plaintiffs assert any privilege as to specific documents, they can provide a privilege log; but factual representations to third-party platforms about court orders are not shielded by attorney-client privilege.

The Court should therefore order Plaintiffs, within three (3) days, to produce:

a. All written communications (including emails, letters, and platform-messaging interface records) between Plaintiffs or their counsel and Amazon, Walmart, BestBuy, or any other platform, from the date of entry of the TRO to the present, that relate to:

i. The TRO, the request for asset or listing restraints, or the enforcement of the TRO; and

ii. The ECF No. 101 Order, the denial of Plaintiffs' motion to extend the TRO, or any statement about whether any TRO or preliminary injunction remains in place.

b. A privilege log for any withheld documents, sufficient to permit assessment of any privilege claims.

These materials are necessary to develop a complete record concerning Plaintiffs' use of the TRO, their refusal to assist in effectuating the ECF No. 101 Order, and **their role in perpetuating the de facto restraints on defendants and <u>technically irrelevant third party respondents</u>**.

### C. The Court Should Award Attorneys' Fees and Consider Damages for the Wrongful, De Facto Restraint And Plaintiffs' (And/Or Their Counsel's) Bad Faith Conduct

Fee-shifting and compensatory sanctions are warranted under the Court's inherent powers, which allow relief where a party or counsel engages in bad-faith conduct that frustrates the Court's orders and prolongs litigation, and under 28 U.S.C. § 1927 to the extent Plaintiffs'

counsel's refusal to provide a simple clarification has unreasonably and vexatiously multiplied these proceedings. *See Chambers*, 501 U.S. at 45–46; *In re Mroz*, 65 F.3d at 1575–76; *Purchasing Power,* 851 F.3d at 1223–25; *Norelus*, 628 F.3d at 1282–84. The Eleventh Circuit interprets § 1927 to require "objective bad faith"—conduct that, under an **objective** standard, reflects reckless or knowing disregard of the duty owed to the court by causing unreasonable and vexatious multiplication of proceedings, comparing the conduct objectively against the conduct of a reasonable attorney. *Amlong & Amlong*, 500 F.3d at 1240.

Under an objective standard, any reasonable plaintiffs' attorney, acting in good faith, would have proactively avoided this motion practice by sending a simple, straightforward email to the affected platforms. Plaintiffs chose not to do so. Plaintiffs' continued, repeated refusal to send a brief, accurate clarification to Amazon and other platforms—after being informed that only Plaintiffs' communications would be acted upon—has forced the Moving Parties to incur additional attorneys' fees and costs to obtain relief that should have been unnecessary after ECF No. 101 Order.

Plaintiffs' conduct has also caused an ongoing, wrongful restraint of the Moving Parties' assets and operations, particularly during the peak holiday season. These harms are exactly the type of damages contemplated by Rule 65(c) for parties who have been wrongfully enjoined or restrained. *See Siegelman*, 925 F.2d at 388–90; *Milan Express, Inc. v. Averitt Express, Inc.*, 208 F.3d 975, 978–79 (11th Cir. 2000).

The Court should therefore:

a. Award the Moving Parties their reasonable attorneys' fees and costs incurred in connection with:

    i. Attempting to resolve the platform-restraint issue informally with Plaintiffs;

  ii. Communicating with Amazon and other platforms; and

  iii. Preparing and litigating this motion and any related hearing.

 b. Treat the continued restraints following ECF No. 101 Order as a wrongful or de facto restraint, and reserve jurisdiction to determine the Moving Parties' damages, including lost sales, lost profits, and business disruption caused by the continued platform freezes.

At a minimum, the Court should shift the fees and costs associated with this motion to Plaintiffs and their counsel, and set a schedule for the Moving Parties to submit evidence of damages from the continued, de facto restraints, per Local Rule 7.3.

## IV. REQUESTED RELIEF

For the foregoing reasons, Defendants and Third-Party Respondents respectfully request that the Court:

1. Enforcing ECF No. 101 Order by directing Plaintiffs, within twenty-four (24) hours of the Court's Order:

    a. To serve a copy of ECF No. 101 on Amazon, Walmart, BestBuy, and any other platform to which Plaintiffs previously submitted the TRO or related injunctive orders; and

    b. To expressly notify those platforms in writing that Plaintiffs' motion to extend the TRO was denied, that the November 21, 2025 TRO has been dissolved by operation of law, and that there is currently no active TRO or preliminary injunction in this case requiring continued restraint of the accounts, funds, or listings of the Moving Defendants or Third-Party Respondents;

    and to file copies of those written communications on the docket within the same period;

2. Compelling Plaintiffs, within three (3) days, to produce the written communications (including emails, letters, and platform-messaging interface records) between Plaintiffs or their counsel and Amazon, Walmart, BestBuy, or any other platform, from the date of entry of the TRO to the present, that relate to:

   i. The TRO, the request for asset or listing restraints, or the enforcement of the TRO; and

   ii. The ECF No. 101 Order, the denial of Plaintiffs' motion to extend the TRO, or any statement about whether any TRO or preliminary injunction remains in place, together with any necessary privilege log;

3. Awarding the Moving Parties their reasonable attorneys' fees and costs incurred in connection with addressing the continued platform restraints and preparing and litigating this motion;

4. Finding that the Moving Parties have been wrongfully restrained following the ECF No. 101 Order and reserving jurisdiction to determine the amount of damages, including lost sales, lost profits, and other business losses, caused by the continued, de facto restraints, and setting an appropriate schedule for submissions and, if necessary, an evidentiary hearing; and

5. Granting such other and further relief as the Court deems just and proper, including consideration of additional sanctions as appropriate under the circumstances.

**By filing this motion, Defendants do not waive, and expressly preserve, all rights, defenses and objections, including all defenses available under Rule 12 and any other applicable rule or statute.**

**V.   LOCAL RULE 7.1(a)(2) CERTIFICATION**

Undersigned counsel certifies that, consistent with S.D. Fla. L.R. 7.1(a)(2), counsel for Defendants attempted to confer in good faith with Plaintiff's counsel (by emails with more than 24 hours of reply period and phone call invitation, *see* **Exhibit 3** (timestamp UTC +8)) regarding the relief sought in this motion and made reasonable efforts to resolve the issues without Court intervention. Despite these efforts, the parties were unable to timely reach agreement on the relief requested, and Court intervention is necessary.

## VI. LOCAL RULE 7.1(d)(1) CERTIFICATION

After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

Dated: December 11, 2025

Respectfully submitted,

/s/Ziqi Yu
Ziqi Yu
Fla Bar ID #1044119
procollider@pm.me
5794 Bird Rd Unit 554
Miami, FL 33155
415-519-5274

*Counsel for Defendants IceSwirls, Tefoqu, Wongic, Dutepa, Auriswell (on Amazon), Auriswell (on Walmart), Kelteroom, and Third-Party Respondents Grano Chef, oplace, POFABIK, BLIZZEE, NLNYA, Nyzgax*