IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 25-cv-25323

**SharkNinja Operating LLC et al**

    Plaintiffs,

v.

**The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified on Schedule A**

    Defendants.

_____/

## DEFENDENTS' AND THIRD-PARTY RESPONDENTS' NOTICE OF PLAINTIFFS' POST-FILING COMMUNICATIONS AND SUPPLEMENTAL SUPPORT FOR EMERGENCY MOTION [ECF NO. 116]

Defendants IceSwirls, Tefoqu, Wongic, Dutepa, Auriswell (on Amazon), Auriswell (on Walmart), and Kelteroom (collectively the "Defendants"), and Third-Party Respondents[1] Grano Chef, oplace, POFABIK, BLIZZEE, NLNYA, and Nyzgax (collectively the "Third-Party Respondents"), by and through undersigned counsel, respectfully submit this Notice to advise the Court of Plaintiffs' post-filing production of four emails to online retailers and to explain why those communications do not resolve—and in fact confirm—the concerns raised in the Moving Parties' Emergency Motion (ECF No. 116, the "Emergency Motion").

In support, the Moving Parties state as follows:

---

[1] "Third-Party Respondents" refers to entities whose companies and listings were not specifically identified in Schedule A (which merely identified "brands" and ASINs) but whose operations have been shut down due to the TRO in the above titled case.

**I. PLAINTIFFS' POST-FILING PRODUCTION**

1. On the morning of December 11, 2025, the Moving Parties filed the Emergency Motion (ECF No. 116) in light of continued restraints being maintained by Amazon and other platforms despite the Court's Order denying Plaintiffs' Motion to Extend the TRO and dissolving the November 21, 2025 TRO by operation of law (ECF No. 101).

2. Shortly after the Emergency Motion was filed, Plaintiffs' counsel sent an email accusing the Moving Parties of failing to meet and confer and attaching four emails that SharkNinja allegedly sent to Amazon, Walmart, Target, and Best Buy. Plaintiffs request that the Moving Parties withdraw the Emergency Motion based on those communications. True and correct copies of Plaintiffs' email, as well as the undersigned's reply email, is attached as **Exhibit 5**.

3. True and correct copies of the four emails produced by Plaintiffs' counsel are attached hereto as **Exhibit 1 (Amazon)**, **Exhibit 2 (Walmart)**, **Exhibit 3 (Best Buy)**, and **Exhibit (4 Target)**.

4. Until Plaintiffs' post-filing email, Plaintiffs had not provided the Moving Parties with copies of these communications, had not advised that such communications already existed, and had not copied defense counsel on any of them—despite multiple written requests beginning on December 5, 2025 that Plaintiffs (a) send clear notice to the platforms that the TRO has been dissolved, and (b) copy defense counsel on any such communications.

**II. THE FOUR EMAILS CONFIRM, RATHER THAN MOOT, THE NEED FOR RELIEF**

5. The four emails confirm that SharkNinja informed the platforms that the TRO "expired" and that the Court "did not extend" it, but they do **not** resolve the core issue identified in the Emergency Motion: there remains, in practice, a **de facto TRO** in place because the

communications are incomplete and misleading as to the current status of injunctive relief and do not direct the platforms to release existing restraints.

6. By way of example, the email to Amazon states, in relevant part:

"The court issued a 14-day TRO prohibiting sale of these products. The TRO expired on Friday by its own terms and the court did not extend it. (The court's order is attached). SharkNinja's patent infringement lawsuit against these sellers is still pending. The court did not dismiss the lawsuit. SharkNinja has asked the court to issue a preliminary injunction prohibiting sale of these products during the lawsuit. **We expect that the preliminary injunction proceedings will move quickly.**"

(Ex. 1) (emphasis added).

7. None of the four emails:

a. Clearly state that there is **no current TRO or preliminary injunction** in effect in this case;

b. Inform the platforms that they are **not required by any order of this Court** to continue freezing or restraining the accounts, funds, or listings of the Moving Parties;

c. Direct the platforms to **lift existing restraints** that were imposed solely because of the now-dissolved TRO; or

d. Clarify that various Third-Party Respondents—whose accounts have been swept into the freeze—were never properly identified on Schedule A and are not subject to any operative injunctive order in this action.

8. Instead, each email juxtaposes the statement that the TRO "expired" with the assertion that SharkNinja has requested a preliminary injunction and that "preliminary injunction proceedings will move quickly." In the context of marketplace enforcement, that language

reasonably signals to the platforms that they should continue treating these sellers as infringers and maintain the status quo pending a new injunction, rather than releasing restraints and restoring accounts.

9. Given the way Schedule A TROs and preliminary injunctions ordinarily function in this District—where platforms are instructed not to transfer or release funds "without the express authorization of this Court" and act based on plaintiffs' submissions—these partial, one-sided communications are insufficient to give full effect to ECF No. 101 and do nothing to undo the practical consequences of the TRO. *See, e.g.*, ECF No. 26 at 6; *Yizhou v. The Individuals, Partnerships & Unincorporated Associations Identified in Schedule "A"*, No. 1:22-cv-23558-Scola, ECF No. 40 at 6 (S.D. Fla. Dec. 9, 2022).

10. The fact that these emails **were not shared with defense counsel until after the Emergency Motion was filed**, and only in response to the Motion, further underscores the need for the targeted relief and expedited discovery requested—particularly given the number of non–Schedule A Third-Party Respondents whose accounts have been frozen as if they were subject to the TRO.

### III. THE EMERGENCY MOTION REMAINS RIPE AND NECESSARY

11. Plaintiffs' post-filing production does not render the Emergency Motion moot. To the contrary, it provides additional evidence that:

a. The platforms are still acting under the shadow of the original TRO and Plaintiffs' narrative of imminent injunctive relief;

b. Plaintiffs have not provided clear, corrective notice that there is no current court-ordered restraint; and

c. The Moving Parties and other affected sellers remain subject to a de facto TRO to which Plaintiffs are not presently entitled.

12. The Moving Parties will, of course, supplement their argument at any hearing to address these four emails in more detail. But as a matter of docket management, the relief requested in the Emergency Motion—(1) a clear, court-directed notice to Amazon, Walmart, Best Buy, and other platforms, and (2) expedited production of all communications between Plaintiffs and those platforms—remains necessary to give effect to ECF No. 101 and to prevent further irreparable harm to the Moving Parties during the peak season for their businesses.

## IV. CONCLUSION

For the foregoing reasons, and as further set forth in the Emergency Motion, the Moving Parties respectfully request that the Court:

1. Take notice of Plaintiffs' post-filing production of the four emails attached as Exhibits 1–4;
2. Consider those emails as additional support for the Emergency Motion; and
3. Grant the Emergency Motion in full, including compelling clear, corrective notice to the platforms and ordering expedited production of Plaintiffs' complete communication history with Amazon, Walmart, Target, Best Buy, and any other platforms to whom the TRO or related orders were provided.

Dated: December 11, 2025

Respectfully submitted,

/s/Ziqi Yu
Ziqi Yu
Fla Bar ID #1044119
procollider@pm.me
5794 Bird Rd Unit 554
Miami, FL 33155
415-519-5274

*Counsel for Defendants
IceSwirls, Tefoqu, Wongic, Dutepa,
Auriswell (on Amazon), Auriswell (on
Walmart), Kelteroom,
and Third-Party Respondents
Grano Chef, oplace, POFABIK,
BLIZZEE, NLNYA, Nyzgax*