# RE: SDFL 25-cv-25323 Request to Notify Amazon of Dissolution of TRO

| | |
|---|---|
| From | procollider@pm.me <ProCollider@pm.me> |
| To | Rosenthal, Brian <BRosenthal@gibsondunn.com> |
| CC | Liu, Tao<Tao.Liu@glacier.law>, Lori Maltz<lmaltz@coffeyburlington.com>, Glandorf, David<DGlandorf@gibsondunn.com>, Kevin C. Kaplan<kkaplan@coffeyburlington.com>, Christopher Cheek<ccheek@coffeyburlington.com>, Loisset Dulzaides-Perez <lperez@coffeyburlington.com>, Lin, Ramona<RLin@gibsondunn.com>, Zhang, Shuo Josh<SZhang@gibsondunn.com>, Buroker, Brian M.<BBuroker@gibsondunn.com>, Brzozowski, David<DBrzozowski@gibsondunn.com>, mabood@pecklaw.com, sbateman@pecklaw.com, CSemper@pecklaw.com, O'Connor, Kevin J.<KOConnor@pecklaw.com>, wei.wang@glacierlaw.com, Ziqi Yu<chiyu@114514.esq>, will@xyziplaw.com, alove@stearnsweaver.com, aruddock@stearnsweaver.com, vliethen@stearnsweaver.com, Bai, Benjamin<benjamin.bai@cn.kwm.com>, Harry Feng<harry.feng@cn.kwm.com>, O'Connor Kevin J.<k.oconnor@glacier.law>, Yang5 Guo<guoyang5@cn.kwm.com>, Jianyin Liu<jamesliulaw@gmail.com>, Richard Liu<richard.liu@consultils.com>, Jared Xu<jared.xu@consultils.com>, sliang@customscourt.com, lcosta@customscourt.com, Lance Liu<lanceliu2000@gmail.com>, emilymarieheim540@gmail.com, Emily Heim<emily@bayramoglu-legal.com>, ricardo.ampudia@rimonlaw.com, cc.xu.iplaw@hotmail.com |
| Date | Thursday, December 11th, 2025 at 11:43 PM |

Counsel,

Thank you for your email and for producing the four emails your client sent to Amazon, Walmart, Target, and Best Buy. We will promptly provide these to the Court so that the record reflects what has now been produced.

That said, we do not agree with your characterization of either the meet-and-confer history or the adequacy of your client's communications with the platforms, and we do not intend to withdraw the emergency motion. **(To All Defense Counsel - Feel free to join the discussion)**.

1. Meet-and-confer / timing

As you know, this is not an issue that arose "yesterday." Since **December 5**, multiple defense counsel (including me) have been asking Plaintiffs to do exactly what you now suggest has been done: send clear written notice to Amazon and other platforms that the TRO has been dissolved and copy defense counsel. Those requests went unanswered for days.

On **December 10**, in accordance with Local Rule 7.1(a), we circulated a **draft** of the emergency motion to you before filing and expressly invited you either (a) to confer by phone or (b) to resolve the issue by sending appropriate notices to the platforms and copying defense counsel. We received no response and no indication that any such communications had already been sent or would be sent by a particular time. **You did not attempt to contact us by phone or email before we filed.**

Meanwhile, the Court ordered us, by **December 11**, to advise whether our pending motion to dissolve and deny preliminary injunctive relief (ECF No. 60) was moot in light of ECF No. 101. The ongoing platform restraints are central to that question. **In light of the Court's directive and the continuing harm to our clients' businesses, we could not wait indefinitely in the hope of a response. Under these circumstances, filing the emergency motion after prior written conferrals—especially in the face of silence—does not violate either the letter or the spirit of the meet-and-confer requirement.**

2. Substance of the platform communications

We appreciate finally seeing the four emails you attached. However, they do **not** resolve the concerns raised in our motion. Among other issues:

- The emails describe the TRO as having expired and note that "SharkNinja has asked the court to issue a preliminary injunction" and that "we expect that the preliminary injunction proceedings will move quickly." That language reasonably suggests to platforms that injunctive relief is imminent and that they should continue to treat these sellers as infringers in the interim. The emails do **not** clearly state that there is **no current Court order** requiring continued restraints or that the retailers are free, as far as this case is concerned, to release frozen funds and restore accounts.

