**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO. NO. 25-cv-25323-RAR-LOUIS**

SHARKNINJA OPERATING LLC, *et al.*,

      Plaintiffs,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

      Defendants.

_____

**Reply In Support of Plaintiffs' Motion for Entry of Preliminary Injunction Briefing and Hearing Schedule [ECF No. 104]**

Pursuant to the Court's Order (ECF No. 115), Plaintiffs SharkNinja Operating LLC and SharkNinja Sales Company (collectively, "SharkNinja" or "Plaintiffs") hereby reply to three defendant groups' oppositions to Plaintiffs' Motion for Entry of Preliminary Injunction Briefing and Hearing Schedule [Dkt 104]. In particular, Plaintiffs reply to ECF No. Nos. 105, 107 and 108.

**INTRODUCTION**

Nothing in the Defendants' oppositions provides any basis to delay resolution of Plaintiffs' motion for preliminary injunction. Infringement is clear as day. The two asserted patents are both simple and non-technical. The Court can easily decide whether Plaintiffs are likely or unlikely to ultimately prevail on the merits. No expert testimony or other discovery is necessary. Unlike highly technical patents, like telecommunications or pharmaceutical patents, these patents are

directed to frozen drink makers and the presence or absence of claim elements can be very easily assessed, particularly on a preliminary basis.

Moreover, it is not necessary to resolve certain Defendants' arguments about joinder to assess the appropriateness of a preliminary injunction. It may well be that this case should be severed ultimately into three or more cases as it proceeds into the main stage of the case. Some information is necessary before that happens, including discovery of which products are made by which factory. But the procedural mechanism of severing the case by manufacturer has no bearing on the preliminary injunction issues presently before the Court.

Plaintiffs submit that it is critical to schedule the preliminary injunction briefing and hearing in short order so that further irreparable harm can be avoided. The Court has already dissolved the TRO, and many of the infringing storefronts are back online as a result. During this holiday season—during which a third of Plaintiffs' annual sales are made—the presence of these infringing products on the market is causing enormous and unrecoverable harm to Plaintiffs. Lessing Decl. at ¶ 27. Indeed, every day that goes by without preliminary relief is adding to the harm to Plaintiffs that will never be recovered. Moreover, many Defendants have already responded to Plaintiffs' motion for preliminary injunction [ECF Nos. 60, 63, 70, 73, 78, 109], and Plaintiffs are prepared to file their reply as soon as the Court is ready for it. Plaintiffs request the Court schedule a hearing on their motion for preliminary injunction at the its earliest convenience.

## **ARGUMENT**

Plaintiffs respectfully request that the Court schedule a hearing on its Motion for Preliminary Injunction at the Court's earliest convenience, and ideally within the next week. The Court originally ordered all briefing to be completed and a hearing to be held within 7 days of the Plaintiffs' filing of its opening Motion. In fact, most defendant groups' oppositions within days of

Plaintiffs' Motion. [ECF Nos. 60, 63, 70, 73]. One group has already amended its opposition twice. [ECF Nos. 78, 109]. As of the date of today's filing, it has now been 12 days since Plaintiffs filed their motion. SharkNinja is ready to file its Reply in Support of its Motion for Preliminary Injunction immediately. Plaintiffs believe that Judge Ruiz understood the expediency at issue in this matter, as he explained that he could not hold the hearing because he would be unavailable for the next two weeks.

1. **<u>Plaintiffs are Suffering Irreparable Harm Every Day the Infringing Products Are Available Online</u>**

Plaintiffs submit that it is critical to schedule the preliminary injunction hearing quickly. In one opposition, Defendants make much of the fact that Plaintiffs brought this action before the holiday season. See No. 108 at 2 ("with impeccable precision…"). Counsel for those Defendants made that same point during the Case Management Conference. Plaintiffs fully agree. This action was brought in advance of the holiday season precisely because that is when a significant portion of sales are made. Plaintiffs explained the importance of the timing of this action in their Motion for TRO – the damage done by sales of the multitude of infringing product over the holiday season to SharkNinja is incalculable and irreparable. ECF No. 22-1 at ¶ 27 ("Over the next seven weeks, we would normally expect roughly a third of our annual sales, with the two weeks following Thanksgiving being especially critical. This is only Ninja SLUSHi's second holiday season and likely our last opportunity to cement our product as the original in this category."; *see also, id*. at ¶ 28-31.

