UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 25-cv-25323-RAR-LOUIS

SHARKNINJA OPERATING LLC, and
SHARKNINJA SALES COMPANY,

    Plaintiffs,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

    Defendants.
_____/

**PLAINTIFFS' RESPONSE TO CERTAIN
DEFENDANTS'[1] EMERGENCY MOTION [ECF NO. 116]**

Plaintiffs, SHARKNINJA OPERATING LLC and SHARKNINJA SALES COMPANY (collectively, "SharkNinja" or "Plaintiffs"), by and through undersigned counsel, respond to the motion [ECF No. 116] in accordance with the Court's Order striking Defendants' supplement [ECF No. 118]. Ahead of the scheduling conference, SharkNinja makes two points clear:

1) SharkNinja complied with Judge Ruiz's order dissolving temporary restraining order ("TRO") [ECF No. 101]. *See* communications between SharkNinja and retailers regarding the TRO and providing a copy of ECF No. 101 attached here as Exhibits A-D.

2) The Moving Parties seek to compel SharkNinja to do things that ECF No. 101 does not obligate them to do and should not reasonably be required.

---

[1] Defendants IceSwirls, Tefoqu, Wongic, Dutepa, Auriswell (on Amazon), Auriswell (on Walmart), Kelteroom, and the Third-Party Respondents s Grano Chef, oplace, POFABIK, BLIZZEE, NLNYA, and Nyzgax define themselves as the "Moving Parties" in their emergency motion. *See* ECF No. 116 at 4. For ease of reference, SharkNinja adopts that definition for the instant motion.

SharkNinja informed the Moving Parties that its client had done just as Moving Parties requested in its emergency motion: it sent a copy of Judge Ruiz's Order [ECF No. 101] to each online retailer and informed them that the TRO has expired. That is the same substantive relief ordered by Judge Ruiz in the case Moving Parties cited in their emergency motion. *See* ECF No. 166 at 10 (quoting *Hong Kong Leyuzhen Technology Co. Limited v. The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified in Schedule A Hereto*, No. 1:25-cv-22977-RAR, Dkt. No. 41 at p. 2 (S.D. Fla. Sept 4, 2025) ("Plaintiff shall, within twenty-four (24) hours of this Order, serve a copy of the Order on all affected third-party service providers including Amazon . . .")). The attached Exhibits A through D demonstrate that SharkNinja fully complied with Judge Ruiz's order [ECF No. 101]. Judge Ruiz's order [ECF No. 101] contrasts notably with the cited order in *Hong Kong Leyuzhen*: there is no requirement in ECF No. 101 that SharkNinja communicate in any particular way. The Moving Parties' counsel Ziqi Yu is uniquely situated to appreciate the contrast, as he acted as lead counsel in *Hong Kong Leyuzhen*.

Regardless of how it is styled, the gravamen of the Moving Parties' motion is a functional request for a mandatory injunction compelling affirmative action from SharkNinja. It is well understood that when the movant seeks to have the opposing party perform an affirmative act, the burden is even higher than the already lofty standard for injunctive relief: "A mandatory injunction ... especially at the preliminary stage of proceedings, should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party." *Miami Beach Fed. Sav. & Loan Ass'n v. Callander*, 256 F.2d 410, 415 (5th Cir.1958);[2] *Friends of the Everglades, Inc. v. Sec'y of United States Dep't of Homeland Sec.*, No. 25-12873, 2025 WL 2598567, at *11 (11th Cir. Sept. 4, 2025). As described above and demonstrated by the attached communications, SharkNinja is

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

compliant with and has done what Judge Ruiz's order requires. The additional notices Moving Parties seek to compel are not supported and should not reasonably be required. Moreover, SharkNinja submitted a proposed limited temporary restraining order that addressed, *inter alia*, limiting asset restraint to funds derived from the sale of the allegedly infringing products described in Schedule A, confirming that the TRO applied only to the named Defendants identified in Schedule A, and shortening the length of the TRO period from fourteen days ("a like period") to seven days. ECF No. 99. Judge Ruiz decided not to enter that proposed limited temporary restraining order and instead permitted the TRO to "dissolve[] by operation of law." ECF No. 101 at 4. Now, Moving Parties cast aspersions on SharkNinja, seeking relief that Judge Ruiz declined to provide even though SharkNinja proposed it.

