UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-25323-RAR

SHARKNINJA OPERATING LLC, and
SHARKNINJA SALES COMPANY

      Plaintiffs,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

      Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Plaintiffs initiated this action by filing their Complaint ("Complaint" or "Compl.") on November 14, 2025, asserting claims of patent infringement against multiple defendants, relating to Plaintiffs' U.S. Patent Nos. 12,285,028 (the "'028 Patent" or the "Utility Patent") and D1,091,236 (the "'236 Design Patent" or the "Design Patent"). *See* Compl. The Court granted Plaintiffs' motion to alternative service on November 21, 2025. Dkt. No. 31. On November 28, Plaintiffs filed Motion for Preliminary Injunction ("PI Motion"). Dkt. No. 37.

Acting via their designated legal representatives, Defendants Gasbye, Fohere, VNN, PAMBEE, and WIE (collectively "Defendants") hereby move to dismiss Plaintiffs' Complaint. As explained below, the Complaint should be dismissed because Plaintiffs have failed to (1) establish personal jurisdiction over Defendants; and (2) state a plausible claim.

## I.     STATEMENT OF RELEVANT FACTS

Defendant Gasbye is owned by Shenzhen Dianzilai Technology Co., Ltd., organized and

existing under the laws of People's Republic of China, located at Suite 6501-2(1), 65th Floor, West Tower, Galaxy WORLD Twin Towers No. 8 Yaxing Road, Longgang District, Shenzhen, Guangdong Province, People's Republic of China. Its Accused Product is Amazon ASIN B0F54QXHGX. *See* Dkt. No. 21-1 at 39.

Defendant Fohere is owned by Shenzhen Fuduosi Trade Co., Ltd., organized and existing under the laws of People's Republic of China, located at Unit 200, Building 1, No. 2 Haiwan Road, Nanshan District, Shenzhen, Guangdong Province, People's Republic of China. Its Accused Products are Walmart SKUs 13237064625 and 13720319876, and Amazon ASINs B0F1CX9BDK and B0F1CXXM1G. *See id.* at 26, 33 & 48. Though not asserted as infringing products in this case, Fohere also has two products (ASINs B0FR9C7RPY and B0FSQHLWG4) likely affected by the TRO.

Defendant VNN is owned by Shanghai Dayou Technology Co., Ltd., organized and existing under the laws of People's Republic of China, located at Room 201, Area A, 2388 Hutai Road, Baoshan District, Shanghai, People's Republic of China. Its Accused Product is Amazon ASIN B0F8TYD6L6. *See id.* at 62.

Defendant PAMBEE is owned by Shenzhen Jikejiyuan Innovative Technology Co., Ltd., organized and existing under the laws of People's Republic of China, located at Room 103, 1st Floor, Building 14, Yunli Smart Park, 6 Changfa Middle Road, Longgang District, Shenzhen, Guangdong Province, People's Republic of China. Its Accused Product is Amazon ASIN B0F3CMMQP3. *See id.* at 61.

Defendant WIE is owned by Ovan (Hong Kong) Technology Limited, organized and existing under the laws of Hong Kong SAR, located at 19H Maxgrand Plaza, NO.3 Tai Yau, Hong Kong SAR. Its Accused Product is Amazon ASIN B0FFGR6DG9. *See id.* at 40.

Defendants' accused products are collectively referred to as "Accused Products" herein. As background information, none of the Defendants maintain any offices, employees, agents, bank accounts, or other physical presence in Florida or has had any manufacturing operations in the United States, including Florida.

## II.   <u>LEGAL STANDARD</u>

### A.  Legal Standards of Personal Jurisdiction

In a seminal case involving patent infringement disputes, the Federal Circuit held that the jurisdictional inquiry is "intimately involved with the substance of the patent laws," and therefore conferring "no special deference to regional circuit law" and applying its own precedent that is necessary to promote judicial efficiency, uniformity, and consistency in the enforcement of patent rights. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564–65 (Fed. Cir. 1994), *cert. dismissed,* 512 U.S. 1273 (1994). The Federal Circuit has long upheld that principle. *See, e.g., Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995) (reviewing personal jurisdiction for out-of-state defendant *de novo*); *accord Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002); *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008); *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009); *see also Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003) (holding that Federal Circuit law applies to the patent claim and circuit law applies to the state law claims). Even if non-patent claims are presented, if the question of infringement is critical to liability determination, Federal Circuit law still governs personal jurisdiction to those non-patent claims. *See Breckenridge Pharm., Inc. v. Metabolite Lab'ys, Inc.*, 444 F.3d 1356, 1362 (Fed. Cir. 2006) (holding that Eleventh Circuit law does not apply to personal jurisdiction for state tort claims because they are sufficiently intertwined with enforcement of patent rights).