- The emails do not distinguish between the specifically identified Schedule A defendants and the many **third-party respondents** whose accounts have been swept into the restraints despite not being named on Schedule A or in the operative order. Nothing in the communications tells platforms that these non–Schedule A sellers are not subject to any court-ordered restraints in this case.

- The emails do not instruct the platforms to lift existing account holds or asset freezes that were imposed solely because of the now-dissolved TRO.

- Finally, and critically, you did **not** copy defense counsel on those communications at the time they were allegedly sent, despite multiple specific requests that you do so. **We only saw them after we filed, and only because we filed.**

In other words, what has now been produced confirms that there remains a *de facto* TRO in place in practice: the platforms were told that the TRO expired but were immediately reminded that a new injunction is being sought and "expected to move quickly," with no clear direction that there is currently **no court-ordered restraint** and no instruction to release frozen funds or restore accounts. That is exactly the concern our motion raises.

3. **Path forward**

We will promptly supplement our filing to attach the four emails you produced and to update the Court on this development. To the extent any part of the requested relief can be narrowed in light of this new information, we are prepared to address that with the Court. But given (a) the ongoing restraints, (b) the ambiguity and omissions in the platform communications, and (c) the timing and manner in which those communications were disclosed, we do not believe withdrawal of the motion would be appropriate or consistent with our obligations to our clients.

If Plaintiffs are willing to send **corrective** notices that:

1. Clearly state that there is **no current TRO or preliminary injunction** in this case;

2. Make clear that the platforms are **not required by any Court order in this case** to continue freezing or restraining accounts or funds of the identified Defendants and Third-Party Respondents; and

3. Copy all defense counsel on those communications;

we are, of course, willing to confer further and to advise the Court accordingly.

Best regards,

Ziqi

415-519-5274

This message is intended solely for the use of the addressee(s) and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all copies of this message and any attachments and notify the sender immediately. Although this email and any attachments are believed to be free of any virus or other defect that might affect your computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free.

On Thursday, December 11th, 2025 at 11:35 PM, Rosenthal, Brian <BRosenthal@gibsondunn.com> wrote:

> Counsel:
>
> We were about to respond to this email, which we received yesterday, providing the communications between SharkNinja and retailers regarding the TRO in this case. Your email below states that you intend to file the motion on December 15, 2025, which is still four days away. Instead, we see that you filed the motion this morning. This is a violation of the Court's requirement to meet and confer, or at least to attempt to resolve disputes in advance of raising them with the Court. Even worse than not conferring at all, you told us this was an issue you intended to raise next week, and then ambushed us by filing your motion this morning. In view of this failure to follow the rules of this Court, and in view of our voluntary production of the emails attached to this communication, we ask that you immediately withdraw your "emergency" motion.
>
> I attach here the four emails our client sent to Amazon, Walmart, Target, and Best Buy regarding the Court's decision to not extend the TRO. We trust this resolves any issues or concerns. As you can see, we sent a copy of the Court's Order (Dkt. 101) to each online retailer and informed them that the TRO has expired. As such, SharkNinja has informed the online retailers that the TRO is no longer in effect.
>
> **Brian Rosenthal**
> Partner
>
> T: +1 212.351.2339 | M: +1 703.989.7879
> BRosenthal@gibsondunn.com
>
> **GIBSON DUNN**
> Gibson, Dunn & Crutcher LLP
> 200 Park Avenue, New York, NY 10166-0193
>
> > **From:** Ziqi Yu <ProCollider@pm.me>
> > **Sent:** Wednesday, December 10, 2025 3:33 AM
> > **To:** Rosenthal, Brian <BRosenthal@gibsondunn.com>
> > **Cc:** Liu Tao <Tao.Liu@glacier.law>; lmaltz@coffeyburlington.com; Glandorf, David <DGlandorf@gibsondunn.com>; Kaplan Kevin C. <kkaplan@coffeyburlington.com>; Cheek Christopher <ccheek@coffeyburlington.com>; Dulzaides-Perez Loisset <lperez@coffeyburlington.com>; Lin, Ramona <RLin@gibsondunn.com>; Zhang, Shuo Josh <SZhang@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Brzozowski, David <DBrzozowski@gibsondunn.com>; mabood@pecklaw.com; sbateman@pecklaw.com; CSemper@pecklaw.com; KOConnor@pecklaw.com; wei.wang@glacierlaw.com; chiyu@114514.esq; will@xyziplaw.com; alove@stearnsweaver.com; aruddock@stearnsweaver.com; vliethen@stearnsweaver.com; benjamin.bai@cn.kwm.com; harry.feng@cn.kwm.com; O'Connor Kevin J. <k.oconnor@glacier.law>; guoyang5@cn.kwm.com; jamesliulaw@gmail.com; richard.liu@consultils.com; jared.xu@consultils.com; sliang@customscourt.com; lcosta@customscourt.com; lanceliu2000@gmail.com; emilymarieheim540@gmail.com; emily@bayramoglu-legal.com; ricardo.ampudia@rimonlaw.com; cc.xu.iplaw@hotmail.com
> > **Subject:** Re: SDFL 25-cv-25323 Request to Notify Amazon of Dissolution of TRO
> >
> > Counsel,
> >
> > On behalf of Defendants IceSwirls, Tefoqu, Wongic, Dutepa, Auriswell (on Amazon), Auriswell (on Walmart), Kelteroom, and Third-Party Respondents Grano Chef, oplace, POFABIK, BLIZZEE, NLNYA, and Nyzgax (collectively, the "Moving Parties"), please find attached a draft of the following motion, which we anticipate filing with the Court on December 15, 2025, or earlier if Plaintiffs expressly refuse to send the requested email **and copy all defense counsel**:
> >
> > > Defendants' and Third-Party Respondents' Emergency Motion to Enforce Order [ECF No. 101], to Compel Plaintiffs to Notify Third-Party Platforms, to Compel Production of Communications, and for Attorneys' Fees and Damages
> >
> > As the motion explains, despite the Court's order denying Plaintiffs' motion to extend the TRO and dissolving the November 21, 2025 TRO by operation of law, Amazon and other platforms continue to restrain sellers' accounts and funds solely because they are awaiting instructions from Plaintiffs' counsel. Our clients' efforts to resolve this issue directly with Amazon were unsuccessful, as Amazon has made clear that it will only act upon clarification from Plaintiffs' counsel. Plaintiffs, in turn, have declined to send a clear corrective communication or to copy defense counsel on any such notice.
> >
> > This extraordinary, additional motion practice should have been entirely unnecessary and **could have been avoided had Plaintiffs simply sent a straightforward email to the affected platforms, copying defense counsel**. In light of Plaintiffs' position and conduct, however, it appears that we have no choice but to proceed with this motion. **Given the highly suspicious circumstance that technically irrelevant Third-Party Respondents have nonetheless been swept into and affected by the TRO, a complete record of Plaintiffs' communications with Amazon is necessary to evaluate whether Plaintiffs engaged in any misconduct or made misleading representations that contributed to this improper overreach.**
> >
> > Consistent with Local Rule 7.1(a)(2), we are circulating this motion in advance of filing.
> >
> > **To Plaintiffs' counsel**: This email constitutes additional notice of the relief we intend to seek. If you have any change in position regarding (1) notifying Amazon, Walmart, BestBuy, and any other affected platforms that there is no operative TRO or preliminary injunction in this case, and (2) **producing your exact communications with those platforms on this issue**, please let us know as soon as possible.
> >
> > **To all defense counsel:** If your clients are similarly affected by continuing platform restraints arising from the now-dissolved TRO and you wish to join in this motion, please let me know by **December 12, 2025**, so that we can add your clients as additional movants before filing. Alternatively, if you prefer, you may file a separate notice of joinder or a short motion adopting the

arguments after our filing; either approach is acceptable to us. A word version of motion is attached for your convenience.

Absent any change in position from Plaintiffs or additional edits from joining defense counsel, we anticipate filing the attached motion on no later than December 15, 2025, in light of the urgency.