The damage to Plaintiffs is evident from a cursory search of online retailers. For example, a quick search on Amazon shows pages and pages of knockoff SLUSHi machines, each virtually indistinguishable from Plaintiffs' original patented product:



Indeed, it is hard to find the original patented product of Plaintiffs on retailers' websites in view of all the knockoffs. The resulting harm to Plaintiffs is extensive. The proliferation of knockoffs dilutes the viral brand appeal that Plaintiffs carefully cultivated when they launched the SLUSHi product. Moreover, SharkNinja has suffered, and will continue to suffer, many millions of dollars of lost sales. Not only are the lost sales difficult to quantify, they will be nearly impossible to collect at the end of this action. ECF No. 22-1 at ¶ 24-25. The Defendants are foreign companies with virtually no assets in the United States. Any financial judgment at the end of this case will be a pyrrhic victory, uncollectable and in name only.

With regard to the upcoming holidays, Defendants present themselves as the aggrieved parties. They are not. None of the Defendants would be bold enough to suggest that they developed this product. To the contrary, every one of the Defendants' product offerings followed SharkNinja's, and looks like a virtual carbon copy of the SLUSHi. To be clear, companies are allowed to follow others into the market, and to offer competing products: but they must respect this country's intellectual property rights when doing so. The Defendants in this case, however, are selling versions of SharkNinja's SLUSHi machine that infringe upon two of SharkNinja's

patents: U.S. Patent Nos. 12,285,028 (the "'028 Patent") and D1,091,236 (the "Design Patent") (collectively, the "SharkNinja Patents").

2. **Likelihood of Success on Infringement Can be Easily Assessed Without Expert Opinions or Additional Discovery.**

Each of the three oppositions rely heavily on the argument that they cannot respond to the motion for preliminary injunction without more evidence of infringement. ECF No. 105 goes so far as to say that the Plaintiffs have never provided evidence "identifying which products sold by the Liu Defendants are allegedly infringing." ECF No. 105 at 2. This is simply not true. Schedule A identifies each and every product accused of infringement, including the seller, the URL, the platform product ID number (such as the Amazon ASIN), photographs of the infringing product, and which of the two SharkNinja patent each product infringes. Likewise, Exhibit 3 establishes that each product was offered for sale into this district. Elsewhere in that opposition, Defendants suggest that Plaintiffs need to serve "an unsealed Schedule A." ECF No. 105 at 3. Schedule A is not sealed and has been available on PACER and the Plaintiffs' service website. ECF No. 21. Likewise, the central argument in the opposition at ECF No. 107 is that Plaintiffs' need to provide defendant-specific infringement allegations. Plaintiffs have already done so, in Schedule A and Exhibit 3.

These requests for additional infringement evidence are merely attempts to obscure the straightforward nature of the SharkNinja patents and their infringement.[1] Claim 1 of the 028 Patent has essentially *two* interrelated inventive elements in a frozen beverage maker – an asymmetric wall on the mixing vessel, which includes a side baffle configured to promote slush flow back into the center. The language of Claim 1 is as follows:

---

1 Currently four defendants have entered into consent agreements that the SharkNinja patents are valid and infringed by their products, and additional defendants have indicated their willingness to do the same.

1. A mixing vessel for a frozen drink maker, the mixing vessel comprising:

   a vessel chamber configured to receive a drink product to be processed, the vessel chamber comprising a front, a rear, a right side, a left side, a top, and a bottom,

   the vessel chamber comprising at least one asymmetric wall portion proximate to at least one of the front or the top of the vessel chamber, and the at least one asymmetric wall portion configured to promote slush flow within the vessel chamber,

   wherein the at least one asymmetric wall portion comprises a side baffle configured to extend laterally along the left side or the right side of the vessel chamber, the side baffle further configured to promote slush flow away from the left side or the right side of the vessel chamber and back toward a center of the vessel chamber.

This is the entire claim. Defendants cannot argue that their products are not each a frozen drink maker with a mixing vessel, nor deny each has a mixing vessel for a drink product with a top, sides, etc. *See* Schedule A. The only question is the presence of the two elements of the mixing vessel: the asymmetric wall portion (i.e., is one wall different than the other), and its side baffle (i.e., an indentation in the wall).