In this context, SharkNinja respectfully requests that the Court quickly deny the Moving Parties' sanction requests.[3] "To exercise its inherent power to impose sanctions, a court must find that the party acted in bad faith." *Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enters., LLC*, No. 17-CV-81140, 2025 WL 1440351, at *2–3 (S.D. Fla. May 20, 2025) (citing *McDonald v. Cooper Tire & Rubber Co.*, 186 F. App'x 930, 931 (11th Cir. 2006))."Bad faith exists when the court finds that a fraud has been practiced upon it, or 'that the very temple of justice has been defiled,' or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order." *Allapattah Servs., Inc. v. Exxon Corp*, 372 F. Supp. 2d 1344, 1373 (S.D. Fla. 2005) (Gold, J.) (citations omitted. As demonstrated above, SharkNinja acted in good faith, reasonably communicating Judge Ruiz's order

---

[3] Given the truncated timeframe, SharkNinja has attempted to streamline its response to the issues most germane to the Scheduling Conference. In the event that the Court judges there to be a colorable sanctions issue (SharkNinja submits there is none), SharkNinja respectfully requests entry of an order permitting appropriate time for full briefing on any issues of concern to the Court and respectfully reserves all arguments and issues.

3

to each online retailer. This should end the matter under any applicable standard.[4]

SharkNinja's well-supported legal position is that Defendants are infringing on two patents. SharkNinja is permitted to provide notice of that position to the third-party platform marketplaces. The purpose of the Court's scheduling conference is to establish an efficient and feasible schedule for, among other things, preliminarily evaluating SharkNinja's likelihood of success on those claims of infringement. SharkNinja is completely justified in its continued belief that the preliminary injunction proceedings will move quickly. *See* ECF Nos. 115; 97.

The Moving Parties also seek to impose certain discovery obligations on SharkNinja unrelated to the operative pleading. Again, as an initial matter, SharkNinja has provided to Defendants, earlier this morning, all of its communications with the marketplace platforms concerning Judge Ruiz's Order [ECF No. 101], thus fulfilling the Moving Parties second request for all written communications between Plaintiffs or their counsel and the platforms "relating to the ECF No. 101 Order, the denial of Plaintiffs' motion to extend the TRO, or any statement about whether any TRO or preliminary injunction remains in place." Further discussion of discovery in this context is presently untethered to any pleading and distracts from the prompt resolution of the core issues before the Court. The Parties will have an opportunity to conduct discovery relevant to any Party's claim or defense as the litigation proceeds. An Emergency Motion is not the proper vehicle for accelerating discovery into issues unrelated to the emergency relief sought.

Wherefore, SharkNinja respectfully requests that the Court deny the Moving Parties' motion in its entirety.

Respectfully submitted,

---

[4] "[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1260 (11th Cir. 2014) (quoting Rule 11 advisory committee's note). SharkNinja submits that the better course is to end wasteful digressions concerning sanctions and refocus the Parties on establishing a procedure to efficiently present the substantive issues to the Court.

**Kevin C. Kaplan, Esq.**
Florida Bar No. 933848
kkaplan@coffeyburlington.com
lperez@coffeyburlington.com
**Christopher E. Cheek, Esq.**
Florida Bar No. 91363
ccheek@coffeyburlington.com
lmaltz@coffeyburlington.com
service@coffeyburlington.com
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, PH-1
Miami, Florida 33133
Tel: (305) 858-2900

OF COUNSEL:

**Brian Rosenthal** *(admitted pro hac vice)*
brosenthal@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York NY 10166-0193
Tel: (212) 351-4000

**Brian Buroker** *(admitted pro hac vice)*
bburoker@gibsondunn.com
**Shuo Josh Zhang** *(admitted pro hac vice)*
szhang@gibsondunn.com
**David Brzozowski** *(pro hac vice refiled)*
dbrzozowski@gibsondunn.com
**Yun Lin** *(admitted pro hac vice)*
rlin@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036-4504
Tel: (202) 955-8500

**David Glandorf** *(admitted pro hac vice)*
dglandorf@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1900 Lawrence Street
Suite 3000
Denver, CO 80202-2211
Tel: (303) 298-5700

*Counsel for Plaintiffs SharkNinja Operating LLC and SharkNinja Sales Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 11, 2025, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system, which will provide notice by email to all counsel of record on the Service List below. I further certify that a true and correct copy of the foregoing will be posted to a designated website (https://s20251114sdfla.info/) where copies of the relevant available documents filed in this action may be found.