This Court follows Federal Circuit law, rather than the law of the Eleventh Circuit, in adjudicating the issue of personal jurisdiction in patent cases. *See Vivant Pharms., LLC v. Clinical Formula, LLC*, No. 10-21537-Civ-COOKE/B, 2011 U.S. Dist. LEXIS 37343, at *7 (S.D. Fla. Mar. 31, 2011) (citing *Elecs. for Imaging, Inc. v. Coyle*). Under Federal Circuit law, "[d]etermining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Autogenomics v. Oxford Gene Technology*, 566 F.3d at 1017.

Florida's long-arm statute provides specific jurisdiction for "any cause of action arising from … [c]omitting a tortious act within [Florida]." FLA. STAT. § 48.193(1)(a)(2). If Florida's long-arm statute is satisfied, a three-part federal due process analysis follows: "(1) whether the defendant purposefully directed its activities at residents of the forum state, (2) whether the claim arises out of or relates to the defendant's activities with the forum state, and (3) whether assertion of personal jurisdiction is reasonable and fair." *Celgard v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015). Personal jurisdiction can be "general" or "specific." Specific personal jurisdiction is limited to claims that "arise out of or relate to" the defendant's contacts with the forum. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021).

**B. Legal Standards of Motion to Dismiss for Failure to State a Claim**

A court considering a motion to dismiss, filed under Federal Rules of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (cleaned up). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A plaintiff "cannot assert a plausible claim for infringement under the Iqbal/Twombly standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corporation of America*, 4 F.4th 1342, 1352 (Fed. Cir. 2021).

### III.   ARGUMENT

**A.  Plaintiffs Have Failed to Make a *Prima Facie* Showing of Personal Jurisdiction.**

The Court should dismiss the Complaint for Plaintiffs' failure to establish personal jurisdiction over Defendants. Plaintiffs have the burden of establishing a *prima facie* case of personal jurisdiction. *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1309 (Fed. Cir. 2012); *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

Plaintiffs fail to make a *prima facie* showing of personal jurisdiction over Defendants. The only evidence provided by Plaintiffs is a set of screenshots showing that the Accused Products *can* be sold to Florida. Dkt. No. 22-1, Lessing Decl. ¶ 19. However, Federal Circuit law has consistently and unambiguously held that evidence showing online hypothetical purchases alone cannot establish jurisdiction over an out-of-state defendant. *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1378 (Fed. Cir. 2017). Plaintiffs' argument is based on case law that does not apply to patent infringement actions. *See, e.g., Coyle*, 340 F.3d at 1348. Moreover, Plaintiffs have failed to prove that the Florida long-arm jurisdiction statute is satisfied here. FLA. STAT. § 48.193(1)(a)(2). It follows that Plaintiffs' Complaint should be dismissed for failure to establish

personal jurisdiction.

**1.    Plaintiffs Have Failed to Prove Actual Sale of Accused Products to Florida, Which is Required under Federal Circuit Law to Establish Personal Jurisdiction.**

The only jurisdictional evidence provided by Plaintiffs is a Declaration of Plaintiffs' employee and a set of screenshots containing the Accused Products. Dkt. No. 37 at 8; Dkt. No. 22-1 at ¶¶ 16–19. The Lessing Declaration does not allege that any of the Accused Products have been sold to Florida; it only alleges that Plaintiffs have "proof of offers for sale accessible to consumers in the Southern District of Florida that *can* be shipped to the Southern District of Florida." Dkt. No. 22-1 at ¶ 19 (emphasis added). Relying on Lessing Declaration, Plaintiffs argued that this Court has "personal jurisdiction over websites offering for sale and selling infringing merchandise that is offered for sale or sold without authorization to Florida residents over the internet." Dkt. No. 37 at 8 (citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013)).