Thank you for your attention. Please do not hesitate to contact me if you would like to discuss. Please also note that I am currently in Hong Kong for a deposition, and my present time zone is UTC+8.

Best regards,

Ziqi "Chi" Yu, JD, Esq.

procollider@pm.me

415-519-5274

This message is intended solely for the use of the addressee(s) and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all copies of this message and any attachments and notify the sender immediately. Although this email and any attachments are believed to be free of any virus or other defect that might affect your computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free.

On Tuesday, December 9th, 2025 at 11:56 PM, Rosenthal, Brian <BRosenthal@gibsondunn.com> wrote:

> We disagree.  We provided an accurate statement of the status of the litigation.  And we understand Amazon has already reinstated several accounts.  Amazon is clearly aware of the status of this case.  Any concerns you have about how Amazon or other retailers are responding to the litigation status should be raised with them.
>
> **Brian Rosenthal**
> Partner
>
> T: +1 212.351.2339 | M: +1 703.989.7879
> BRosenthal@gibsondunn.com
>
> **GIBSON DUNN**
> Gibson, Dunn & Crutcher LLP
> 200 Park Avenue, New York, NY 10166-0193
>
> On Dec 9, 2025, at 10:52 AM, Liu, Tao <Tao.Liu@glacier.law> wrote:
>
>> Counsel,
>>
>> Your communication to Amazon is not acceptable. Calling the TRO "expired" and pointing to a PI hearing is plainly calculated to keep the freeze in place. That is improper.
>>
>> You must immediately correct the record to state that **no injunction exists**. Please confirm.
>>
>> We reserve all rights.
>>
>> **TAO LIU | PARTNER**
>> **Glacier Law LLP**
>> 41 Madison Avenue, Suite 2529
>> New York, NY 10010
>> www.glacier.law
>> Direct: +1 (212) 729-5036
>> Office: +1 (212) 729-5759
>>
>> *Privilege and Confidentiality Notice*
>> This email is intended for the sole use of the intended recipient(s) and may contain confidential, proprietary, or privileged information. If you are not the intended recipient, you are notified that any use, review, dissemination, copying or action taken based on this message or its attachments, if any, prohibited. If you are not the intended recipient, please immediately notify the sender by replying this email and destroy or delete all copies of the original message and any attachment. Thank you.
>> ----
>>
>> **From:** Ziqi Yu <ProCollider@pm.me>
>> **Sent:** Sunday, December 07, 2025 11:29 PM
>> **To:** lmaltz@coffeyburlington.com <lmaltz@coffeyburlington.com>; Glandorf, David <DGlandorf@gibsondunn.com>
>> **Cc:** Kevin C. Kaplan <kkaplan@coffeyburlington.com>; Christopher Cheek <ccheek@coffeyburlington.com>; Loisset Dulzaides-Perez <lperez@coffeyburlington.com>; Ramona" <rlin@gibsondunn.com>; szhang@gibsondunn.com <szhang@gibsondunn.com>; bburoker@gibsondunn.com <bburoker@gibsondunn.com>; brosenthal@gibsondunn.com <brosenthal@gibsondunn.com>; David" <dbrzozowski@gibsondunn.com>; mabood@pecklaw.com <mabood@pecklaw.com>; sbateman@pecklaw.com <sbateman@pecklaw.com>; CSemper@pecklaw.com <CSemper@pecklaw.com>;