It does not take expert analysis or any additional discovery to assess—especially preliminarily—whether Plaintiffs have a likelihood of prevailing on these elements. *See, e.g.*, *BlephEx, LLC v. Myco Indus., Inc.*, 24 F.4th 1391, 1403 (Fed. Cir. 2022) (citing *New England Braiding Co. v. A.W. Chesterton Co.,* 970 F.2d 878, 883 (Fed. Cir. 1992)) ("Generally, expert testimony is not required at the preliminary injunction stage given the lower burden and because the timing of a preliminary injunction may foreclose the possibility of developing 'a fully comprehensive presentation of [an accused infringer's] defenses.'"). The Defendant Products that are accused of infringing this claim are all, without exception, frozen drink makers that have an

asymmetric mixing vessel that includes a side baffle, just like the SLUSHi. Schedule A shows that, for each product accused on infringing the 028 patent, there is an asymmetric wall portion and side baffle. Defendants have made much ado about requiring additional evidence of infringement, and requiring expert testimony and claim construction in order to evaluate Plaintiffs' theories of infringement. *See, e.g.*, ECF No. 108 at 12. Defendants will have their opportunity to come up with all manner of creative non-infringement arguments in this litigation, but at this stage of the proceeding, when evaluating the likelihood of success, it is clear to the naked eye that these machines all have mixing vessels with an asymmetric wall that includes a side baffle:



It is not a coincidence that each and every product has the asymmetric wall and side baffle *in the same location on the vessel*, namely in the 9:00 to 12:00 region of the vessel (when faced from the front). That is because each of these machines mixes the slush in a clockwise direction, and the side baffle is present at that location so that when the slush is being pushed up along the left wall of the vessel, the side baffle is in place to redirect the flow back to the center of the vessel, limiting the amount of slush that reaches the top of the vessel. The 028 patent teaches exactly this configuration. In the below figure, the asymmetric wall portion and side baffle are seen cleanly:

7



**028 Patent, Figure 5B**

The asymmetry of the vessel is clear – the left side is not the same as the right side. And the left side has a side baffle at element 105, in place to redirect the slush flow. This is the invention claimed in Claim 1 of the 028 patent, and can be seen in the images of each Defendant Product accused of infringing the 028 patent. Each of the products accused of infringing the 028 patent have an asymmetric wall portion and side baffle in the same location as the above figure and as on SharkNinja's SLUSHi product, as explained in the complaint and Motion for TRO, and as can be seen in Schedule A. Plaintiffs' demands for expert testimony at this stage of the case are unsupported, given that the accused elements are plainly present or not, on the exterior of the machines. To the extent that Defendants still deny the ability to recognize these accused elements in their own products, Plaintiffs have attached hereto a chart comparing Defendant products, claim element by claim element, to claim 1 (Exhibit 1).[2]

Infringement of the D236 Design Patent is equally straightforward. The design of the tray

---

[2] Note the Plaintiffs have removed several defendants from this schedule pursuant to consent agreements reached with those sellers.

is shown in the patent:



This is a strikingly simple design, aesthetically distinctive and sleek, and is used to collect drips from the main compartment. Plaintiffs have provided images of all of the accused products, which can be compared to the above figure, as in the following example:



Since the design of the tray and the introduction of its SLUSHi machine, SharkNinja has seen a proliferation of slush machine products that copy this design. Again, it is clear to an ordinary observer from the images of the accused products that they have chosen to employ this same clean, curved look to the drip condensation tray. *See* Schedule A [ECF No. 21-1] The tray itself is a functional item, but the design is what gives the machine its crisp, seamless look in a compact package. The Court is in position to determine whether there is a likelihood of success in determining whether an ordinary observer would consider the Defendants' Products to infringe

this claim. Again, however, to facilitate this comparison, here a chart comparing the design recited in the D236 Patent with each representative Defendant Product (Exhibit 2).

3. **Defendants Request for Severance need not be decided at the Injunction Hearing.**

All parties in this matter agree that the issues relating to the temporary restraining order and preliminary injunction require expedited attention, given the holiday season. There is no need, however, for the parties to address the Defendants' Motion for Severance on the same schedule. As Plaintiffs have repeatedly told Defendants, Plaintiffs agree that severance may be appropriate once the motion for preliminary injunction is decided. At this stage, severance is not necessary to decide the motion for preliminary injunction, because the issues for the defendants are so interrelated – as explained above, the products are strikingly similar, and the issues relating to the harm to SharkNinja are identical.