/s/ Kevin C. Kaplan
Kevin C. Kaplan

| SERVICE LIST |
|---|
| *SharkNinja Operating LLC, et al. v. The Individuals, Corporations, etc.* <br> Case No. 25-CV-25323-RAR |

| | |
|---|---|
| **Ziqi Yu, Esq.** <br> procollider@pm.me <br> chiyu@114514.esq <br> 5794 Bird Road, Unit 554 <br> Miami, Florida 33155 <br> Telephone: (415) 519-5274 <br><br> *OF COUNSEL*: <br><br> **Weilian Song, Esq.** (admitted *pro hac vice*) <br> will@xyziplaw.com <br> XYZ LAW FIRM, LLP <br> 2131 9th Street NW, Unit 1-565 <br> Washington, D.C. 20001 <br> Telephone:  (857) 869-1626 <br><br> **Chengchen Xu, Esq.** (admitted *pro hac vice*) <br> cc.xu.iplaw@hotmail.com <br> 418 Broadway #8555 <br> Albany, New York 12207 <br> Telephone:  (858) 280-5570 <br><br> *Counsel for Defendants,* <br> *IceSwirls, Tefoqu, Wongic, Dutepa, Auriswell (on Amazon), Auriswell (on Walmart), Kelteroom* <br> *-and-* | **Jianyin Liu, Esq.** <br> jamesliulaw@gmail.com <br> jianyin.cdc.@gmail.com <br> THE LAW OFFICES OF JAMES LIU PLLC <br> 15750 SW 92nd Avenue, Unit 20C <br> Palmetto Bay, Florida 33157 <br> Telephone: (305) 209-6188 <br><br> *Counsel for Defendants,* <br> *Velieta Direct (Seller ID:A2F6L2SBP8S37C),* <br> *Lingmou (Seller ID:A1I3QAV9AFU29B),* <br> *DIGINAVI E-LINK (HONG KONG) LIMITED,* <br> *DEAPRULL, and SOZT-US* <br> *Bluebow* <br><br> *OF COUNSEL*: <br><br> **Richard Liu, Esq.** (admitted *pro hac vice*) <br> richard.liu@consultils.com <br> **Jared Xu, Esq.** (admitted *pro hac vice*) <br> jared.xu@consultils.com <br> 355 S. Grand Avenue, Suite 2450 <br> Los Angeles, California 90071 <br> Telephone:  (626) 628-8894 <br><br> *Counsel for Defendant,* <br> *DIGINAVI E-LINK (HONG KONG) LIMITED* |

| | |
|---|---|
| *Third Party Respondents,*<br>*Grano Chef, oplace, POFABIK, BLIZZEE,*<br>*NLNYA, Nyzgax* | |
| **Adrienne C. Love, Esq.**<br>alove@stearnsweaver.com<br>aruddock@stearnsweaver.com<br>vliethen@stearnsweaver.com<br>STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.<br>106 East College Avenue, Suite 700<br>Tallahassee, Florida 32301<br>Telephone:  (850) 580-7200<br><br>*OF COUNSEL*:<br><br>**Benjamin Bai, Esq.** (admitted *pro hac vice*)<br>benjamin.bai@cn.kwm.com<br>KING & WOOD MALLESONS, LLP<br>50th Floor, 500 Fifth Avenue<br>New York, New York 10110<br>Telephone(s): (212) 319-4755<br>                       (+86) 21-2412-6097<br><br>**Haolu Feng, Esq.** (admitted *pro hac vice*)<br>harry.feng@cn.kwm.com<br>**Yang Guo, Esq.** (admitted *pro hac vice*)<br>guoyang5@cn.kwm.com<br>KING & WOOD MALLESONS, LLP<br>17F, One ICC, 999 Middle Huai Hai Road<br>Shanghai 200031 China<br>Telephone(s): (206) 499-2956<br>                       (+86) 21-2412-6097<br><br>*Counsel for Defendants,*<br>*Gasbye, Fohere, VNN, PAMBEE and WIE* | **Mitchell Abood, Esq.**<br>mabood@pecklaw.com<br>CSemper@pecklaw.com<br>sbateman@pecklaw.com<br>KOConnor@pecklaw.com<br>Tao.Liu@glacier.law<br>wei.wang@glacierlaw.com<br>PECKAR & ABRAMSON, P.C.<br>One Southeast Third Avenue, Suite 2000<br>Miami, Florida 33131<br>Telephone: (305) 358-2600<br>Facsimile:  (305) 375-0328<br><br>*OF COUNSEL*:<br><br>**Kevin J. O'Connor, Esq.** (*pro hac vice* pending)<br>koconnor@pecklaw.com<br>PECKAR & ABRAMSON, P.C.<br>70 Grand Avenue<br>River Edge, New Jersey 07661<br>Telephone:  (201) 343-3434<br><br>**Wei Wang, Esq.** (*pro hac vice* pending)<br>wei.wang@glacier.law<br>**Tao Liu, Esq.** (*pro hac vice* pending)<br>tao.liu@glacier.law<br>GLACIER LAW LLP<br>41 Madison Avenue, Suite 2529<br>New York, New York 10010<br>Telephone:  (212) 729-5073<br><br>*Counsel for Defendants,*<br>*Ningbo Shangyou E-Commerce Co., Ltd., d/b/a Wizaura, Hubei Zhihuigu Technology Co., Ltd., d/b/a Wizaura, Ningbo Linglingqi Cross-Border E-Commerce Co., Ltd., d/b/a Wizaura, Dongdong Century (Hangzhou) Technology Co., Ltd.,d/b/a Syintao, Ningbo Qichui Machinery Co., Ltd., d/b/a Roaaee, Changsha Shuohang E-Commerce Co., Ltd., d/b/a Chivalz, Anqing Xi'a Trading Co., Ltd., d/b/a Chivalz, Zhongshan Jiameng Office Supplies Co., Ltd., ., d/b/a Chivalz, Yantai* |