Here, Plaintiffs' reliance on *Louis Vuitton Malletier, S.A. v. Mosseri* is misplaced. It is well-established that "Federal Circuit law governs personal jurisdiction in patent infringement actions." *Vivant Pharms., LLC v. Clinical Formula, LLC*, No. 10-21537-Civ-COOKE/B, 2011 U.S. Dist. LEXIS 37343, at *7 (S.D. Fla. Mar. 31, 2011) (citing *Coyle*, 340 F.3d at 1348); *Akro*, 45 F.3d at 1543. This is because "the jurisdictional issue is intimately involved with the substance of the patent laws." *Autogenomics*, 566 F.3d at 1016 (cleaned up).

Federal Circuit law unambiguously rejects Plaintiffs' theory that personal jurisdiction over an out-of-state online store can be established by a hypothetical purchase showing an in-state resident *could* purchase from defendant's website. *NexLearn*, 859 F.3d at 1378. Without evidence of actual sales to the forum state, Defendant's website is "conceptually no different than operating an out-of-state store. That a store would accept payment from a hypothetical out-of-state resident

and ships its product there does not create a substantial connection for an infringement claim between the store and the hypothetical resident's forum state." *Id.* at 1379. Here, Plaintiffs' only basis of personal jurisdiction is screenshots showing each Defendant's online store "offers for sale accessible to consumers in the Southern District of Florida that *can* be shipped to the Southern District of Florida." Dkt. No. 22-1 at ¶ 19. The Federal Circuit has consistently and unambiguously held these contacts insufficient to establish jurisdiction. *NexLearn*, 859 F.3d at 1378 ("The existence of [Defendant's] website, without more, is insufficient to show that Defendant has minimum contacts with [forum state.]"). *See also Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1281–82 (Fed. Cir. 2005) (Absent evidence that "any District residents have ever actually used [Defendant] website to transact business," Plaintiffs' allegations were insufficient to show specific jurisdiction existed.); *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1235 (Fed. Cir. 2010) (holding "this court cannot determine that Abbyy Software purposefully availed itself of the privilege of conducting activities in California by some affirmative act or conduct, and that Nuance's claims arise out of those activities," although Abbyy Software maintained a website that ''promotes the sale of [the infringing] products in California''); *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008) (not relying on defendant's website as a contact for specific jurisdiction and specifying in the general jurisdiction context, "maintenance of a website is also insufficient to give rise to general jurisdiction over the defendants in the State of Washington, as the website is not directed at customers in Washington and does not appear to have generated any sales in Washington").

To establish personal jurisdiction over Defendants, Plaintiffs must show "evidence that [Defendants] purposefully availed themselves of [Florida] and that [Plaintiff's] claim arises out of or relates to those contacts." *NexLearn*, 859 F.3d at 1378. Plaintiffs have failed to do so. The

Complaint should be therefore dismissed.

**2.      Florida's Long-Arm Statute Is Not Satisfied Here.**

Assuming *arguendo* that Plaintiffs were able to satisfy federal due process, it cannot satisfy Florida's long-arm statute. Florida's long-arm statute provides specific jurisdiction for "any cause of action arising from … [c]omitting a tortious act within [Florida]." FLA. STAT. § 48.193(1)(a)(2). If a defendant operates a website accessible to consumers in Florida, "unrebutted allegations of 'multiple sales into Florida' through a defendant's website are sufficient to support a finding that the defendant's acts 'cause[d] injury within Florida' in satisfaction of the long-arm statute's specific personal jurisdiction requirements." *Royal Enamel Ltd. v. JD E-Com. Am. Ltd.*, No. 22-CV-23990-DPG, 2024 WL 5074976, at *3 (S.D. Fla. Dec. 11, 2024).

Here, the Complaint does not include even a scintilla of evidence on whether actual sales by Defendants to this Forum ever occurred. *See* Dkt. No. 37 at 8; Dkt. No. 22-1 at ¶¶ 16–19. Instead, the Complaint includes only barebones, conclusory, and inaccurate allegations that fail Plaintiffs' "initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *See United Tech. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009).

In *Licciardello*, the Eleventh Circuit made a statement that "in this case the alleged infringement clearly also occurred in Florida by virtue of the website's accessibility in Florida." *Licciardello*, 544 F.3d at 1283. However, such a statement cannot be taken out of context. As recently summarized in *PeopleShare, LLC v. Vogler*, 601 F. Supp. 3d 1276 (S.D. Fla. 2022), which discusses *Licciardello*, this Court noted that "the plaintiff [of *Licciardello*] as [*sic*] the owner of the trademark resided in Florida." *PeopleShare,* 601 F. Supp. 3d at 1282. "*Licciardello* does not support the conclusion that a plaintiff sustains an injury in Florida regardless of where the plaintiff is located simply because a website can be accessed in Florida" because "such a broad holding

would subject every company or individual that has a website anywhere in the world, and whose website can be accessed in Florida, to suit in Florida." *Id.* This Court expressly acknowledged that "accessibility was sufficient in *Licciardello* because the plaintiff was located in Florida and therefore sustained an injury in Florida." *Id.* at 1283.