KOConnor@pecklaw.com <KOConnor@pecklaw.com>; Liu, Tao <Tao.Liu@glacier.law>; wei.wang@glacierlaw.com <wei.wang@glacierlaw.com>; chiyu@114514.esq <chiyu@114514.esq>; will@xyziplaw.com <will@xyziplaw.com>; alove@stearnsweaver.com <alove@stearnsweaver.com>; aruddock@stearnsweaver.com <aruddock@stearnsweaver.com>; vliethen@stearnsweaver.com <vliethen@stearnsweaver.com>; benjamin.bai@cn.kwm.com <benjamin.bai@cn.kwm.com>; harry.feng@cn.kwm.com <harry.feng@cn.kwm.com>; guoyang5@cn.kwm.com <guoyang5@cn.kwm.com>; jamesliulaw@gmail.com <jamesliulaw@gmail.com>; richard.liu@consultils.com <richard.liu@consultils.com>; jared.xu@consultils.com <jared.xu@consultils.com>; sliang@customscourt.com <sliang@customscourt.com>; lcosta@customscourt.com <lcosta@customscourt.com>; lanceliu2000@gmail.com <lanceliu2000@gmail.com>; emilymarieheim540@gmail.com <emilymarieheim540@gmail.com>; emily@bayramoglu-legal.com <emily@bayramoglu-legal.com>; ricardo.ampudia@rimonlaw.com <ricardo.ampudia@rimonlaw.com>
**Subject:** Re: SDFL 25-cv-25323 Request to Notify Amazon of Dissolution of TRO

Dear Counsel,

One of my clients already contacted Amazon directly, provided a copy of the Court's Order, and requested reactivation of our clients' accounts and release of restrained funds. Amazon, however, has responded that it will only act on such requests if they are submitted by Plaintiffs' counsel. As a result, despite the dissolution of the TRO, our clients' accounts and funds remain frozen solely because the platforms are awaiting confirmation from Plaintiffs.

Accordingly, we respectfully request that, no later than **December 10, 2025**, Plaintiffs:

1. Notify **Amazon** in writing that the TRO has been dissolved and that there is **no current order in this case requiring continued restraint** of the accounts or assets of Defendants or the identified Third-Party Respondents;
2. Send similar written notifications to any other affected platforms, including but not limited to **Walmart** and **Best Buy**, confirming that there is no active TRO or preliminary injunction in this action; and
3. Copy all defense counsel on these communications so that we may confirm that the platforms have received accurate and complete information regarding the status of the case.

These steps are necessary to ensure that the Court's Order is given full effect and to prevent ongoing, unnecessary harm to the businesses of Defendants and Third-Party Respondents now that the TRO has been dissolved.

Please confirm by return email whether you will send these notifications by December 10, 2025. If you disagree with this request, kindly let us know promptly so that we may consider raising the issue with the Court.

Best regards,

Ziqi

This message is intended solely for the use of the addressee(s) and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all copies of this message and any attachments and notify the sender immediately. Although this email and any attachments are believed to be free of any virus or other defect that might affect your computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free.

On Friday, December 5th, 2025 at 10:37 PM, Ziqi Yu <ProCollider@pm.me> wrote:

> Dear Counsel,
>
> As you know, the Court has just entered an Order [ECF No. 101] providing that:
>
> 1. "Plaintiffs' Motion to Extend Temporary Restraining Order, [ECF No. 82], is DENIED."
> 2. "The Temporary Restraining Order, dated November 21, 2025, [ECF No. 26], is DISSOLVED by operation of law."
>
> In light of the Court's ruling, there is presently no active restraining order in this case. To avoid any ongoing or unnecessary restraint of Defendants' or Third-Party Respondents' accounts and funds, we respectfully request that Plaintiffs promptly:
>
> 1. Serve a copy of the Court's Order on Amazon; and
> 2. Explicitly clarify to Amazon that, as of the date of the Order, **there is no active TRO or other injunctive restraint in this matter** that would require Amazon to continue freezing or otherwise restraining the accounts or assets of Defendants and Third-Party Respondents in this case.
>
> **We further request that you copy all defense counsel on that communication so that we may confirm that Amazon has been appropriately notified of the current status of the case.**
>
> Please let us know once this has been done, or, if you disagree with this request, please advise so that we may promptly address the issue with the Court if necessary.
>
> Best regards,
>
> Ziqi "Chi" Yu, JD, Esq.

12/11/25, 10:46 PM
Case 1:25-cv-25323-RAR   Document 117-5   Entered on FLSD Docket 12/11/2025   Page 5 of 5
Inbox | fred.gouider@proton.me | Proton Mail

> This message is intended solely for the use of the addressee(s) and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all copies of this message and any attachments and notify the sender immediately. Although this email and any attachments are believed to be free of any virus or other defect that might affect your computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free.

> This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.
>
> Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.