Furthermore, additional discovery will be necessary to appropriately sever the case. It is clear from the similarities among different products from different sellers that there are only a handful of manufacturers behind the confusing array of sellers and marketplace listings. Indeed, the Glacier Law Group has represented that all of their Defendants' products were made a single factory in China. After discovery about which factories produce which machines has been produced, the case can be appropriately split into different cases, one for each factory.

Accordingly, Plaintiffs request that the briefing on the Motion for Severance proceed along the default motion rules for the district. The Motion was filed on December 4, and thus the deadline for Plaintiffs response should be December 18, with an appropriate hearing date set after.

Dated: December 11, 2025.

Respectfully submitted,

By: /s/ *Kevin C. Kaplan*
**Kevin C. Kaplan, Esq.**
Florida Bar No. 933848
kkaplan@coffeyburlington.com
lperez@coffeyburlington.com
**Christopher E. Cheek, Esq.**
Florida Bar No. 91363
ccheek@coffeyburlington.com
lmaltz@coffeyburlington.com
service@coffeyburlington.com
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse One
Miami, Florida 33133
Telephone: (305) 858-2900 / Fax: (305) 858-5261

*OF COUNSEL*:

**Brian Rosenthal** (admitted *pro hac vice*)
brosenthal@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York NY 10166-0193
Telephone: (212) 351-4000

**Brian Buroker, Esq.** (admitted *pro hac vice*)
bburoker@gibsondunn.com
**Shuo Josh Zhang, Esq.** (admitted *pro hac vice*)
szhang@gibsondunn.com
**David Brzozowski, Esq.** (admitted *pro hac vice*)
dbrzozowski@gibsondunn.com
**Yun Lin, Esq.** (admitted *pro hac vice*)
rlin@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: (202) 955-8500

**David Glandorf, Esq.** (admitted *pro hac vice*)
dglandorf@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
Telephone: (303) 298-5700

*Counsel for Plaintiffs SharkNinja Operating LLC and SharkNinja Sales Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on December 11, 2025, on all counsel or parties of record on the Service List below.

                                                  */s/ Kevin C. Kaplan*
                                                  Kevin C. Kaplan

**SERVICE LIST**
*SharkNinja Operating LLC, et al. v. The Individuals, Corporations, etc.*
Case No. 25-CV-25323-RAR

| | |
|---|---|
| **Ziqi Yu, Esq.**<br>procollider@pm.me<br>chiyu@114514.esq<br>5794 Bird Road, Unit 554<br>Miami, Florida 33155<br>Telephone: (415) 519-5274<br><br>OF COUNSEL:<br><br>**Weilian Song, Esq.** (admitted *pro hac vice*)<br>will@xyziplaw.com<br>XYZ LAW FIRM, LLP<br>2131 9th Street NW, Unit 1-565<br>Washington, D.C. 20001<br>Telephone: (857) 869-1626<br><br>**Chengchen Xu, Esq.** (admitted *pro hac vice*)<br>cc.xu.iplaw@hotmail.com<br>418 Broadway #8555<br>Albany, New York 12207<br>Telephone: (858) 280-5570<br><br>*Counsel for Defendants,*<br>*IceSwirls, Tefoqu, Wongic, Dutepa, Auriswell (on Amazon), Auriswell (on Walmart), Kelteroom*<br>*-and-*<br>*Third Party Respondents,*<br>*Grano Chef, oplace, POFABIK, BLIZZEE, NLNYA, Nyzgax* | **Jianyin Liu, Esq.**<br>jamesliulaw@gmail.com<br>jianyin.cdc@gmail.com<br>THE LAW OFFICES OF JAMES LIU PLLC<br>15750 SW 92nd Avenue, Unit 20C<br>Palmetto Bay, Florida 33157<br>Telephone: (305) 209-6188<br><br>*Counsel for Defendants,*<br>*Velieta Direct (Seller ID:A2F6L2SBP8S37C) and Lingmou (Seller ID:A1I3QAV9AFU29B),*<br>*DIGINAVI E-LINK (HONG KONG) LIMITED,*<br>*DEAPRULL, and SOZT-US*<br>*Bluebow*<br><br>OF COUNSEL:<br><br>**Richard Liu, Esq.** (admitted *pro hac vice*)<br>richard.liu@consultils.com<br>**Jared Xu, Esq.** (admitted *pro hac vice*)<br>jared.xu@consultils.com<br>355 S. Grand Avenue, Suite 2450<br>Los Angeles, California 90071<br>Telephone: (626) 628-8894<br><br>*Counsel for Defendant,*<br>*DIGINAVI E-LINK (HONG KONG) LIMITED* |