| | |
|---|---|
| | *Renqian E-Commerce Co., Ltd., d/b/a Roromall, Yantai Haiga Trading Co., Ltd., d/b/a Towallmark*<br>*and Yantai Kongqueju E-Commerce Co., Ltd., d/b/a ExploreHorizon*<br>*Ningbo Mengshu Furniture Co., Ltd., d/b/a Oylus, Ningbo Petbobi Pet Products Co., Ltd. d/b/a Rellytech, and Ningbo Gaotong Business Service Co., Ltd., d/b/a FlameMore*<br>*-and -*<br>*Third-Party Respondents,*<br>*Hangzhou Shuzhi Interactive Technology Co., Ltd., d/b/a WALKLINK, Yantai Zhirun E-Commerce Co., Ltd., d/b/a, Garvee and Fuzhou Mijia Electric Appliance Co., Ltd., d/b/a REVOTIO* |
| **Shanshan Liang, Esq.**<br>sliang@customscourt.com<br>lcosta@customscourt.com<br>LIANG + MOONEY, PLLC<br>2104 Delta Way, Suite 1<br>Tallahassee, Florida 32303<br>Telephone:  (850) 893-0670<br><br>*OF COUNSEL*:<br><br>**Lance Y. Liu, Esq.** (admitted *pro hac vice*)<br>lanceliu2000@gmail.com<br>15 Minuteman Circle<br>Southbury, Connecticut 06488<br>Telephone:  (203) 706-9536<br><br>*Counsel for Defendants,*<br>*(1) Hewcham,*<br>*(2) Eastplus,*<br>*(3) Teendow*<br>*(4) VEVOR (Bestbuy),*<br>*(5) VEVOR (Walmart),*<br>*(6) VEVOR (Amazon)*<br>*(7) HCY Wholesale (Walmart),*<br>*(8) Amaxxo,*<br><br>*Third-Party Respondents,*<br>*(9) VEVOR Store Simplego,*<br>*(10) Eastplus-US* | **Emily M. Heim, Esq.**<br>emilymarieheim540@gmail.com<br>emily@bayramoglu-legal.com<br>733 5th Ave. N., #3<br>St. Petersburg, Florida 33701<br>Telephone: (771) 777-8280<br><br>*OF COUNSEL:*<br><br>**Ude Lu, Esq.** (*pro hac vice* pending)<br>ulu@pvipus.com<br>PV IP<br>6701 Democracy Boulevard, Suite 300<br>Bethesda, Maryland 20817<br>Telephone:  (301) 709-7703<br><br>**Donald R. McPhail, Esq.** (*pro hac vice* pending)<br>dmcphail@vcip.us<br>VANGUARD CREST P.C.<br>1500 K Street NW, Suite 228<br>Washington, D.C.<br>Telephone:  (771) 777-8280<br><br>*Counsel for Defendants,*<br>*Shenzhen Fengkai Ecommerce Co., Ltd. and Hong Kong Huayun Economic & Trade Co., Ltd.* |

| | |
|---|---|
| *(11) Kitchen-Store USA,*<br>*(12) BloomMap,*<br>*(13) Vischic Direct,*<br>*(14) LINZHIKEJI,*<br>*(15) ZABINS,*<br>*(16) TATAANTY,*<br>*(17) TOKXTIK,*<br>*(18) LIAPOTT,*<br>*(19) CULVANI,*<br>*(20) Acaspresso,*<br><br>*Third-Party Respondent,*<br>*a TX entity and not on Schedule A.*<br>*(21) ZDINGQIN LLC* | |
| **Ricardo A. Ampudia, Esq.**<br>ricardo.ampudia@rimonlaw.com<br>RIMON, P.C.<br>333 SE 2 Avenue<br>Suite 2000<br>Miami, Florida 33131<br>Telephone:  (202) 991-1516<br><br>*Counsel for Defendant, Sunvivi* | |