Here the Complaint expressly stated that both Plaintiffs were incorporated in Delaware and have principal places of business in Massachusetts. Dkt. No. 1 at ¶¶ 16–17. Therefore, Plaintiffs' own absence from Florida prevents them from establishing jurisdiction under Florida's long-arm statute.

### B.  Plaintiffs' Complaint Should Be Dismissed For Failure to State a Claim

A patent infringement determination generally involves a two-step analysis. In the first step, any disputes over the meaning of the patent claims must be resolved by the court; then, a comparison is made to the accused product to determine whether it falls within the scope of the patent claims. *Optikam Tech Inc. v. Am. Bright Signs, Inc.*, No. 23-CV-23597-RAR, 2024 WL 5263795, at *1 (S.D. Fla. June 13, 2024) (J. Ruiz) (citing *Grober v. Mako Prod., Inc.*, 686 F.3d 1335, 1344 (Fed. Cir. 2012)).

### 1.    Plaintiffs Have Failed to Plead Infringement of the Utility Patent.

A plaintiff "cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corporation of America*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). In the Complaint, rather than presenting product-by-product evidence demonstrating infringement of the Utility Patent and the Design Patent ("Asserted Patents") by the Accused Products, Plaintiffs simply slap one or two blurred "exemplary images" for each accused product (*see* Dkt. No. 21-1[1]

---

[1] Dkt. No. 21-1 is reproduced along with Plaintiffs' Motion for TRO. The original version filed along with Complaint is still under seal.

at 26, 33, 39, 40, 48, 61, & 62, reproduced below), then call the job done and ask the Court to conclude infringement for both Asserted Patents based on such inadequate evidence. This is the exact approach contemplated and held insufficient by the Federal Circuit in *Bot M8*.

| Gasbye | Amazon | B0F54QXHGX | https://www.amazon.com/Gasbye-Slushie-Machine-Capacity-Milkshakes/dp/B0F54QXHGX | China |  |
|---|---|---|---|---|---|
| Wie | Amazon | B0FFGR6DG9 | https://www.amazon.com/WIE-Self-Cleaning-Smoothie-Margaritas-Cocktails/dp/B0FFGR6DG9 | China |  |
| Pambee | Amazon | B0F3CMMQP3 | https://www.amazon.com/PAMBEE-Self-Cleaning-Settings-Margarita-Milkshakes/dp/B0F3CMMQP3 | China |  |

| Vnn | Amazon | B0F8TYD6L6 | https://www.amazon.com/VNN-Slushie-Machine-Auto-Clean-Margaritas/dp/B0F8TYD6L6 | China |  |
| Fohere | Amazon | B0F1CX9BDK | https://www.amazon.com/15-Minute-Professional-Reservation-Self-Clean-Margaritas/dp/B0F1CX9BDK | China |  |
| Fohere | Amazon | B0F1CXXM1G | https://www.amazon.com/Slushie-Margarita-Auto-Clean-Freshness-Slushies/dp/B0F1CXXM1G | China |  |
| Fohere | Walmart | 13237064625 | https://www.walmart.com/ip/Professional-Slushie-Machine-5-Presets-Frozen-Margaritas-Frapp-s-Milkshakes-Black-FOHERE/13237064625 | China |  |
| Fohere | Walmart | 13720319876 | https://www.walmart.com/ip/Professional-Frozen-Drink-Maker-Quickfreeze-Technology-Frozen-Drink-Slushie-Machine-5-Preset-Programs-Frozen-Margaritas-Frapp-s-More-Black-FOHERE/13720319876 | China |  |

Specifically, for the Utility Patent, paragraph 69 of the Complaint presents a skeletal chart containing three small images and a solitary label reading "side baffle." Dkt. No. 1 at ¶ 69, reproduced below.