| | |
|---|---|
| **Adrienne C. Love, Esq.**<br>alove@stearnsweaver.com<br>aruddock@stearnsweaver.com<br>vliethen@stearnsweaver.com<br>STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.<br>106 East College Avenue, Suite 700<br>Tallahassee, Florida 32301<br>Telephone:  (850) 580-7200<br><br>*OF COUNSEL*:<br><br>**Benjamin Bai, Esq.** (admitted *pro hac vice*)<br>benjamin.bai@cn.kwm.com<br>KING & WOOD MALLESONS, LLP<br>50th Floor, 500 Fifth Avenue<br>New York, New York 10110<br>Telephone(s): (212) 319-4755<br>                    (+86) 21-2412-6097<br><br>**Haolu Feng, Esq.** (admitted *pro hac vice*)<br>harry.feng@cn.kwm.com<br>**Yang Guo, Esq.** (admitted *pro hac vice*)<br>guoyang5@cn.kwm.com<br>KING & WOOD MALLESONS, LLP<br>17F, One ICC, 999 Middle Huai Hai Road<br>Shanghai 200031 China<br>Telephone(s): (206) 499-2956<br>                    (+86) 21-2412-6097<br><br>*Counsel for Defendants,*<br>*Gasbye, Fohere, VNN, PAMBEE and WIE* | **Mitchell Abood, Esq.**<br>mabood@pecklaw.com<br>CSemper@pecklaw.com<br>sbateman@pecklaw.com<br>KOConnor@pecklaw.com<br>Tao.Liu@glacier.law<br>wei.wang@glacierlaw.com<br>PECKAR & ABRAMSON, P.C.<br>One Southeast Third Avenue, Suite 2000<br>Miami, Florida 33131<br>Telephone: (305) 358-2600<br>Facsimile:  (305) 375-0328<br><br>*Counsel for Defendants,*<br>*Ningbo Shangyou E-Commerce Co., Ltd., d/b/a Wizaura, Hubei Zhihuigu Technology Co., Ltd., d/b/a Wizaura, Ningbo Linglingqi Cross-Border E-Commerce Co., Ltd., d/b/a Wizaura, Dongdong Century (Hangzhou) Technology Co., Ltd.,d/b/a Syintao, Dongguan Shuhang Yilian (Hong Kong) Co., Ltd.., d/b/a Haysky, Ningbo Qichui Machinery Co., Ltd., d/b/a Roaaee, Changsha Shuohang E-Commerce Co., Ltd., d/b/a Chivalz, Anqing Xi'a Trading Co., Ltd., d/b/a Chivalz, Zhongshan Jiameng Office Supplies Co., Ltd., ., d/b/a Chivalz, Yantai Renqian E-Commerce Co., Ltd., d/b/a Roromall, Yantai Haiga Trading Co., Ltd., d/b/a Towallmark*<br>*and Third-Party Respondent Shenzhen Manyangda Trading Co., Ltd., d/b/a Lavilys*<br><br>*OF COUNSEL*:<br><br>**Kevin J. O'Connor, Esq.** (*pro hac vice* pending)<br>koconnor@pecklaw.com<br>PECKAR & ABRAMSON, P.C.<br>70 Grand Avenue<br>River Edge, New Jersey 07661<br>Telephone:  (201) 343-3434 |