The PI Motion also centered Plaintiffs' infringement allegations on the "side baffle." Dkt. No. 37 at 5–6 & 12. However, neither the Complaint nor the PI Motion addresses the remaining limitations of claim 1 or identifies which specific structures in the accused product allegedly satisfy those

requirements.

Specifically, neither the Complaint nor the PI Motion provides any factual support to the infringement allegation of the claimed feature that "the side baffle further configured to promote slush flow away from the left side or the right side of the vessel chamber and back toward a center of the vessel chamber." '028 Patent, Claim 1. These functional features cannot be ascertained by static photos. To the contrary, Plaintiffs conclusorily stated that the images in the Schedule A (Dkt. No. 21-1) "demonstrate" the above claimed features. Dkt. No. 37 at 6. However, "attorney arguments are neither facts nor evidence." *Optikam Tech*, 2025 WL 2840613, at *5. Because the Complaint does nothing more than merely "reciting the claim elements and merely concluding that the accused product has those elements," Plaintiffs have failed to state a plausible claim that the Utility Patent has been infringed. *Bot M8,* 4 F.4th at 1352.

**2.    The Accused Products Do Not Infringe the '236 Design Patent.**

Under the *Gorham* ordinary observer test, a design infringes a design patent if two designs are substantially the same such that "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives . . . the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871).

The '236 Patent is directed to a design of collection tray. Collection trays are common, basic functional articles. "When the claimed design is close to the prior art designs, small differences between the accused design and the claimed design are likely to be important to the eye of the hypothetical ordinary observer." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676 (Fed. Cir. 2008). Arch-shaped collection trays are known in the art. Therefore, the patentability of the design, if anything, cannot be the general shape.  To an ordinary observer, any uniqueness

of the '236 Patent design, compared to ordinary collection trays, lies only in its front shell, which bends slightly inward at both the left and right sides, forming a knife edge pointing upwards. Plaintiffs' own product also incorporated this design. However, this feature is not present in Accused Products, as the following comparison shows:



| '236 Design Patent | |
|---|---|
| Plaintiffs' Product | |

| Accused Product[2] |  |

The front shell of the Accused Product does not bend inward; nor does it form a knife edge pointing upwards.  Because the Accused Products are different from '236 Design Patent in light of prior art, Accused Products do not infringe '236 Design Patent.

Moreover, the '236 Design Patent includes a tray part that was hidden during normal use, which is also part of the patent claim. *See* Dkt. 1-2, FIG 1 (reproduced below with emphasis added).

---

[2] To avoid redundancy, only one Accused Product's picture is produced here. Dkt. No. 1 at 48. But the same argument equally applies to all Accused Products. *See* Dkt. No. 1 at 39 (Gasbye), 40 (WIE), 48 (Fohere), 61 (Pambee), 62 (VNN).



FIG. 1

Plaintiffs' Complaint does not even attempt to make a defendant-specific comparison between the Accused Product and the '236 Design Patent with respect to the hidden tray part. Instead, Plaintiffs only one "comparison of figures from SharkNinja's Design Patent to *exemplary images* of the Defendants' Infringing Products sold on the Internet Stores" with a claim chart reproduced below. Dkt. No. 1 at ¶ 75.



| U.S. Patent No. D1,091,236 | Exemplary Defendant Internet Store Offerings |
|---|---|

The alleged infringing collection tray in the Complaint is unmarked. *Id.* Plaintiffs does not allege—and nothing in the Complaint could reasonably support a belief—that all 110 accused products include the exact collection tray. For this reason alone, Plaintiffs' Complaint fails to state a claim that Defendants infringed the '236 Design Patent.

**3.    The '236 Design Patent is Invalid for Being Functional and Concealed in Normal Use**

A design that is "primarily functional" does not qualify for design patent protection under 35 U.S.C. § 171. *See Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293–94 (Fed. Cir. 2010); *see also M.P.E.P.* 1504.01(c)(I) ("An ornamental feature or design has been defined as one which was created for the purpose of ornamenting and cannot be the result or merely a by-product of functional or mechanical considerations.") (cleaned up). In assessing whether a design is dictated

by function, courts consider whether the claimed design: (1) is necessary to use the claimed article for its intended purpose; (2) affects the cost or quality of the article; (3) has alternatives that could achieve the same function; (4) is praised through advertisements; (5) is in a concomitant utility patent as having performance or other utilitarian advantages; (6) results from manufacturing constraints. *See Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1322 (Fed. Cir. 2016); *see also Auto. Body Parts Ass'n v. Ford Glob. Techs., LLC*, 930 F.3d 1314, 1319 (Fed. Cir. 2019) (citing *Berry Sterling Corp. v. Pescor Plastics, Inc.*, 122 F.3d 1452, 1456 (Fed. Cir. 1997)).