| | |
|---|---|
| | **Wei Wang, Esq.** (*pro hac vice* pending)<br>wei.wang@glacier.law<br>**Tao Liu, Esq.** (*pro hac vice* pending)<br>tao.liu@glacier.law<br>GLACIER LAW LLP<br>41 Madison Avenue, Suite 2529<br>New York, New York 10010<br>Telephone:  (212) 729-5073<br><br>*Counsel for Defendants,*<br>*Ningbo Shangyou E-Commerce Co., Ltd., d/b/a Wizaura, Hubei Zhihuigu Technology Co., Ltd., d/b/a Wizaura, Ningbo Linglingqi Cross-Border E-Commerce Co., Ltd., d/b/a Wizaura, Dongdong Century (Hangzhou) Technology Co., Ltd.,d/b/a Syintao, Ningbo Qichui Machinery Co., Ltd., d/b/a Roaaee, Changsha Shuohang E-Commerce Co., Ltd., d/b/a Chivalz, Anqing Xi'a Trading Co., Ltd., d/b/a Chivalz, Zhongshan Jiameng Office Supplies Co., Ltd., ., d/b/a Chivalz, Yantai Renqian E-Commerce Co., Ltd., d/b/a Roromall, Yantai Haiga Trading Co., Ltd., d/b/a Towallmark*<br>*and Yantai Kongqueju E-Commerce Co., Ltd., d/b/a ExploreHorizon,*<br>*Ningbo Mengshu Furniture Co., Ltd., d/b/a Oylus, Ningbo Petbobi Pet Products Co., Ltd. d/b/a Rellytech, and Ningbo Gaotong Business Service Co., Ltd., d/b/a FlameMore,*<br>*Dongguan Shenzhaodao Trading Co., Ltd., d/b/a Ezbasics*<br>*-and -*<br>*Third-Party Respondents,*<br>*Hangzhou Shuzhi Interactive Technology Co., Ltd., d/b/a WALKLINK, Yantai Zhirun E-Commerce Co., Ltd., d/b/a, Garvee and Fuzhou Mijia Electric Appliance Co., Ltd., d/b/a REVOTIO* |
| **Shanshan Liang, Esq.**<br>sliang@customscourt.com<br>lcosta@customscourt.com<br>LIANG + MOONEY, PLLC<br>2104 Delta Way, Suite 1<br>Tallahassee, Florida 32303<br>Telephone:  (850) 893-0670 | **Emily M. Heim, Esq.**<br>emilymarieheim540@gmail.com<br>emily@bayramoglu-legal.com<br>733 5th Avenue N., #3<br>St. Petersburg, Florida 33701<br>Telephone: (771) 777-8280 |

| | |
|---|---|
| *OF COUNSEL*:<br><br>**Lance Y. Liu, Esq.** (admitted *pro hac vice*)<br>lanceliu2000@gmail.com<br>15 Minuteman Circle<br>Southbury, Connecticut 06488<br>Telephone:  (203) 706-9536<br><br>**Joseph A. Farco, Esq.** (admitted *pro hac vice*)<br>jfarco@bochner.law<br>BOCHNER PLLC<br>1040 Avenue of the Americas, 15th Floor<br>New York, New York 10018<br>Telephone:  (646) 971-0685<br><br>*Counsel for Defendants,*<br>*(1) Hewcham,*<br>*(2) Eastplus,*<br>*(3) Teendow*<br>*(4) VEVOR (Bestbuy),*<br>*(5) VEVOR (Walmart),*<br>*(6) VEVOR (Amazon)*<br>*(7) HCY Wholesale (Walmart),*<br>*(8) Amaxxo,*<br><br>*Third-Party Respondents,*<br>*(9) VEVOR Store Simplego,*<br>*(10) Eastplus-US*<br>*(11) Kitchen-Store USA,*<br>*(12) BloomMap,*<br>*(13) Vischic Direct,*<br>*(14) LINZHIKEJI,*<br>*(15) ZABINS,*<br>*(16) TATAANTY,*<br>*(17) TOKXTIK,*<br>*(18) LIAPOTT,*<br>*(19) CULVANI,*<br>*(20) Acaspresso,*<br><br>*Third-Party Respondent,*<br>*a TX entity and not on Schedule A.*<br>*(21) ZDINGQIN LLC* | *OF COUNSEL:*<br><br>**Ude Lu, Esq.** (admitted *pro hac vice*)<br>ulu@pvipus.com<br>PV IP<br>6701 Democracy Boulevard, Suite 300<br>Bethesda, Maryland 20817<br>Telephone:  (301) 709-7703<br><br>**Donald R. McPhail, Esq.** (admitted *pro hac vice*)<br>dmcphail@vcip.us<br>VANGUARD CREST P.C.<br>1500 K Street NW, Suite 228<br>Washington, D.C.<br>Telephone:  (771) 777-8280<br><br>*Counsel for Defendants,*<br>*Shenzhen Fengkai Ecommerce Co., Ltd. and*<br>*Hong Kong Huayun Economic & Trade Co., Ltd.* |

| | |
|---|---|
| **Ricardo A. Ampudia, Esq.**<br>ricardo.ampudia@rimonlaw.com<br>eric.cohen@rimonlaw.com<br>mengmeng.luo@rimonlaw.com<br>RIMON, P.C.<br>333 SE 2 Avenue<br>Suite 2000<br>Miami, Florida 33131<br>Telephone:  (202) 991-1516<br><br>*Counsel for Defendant, Sunvivi* | |