Both the '028 Patent and the '236 Design Patent are continuations of U.S. utility patent application No. 18/415,817, filed on Jan. 18, 2024. *See* Dkt. Nos. 1-1, 1-2, front page. It follows that the '028 Patent is a concomitant utility patent of the '236 Design Patent. In the '028 Patent, the collection tray is depicted as Component 220 in FIG. 2, reproduced below.



**FIG. 2**

The Specification of the '028 Patent unambiguously provides "FIG. 2 shows tray 220 in the inserted position. Tray 220 may be insertably removable from a slot within housing 102 to *enable collection of condensed liquid when inserted into the slot* and then efficient removal to empty tray 220, and then re-insertion into the slot for subsequent liquid collection." Dkt. No. 1-1, ¶ 0036 (emphasis added). It is therefore clear that the collection tray "enable[s] collection of condensed liquid," therefore being functional.

Moreover, the semi-cylindrical shape of the tray is a desired function in the '028 Utility Patent which has no alternative design. For that function, the shape of the tray must be semi-cylindrical to fit for the cylindrical evaporator 202. Indeed, the '028 Patent discloses no alternative design for the shape of the evaporator 202. *See id.* Therefore, the shape of the collection tray in the '236 Patent has no alternative design that could achieve the same function. *See Sport Dimension*, 820 F.3d at 1322.

Besides functionality, the patentability of a design cannot be based on elements which are concealed in the normal use of the device to which the design is applied. *See Auto. Body Parts*, 930 F.3d at 1321 (citing *In re Webb*, 916 F.2d 1553, 1557–58 (Fed. Cir. 1990)); *see also M.P.E.P.* 1504.01(c)(III)(B) ("a design not visible in its normal and intended use as evidence that its appearance is not a matter of concern"). The "normal use" includes occasions of sale and display. *See In re Webb*, 916 F.2d at 1557 ("The likelihood that articles would be observed during occasions of display or sale could have a substantial influence on the design or ornamentality of the article."). Here, the collection tray as claimed by the '236 Design Patent is concealed (except the surface 510) in its normal use where it is inserted into the housing 102 of the frozen drink maker 100. *See* Dkt. No. 1 at ¶¶ 22 & 37, reproduced below.



Figure 3: SharkNinja
SLUSHi

The overall appearance of the claimed tray is almost completely inside the machine 100 and cannot be observed "during occasions of display or sale," thus bearing no "substantial influence on the design or ornamentality." In fact, the product images provided by Plaintiffs themselves clearly show that the collection tray is invisible during sales and display. Dkt. No. 1 at ¶¶ 22, 37. For this reason alone, the '236 Design Patent is invalid.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' Complaint be DISMISSED.

December 15, 2025

Respectfully submitted.

By: /s/Adrienne Love
Adrienne C. Love (Fla. Bar No. 85956)
**STEARNS WEAVER MILLER
WEISSLER ALHADEFF &
SITTERSON, P.A.**
106 East College Avenue, Suite 700
Tallahassee, FL 32301
Telephone: (850) 329-4847
E-mail:  alove@stearnsweaver.com

J. Benjamin Bai (*pro hac vice forthcoming*)
Texas Bar No. 24001675
**King & Wood Mallesons LLP**
500 Fifth Avenue, 50th Floor
New York NY 10110
Telephone: (212) 319-4755
E-mail: benjamin.bai@cn.kwm.com

Haolu Feng (*pro hac vice forthcoming*)
D.C. Bar No. 90001026
**King & Wood Mallesons**
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui District
Shanghai 200031 China
Telephone: (206) 499-2956
Email: harry.feng@cn.kwm.com

Yang Guo (*pro hac vice forthcoming*)
New York Bar No. 5897251
**King & Wood Mallesons**
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui District
Shanghai 200031 China
Telephone: (628) 999-0922
Email: guoyang5@cn.kwm.com


*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on December 15, 2025, a true and correct copy of the foregoing was electronically filed using CM/ECF, which serves electronic notice on all counsel of record and registered CM/ECF users.

By: <u>/s/ AdrienneLove          </u>
Adrienne Love