**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

SHARKNINJA OPERATING LLC, and
SHARKNINJA SALES COMPANY,

              Plaintiff,                    Case No.: 1:2025-cv-25323-RAR-LL

    v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

              Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF
PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... iii

    I.    INTRODUCTION ............................................................................................. 4

    II.   THE LEGAL STANDARD FOR PRELIMINARY INJUCTION ........................... 9

    III.  ARGUMENTS ................................................................................................... 9

    IV.  Noninfringement of the '028 Patent ........................................................ 10

    V.   INVALIDITY OF THE '028 PATENT .............................................................. 12

    VI.  NON-INFRINGEMENT OF THE 'D236 PATENT .............................................. 17

    VII.  PLAINTIFFS HAVE FAILED TO SHOW ANY LEGALLY
          RECOGNIZED HARM ..................................................................................... 18

    VIII. ENTRY OF A PRELIMINARY INJUNCTION WOULD BE UNJUST
          AND HARMFUL TO THE PUBLIC .................................................................. 19

    IX.  CONCLUSION ................................................................................................. 19

## <u>TABLE OF AUTHORITIES</u>

Page(s)

Cases

*Altana Pharma AG v. Teva Pharms. USA, Inc.*,
    566 F.3d 999 (Fed. Cir. 2009) ........................................................................ 12

*Contessa Food Prods., Inc. v. Conagra, Inc.*,
    282 F.3d 1370 (Fed. Cir. 2002) ..................................................................... 18

*Corning Glass Works v. Sumitomo Electric, USA, Inc.*,
    868 F.2d 1251 (Fed. Cir. 1989) ..................................................................... 10

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
    535 U.S. 722 (2002) ...................................................................................... 12

*Jeneric/Pentron, Inc. v. Dillon Co., Inc.*,
    205 F.3d 1377 (Fed. Cir. 2000) ..................................................................... 10

*Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*,
    51 F.3d 982 (11th Cir. 1995) ........................................................................... 9

*London v. Carson Pirie Scott & Co.*,
    946 F.2d 1534 (Fed. Cir. 1991) ..................................................................... 11

*Rel Schindler v. Schiavo*,
    403 F.3d 1223 (11th Cir. 2005) ....................................................................... 9

*Spectrum Pharm., Inc. v. Sandoz Inc.*,
    802 F.3d 1326 (Fed. Cir. 2015) ..................................................................... 11

*Tinnus Enters., LLC v. Telebrands Corp.*,
    846 F.3d 1190 (Fed. Cir. 2017) ..................................................................... 12

*Wahpeton Canvas Co., v. Frontier, Inc.*,
    870 F.2d 1546 (Fed. Cir. 1989) ..................................................................... 10

*Warner-Jenkinson Co., Ltd. v. Hilton Davis Chemical Co.*,
    520 U.S. 17 (1997) ........................................................................................ 10

*Water-Meter Co. v. Desper*,
    101 U.S. 332 (1880) ...................................................................................... 11

Defendants Hewcham, Eastplus, Eastplus-US, Teendow (Target), Teendow (Bestbuy), VEVOR Distribution Store (Bestbuy), VEVOR Distribution Store (Walmart), VEVOR Store, Simplego, HCY Wholesale (Walmart), Kitchen-Store USA, BloomMap, Amaxxo, Vischic Direct, LINZHIKEJI, ZABINS, TATAANTY, TOKXTIK, LIAPOTT, CULVANI, Acaspresso, and Kitchen-Store USA ("Defendants") through their undersigned counsel, submit their Opposition to Plaintiffs' request for injunctive relief ("PI Motion"). The basis is simple: the Plaintiffs have provided no factual or legal basis to support their assertions that Defendants infringed their U.S. Patent No. 12,285,028 ("the '028 Patent") and their U.S. Design Patent No. D1,091,236 ("the 'D236 Patent") and has not countered Defendants' strong evidence of noninfringement of both the '028 Patent and the 'D236 Patent, let alone warranting a preliminary injunction. Rather, clear and convincing evidence reflects the Plaintiffs' assertions of infringing the '028 Patent and the 'D236 Patent against Defendants are untenable and defy the pleading rules.

In addition, Defendants join oppositions to the PI Motion from other co-defendants and third-party respondents, including opposition filed by co-defendants Gasbye, Fohere, VNN, PAMBEE and WIE (Dkt. #78) on Plaintiffs' failure to demonstrate personal jurisdiction over Defendants.  The instant opposition is supported by the Declaration of Joseph A. Farco, Esq. (the "Farco Decl.") and the Expert Declaration of Jerry Hancock (the "Hancock Decl.")

## I.      <u>INTRODUCTION</u>

Plaintiffs' baseless assertion of the '028 Patent and the 'D236 Patent against Defendants is not supported by any fact or case law.

The '028 Patent was issued with 23 claims, of which claims 1, 9 and 16 are independent claims and claims 2-8, 10-15 and 17-23 are dependent claims. Claims 1, 9 and 16 each contains the following claim limitation of "the side baffle further configured to promote slush flow away

from the left side or the right side of the vessel chamber and back toward a center of the vessel chamber[1]." As dependent claims, claims 2-8, 10-15 and 17-23 also incorporate the claim limitation of "the side baffle further configured to promote slush flow away from the left side or the right side of the vessel chamber and back toward a center of the vessel chamber."

Plaintiffs alleged, on page 5 of their PI Motion, that the '028 Patent claimed the following device, which incorporates the limitation of a "side baffle configured to promote slush flow away from the left side or the right side of the vessel chamber and back toward a center of the vessel chamber."

---

[1] Claim 1 recites "A mixing vessel for a frozen drink maker, the mixing vessel comprising:
a vessel chamber configured to receive a drink product to be processed, the vessel chamber comprising a front, a rear, a right side, a left side, a top, and a bottom, the vessel chamber comprising at least one asymmetric wall portion proximate to at least one of the front or the top of the vessel chamber, and the at least one asymmetric wall portion configured to promote slush flow within the vessel chamber, wherein the at least one asymmetric wall portion comprises a side baffle configured to extend laterally along the left side or the right side of the vessel chamber, **the side baffle further configured to promote slush flow away from the left side or the right side of the vessel chamber and back toward a center of the vessel chamber."**
Claim 9 recites "A frozen drink maker comprising: a mixing vessel comprising: a vessel chamber configured to receive a drink product to be processed, the vessel chamber comprising a front, a rear, a right side, a left side, a top, and a bottom, the vessel chamber comprising at least one asymmetric wall portion proximate to at least one of the front or the top of the vessel chamber, and the at least one asymmetric wall portion configured to promote slush flow within the vessel chamber; and a dasher configured to rotate within the vessel chamber about an axis to move the drink product within the vessel chamber, wherein the mixing vessel is configured to accommodate the dasher, wherein the at least one asymmetric wall portion comprises a side baffle configured to extend laterally along the left side or the right side of the vessel chamber, **the side baffle further configured to promote slush flow away from the left side or the right side of the vessel chamber and back toward a center of the vessel chamber**.
Claim 16 recites "A mixing vessel for a frozen drink maker, the mixing vessel comprising: a vessel chamber configured to receive a drink product to be processed, the vessel chamber comprising a front, a rear, a right side, a left side, a top, and a bottom, the vessel chamber comprising at least one internal wall feature proximate to at least one of the front or the top of the vessel chamber, and the at least one internal wall feature configured to promote slush flow within the vessel chamber, wherein the at least one internal wall feature comprises a side baffle configured to extend laterally along the left side or the right side of the vessel chamber, **the side baffle further configured to promote slush flow away from the left side or the right side of the vessel chamber and back toward a center of the vessel chamber**."



"Side Baffle"
('028 Patent, Col. 12, lines 64-67)

**FIG. 6C**

In contrast, Defendants' product, currently for sale to consumers in the United States, is shown below and does not have the claimed "asymmetrical wall portion," "a side baffle configured to extend laterally along the left side or the right side of the vessel chamber," and the "the side baffle configured to promote slush flow away from the left side or the right side of the vessel chamber and back toward a center of the vessel chamber."

  

The oblong walls of the container in the Defendants' accused products are symmetrical and do not have any structure that could arguably be considered the claimed "side baffle" on either the left wall or right wall of the device.

Plaintiffs also alleged, on page 5 of their PI Motion, that Figure 1 represents the claim of the 'D236 Patent. In fact, the 'D236 Patent claim is represented by Figures 1-3 as shown below:



FIG. 1

FIG. 2

FIG. 3

Defendants' water collector is shown below and has substantially different design elements from those claimed by the 'D236 Patent. Such differences include: (i) a smooth floor that lacks any sort of left side wall, right side wall, or back end wall to create a concavity; (ii) the use of a rectangular cellular pattern on the surface opposite the water collection surface; and (iii) a cross-section showing a skewed arc shape as opposed to the perfect arc claimed by the D236 Patent:



A reasonably informed patentee and its attorney would not have rushed to Court with such baseless claims against Defendants, even when such hasty action may create maximum amount of damages to the Defendants before the 2025 Black Friday sale season.

## II.   THE LEGAL STANDARD FOR PRELIMINARY INJUNCTION

To obtain a preliminary injunction, a party must demonstrate: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if the relief is not granted; (3) the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) the entry of the relief would serve the public interest. *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc*., 51 F.3d 982, 985 (11th Cir. 1995) (applying preliminary injunction test in context of Lanham Act).

## III.   ARGUMENTS

Plaintiffs do not and cannot satisfy any of the three criteria for preliminary injunction against Defendants under *Schiavo* and *Levi Strauss.*   Plaintiffs failed to show a substantial

likelihood of success on the merits.   Defendants have presented clear and convincing evidence to demonstrate that Defendants' product does not and cannot infringe any valid claim of the '028 Patent and the 'D236 Patent.

## IV.   Noninfringement of the '028 Patent

Defendants' product does not contain the following limitations: an "asymmetrical wall portion," "a side baffle configured to extend laterally along the left side or the right side of the vessel chamber," and "[a] side baffle configured to promote slush flow away from the left side or the right side of the vessel chamber and back toward a center of the vessel chamber."  Therefore, Defendants' product cannot infringe any of the claims 1, 9 and 16 of the '028 Patent under the "All Limitations Rule," which mandates that "a conclusion of literal infringement requires that every limitation set forth in a properly interpreted claim … must be found in an accused product or process." *Warner-Jenkinson Co., Ltd. v. Hilton Davis Chemical Co.*, 520 U.S. 17,40 (1997) (internal citations omitted); *Corning Glass Works v. Sumitomo Electric, USA, Inc.*, 868 F.2d 1251, 1259 (Fed. Cir. 1989).

Defendants' product also does not literally infringe any of claims 2-8, 10-15 and 17-23 of the '028 Patent because they are dependent on claims 1, 9 and 16, respectively either directly or indirectly and incorporate all the claim limitations of their respective independent claims.  "If there is no infringement of an independent claim, then any claim which depends from that base claim (directly or indirectly) is also not infringed." *Jeneric/Pentron, Inc. v. Dillon Co., Inc.*, 205 F.3d 1377, 1383 (Fed. Cir. 2000) (it is a "fundamental principle of patent law that 'dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed.'") (quoting *Wahpeton Canvas Co., v. Frontier, Inc.*, 870 F.2d 1546, 1553 (Fed. Cir. 1989)).

Under the U.S. Supreme Court case laws in *Water-Meter Co. v. Desper*, 101 U.S. 332, 377 (1880), Defendants' product also does not infringe any of claims 1-23 of the '028 Patent under the doctrine of equivalents because it does not meet the claim limitation common to claims 1-23, namely, "asymmetrical wall portion," "a side baffle configured to extend laterally along the left side or the right side of the vessel chamber," and "the side baffle further configured to promote slush flow away from the left side or the right side of the vessel chamber and back toward a center of the vessel chamber." The Court held in *Water-Meter Co.* that, "[n]o claim limitation may be ignored as superfluous or immaterial for any reason. All elements of a claim are made material by the patentee's choice to include them in the claim." *Id.* "There can be no infringement as a matter of law if a claim limitation is totally missing from the accused device." *London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1539 (Fed. Cir. 1991) (finding of no infringement under the doctrine of equivalents affirmed).

Moreover, the patent applicant added at least two of the previously-discussed claim limitations to then-pending claims 1, 8, and 14 to obtain allowance over the prior art: "at least one asymmetric wall portion comprises a side baffle configured to extend laterally along the left side or the right side of the vessel chamber, the side baffle further configured to promote slush flow away from the left side or the right side of the vessel chamber and back towards a center of the vessel chamber… ." *See* Farco Decl. Ex. A (February 14, 2025 Amendment and Response to Non-Final Office Action, pp. 3-6). "Whether prosecution history estoppel applies, and thus whether the doctrine of equivalents is available for a particular claim limitation, is a question of law reviewed de novo." *Spectrum Pharm., Inc. v. Sandoz Inc.*, 802 F.3d 1326, 1337 (Fed. Cir. 2015). With respect to amendment-based prosecution history estoppel, the Supreme Court has recognized that a "patentee's decision to narrow his claims through amendment may be presumed to be a general

disclaimer of the territory between the original claim and the amended claim." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 740 (2002).

In this case, there is no question that the limitations of the '028 Patent asserted in this litigation are subject to amendment-based prosecution history estoppel such that Plaintiffs cannot argue for infringement under the doctrine of equivalents.  None of the exceptions to application of this general rule apply because the patent applicant admitted "[t]he Examiner indicated that the claim amendments appeared to place the application in condition for allowance…," which signifies the amendments were necessary to obtain allowance of all pending claims.

Therefore, Defendants' product does not literally infringe any of the claims 1-23 of the '028 Patent and Plaintiff is barred by the doctrine of amendment-based prosecution history estoppel from asserting any of these claims can be infringed under the doctrine of equivalents.

## V.   **INVALIDITY OF THE '028 PATENT**

"If the alleged infringer raises a 'substantial question' of invalidity, [then] the preliminary injunction should not issue." *Altana Pharma AG v. Teva Pharms. USA, Inc.*, 566 F.3d 999, 1005-06 (Fed. Cir. 2009)).  "The burden on the accused infringer to show a substantial question of invalidity at the preliminary injunction stage is lower than what is required to prove invalidity at trial. Vulnerability is the issue at the preliminary injunction stage, while validity is the issue at trial." *Tinnus Enters., LLC v. Telebrands Corp.*, 846 F.3d 1190, 1205 (Fed. Cir. 2017)).

The '028 Patent generally claims a mixing vessel for a frozen drink maker with a vessel chamber that has an asymmetrical wall portion and a side baffle extending laterally along the left or right side of the vessel chamber. (Claims 1 and 16).  The '028 Patent also includes other claims that claim a "dasher" to rotate within the vessel chamber (Claims 2-3, 9-15, 17-18), a corner baffle (Claims 4, 8, 12, 19), a front baffle (Claims 5, 8, 13, 20), and a vertical protrusion (Claims 7, 14, and 22).  As counsel for Plaintiff admitted at the last Court conference, Plaintiff only asserts

infringement of '028 Patent, Claim 1, which is reproduced below with color-coded text to be use for future cross-reference:

> 1. A mixing vessel for a frozen drink maker, the mixing vessel comprising:
>
> a vessel chamber configured to receive a drink product to be processed, the vessel chamber comprising a front, a rear, a right side, a left side, a top, and a bottom, the vessel chamber comprising at least one asymmetric wall portion proximate to at least one of the front or the top of the vessel chamber, and the at least one asymmetric wall portion configured to promote slush flow within the vessel chamber,
>
> wherein the at least one asymmetric wall portion comprises a side baffle configured to extend laterally along the left side or the right side of the vessel chamber, the side baffle further configured to promote slush flow away from the left side or the right side of the vessel chamber and back toward a center of the vessel chamber.

Each of the claims of the '028 Patent are anticipated by Italian Patent Number IT BO20 100 713 A1 to Ali S.P.A. Divisione GBG (the "Italian Reference") a copy and a machine translation of which are attached as Exhibit B to the Farco Declaration and are analyzed by Mr. Jerry Hancock, Defendants' expert declarant.

The Italian Reference depicts and describes a mixing vessel of the type claimed in the '028 Patent, which Defendants have been able to annotate in the following images to indicate that no matter which claim Plaintiff tries to assert, the Italian Reference anticipates it:



FIG.2

Top
20

③ **A mixing vessel for a frozen drink maker**

17

8

Top

Front
⑤

Right Side 19

18   Left Side

24

26

22   ⑥ **a vessel chamber configured to receive a drink product to be processed**

7

②⑦ **a side baffle configured to extend laterally along the left side or the right side of the vessel chamber**

**Front Baffle** ㉘

**Vertical Protrusion at front**

9

10
Rear



FIG.4

20 Top   P

8

18b

18   ③ **A mixing vessel for a frozen drink maker**

11   Left Side
19

Right Side

7

18a

25

㉗

26

② **a vessel chamber configured to receive a drink product to be processed**

9

2

**a side baffle configured to extend laterally along the left side or the right side of the vessel chamber**

Bottom

**at least one asymmetric wall portion proximate to at least one of the front or the top of the vessel chamber**

14

Annotations supplied.  The Italian Reference discloses, "As shown in Figure 4, the tank 3 is, at least internally, asymmetrical with respect to a vertical plane P containing the axis 7 of rotation of the agitator member 11."  This design is explained in this way by the Italian Reference:

> The asymmetry, described above, of the tank 3 allows to direct the transversal flow of the product being processed towards the center of the tank 3, and thus to obtain a better mixing of the product itself. More precisely, in this way the product being processed is prevented from stagnating in part in the upper part of the tank 3, where in the long run it would form a frozen block.

> *                              *                              *

> The invention achieves the intended aim thanks to the asymmetry of the tank 3, which, by allowing a more complete circulation of the product inside it, prevents the formation of an icy block of product at the free surface of the latter.

Page 10, lines 11-18; Page 13, lines 13-18.

The Italian Reference also discloses, "The function of the projection 27 is to break the flow of the product along the internal surface of the wall 9 immediately before the flow reaches the opening 22, so as to induce turbulence in the product being processed and thus further improve the mixing of the product itself." Page 12, lines 9-14. Thus, the Italian Reference discloses "the at least one asymmetric wall portion configured to promote slush flow within the vessel chamber," and "the side baffle further configured to promote slush flow away from the left side or the right side of the vessel chamber and back toward a center of the vessel chamber."

The Italian Reference also discloses a dasher 11 that rotates about a center axis 7 of the chamber 6 in a clockwise direction (arrow "V" in Figure 3):



A mixing vessel for a frozen drink maker

Page 9, lines 24-25, Figs. 1 and 3 (item 13). The Italian Reference further discloses a front baffle 28 that is "configured to promote slush flow away from the front and the top of the vessel chamber and back toward the center of the vessel chamber." *See* Page 12, line 23 – Page 13, line 12. Regarding the claimed "corner baffle," the Italian Reference states: "According to a variant not shown, the wall 9 is provided with ***at least one further projection***, similar to the projection 27 and preferably parallel to the projection 27." Page 12, lines 15-17 (emphasis added).

Thus, the Italian Reference clearly and convincingly proves the vulnerability of the '028 Patent claims to invalidity.  While the Italian Reference was cited during prosecution of the '028 Patent, the Plaintiff ***never*** told the USPTO about the critical Written Opinion in the parent application case from which the '028 Patent claimed priority.  *Compare* '028 Patent, Pages 1-6 of references cited *with* Written Opinion in PCT/US2024/019921 (Farco Decl. Ex. C).  The omission of that Written Opinion not only taints whatever presumption could be afforded the USPTO's prior consideration of the Italian Reference but may form an independent basis for inequitable conduct against the Plaintiff rendering the entire '028 Patent unenforceable.

Therefore, it is respectfully requested that the Court find that the vulnerability of the '028 Patent claims to invalidity is further reason why the likelihood of success on the merits is nearly

non-existent since Plaintiff cannot plausibly argue that the Italian Reference does not disclose every asserted claim in the '028 Patent.

## VI.    <u>NON-INFRINGEMENT OF THE 'D236 PATENT</u>

Defendants' water collector does not infringe the claim of the'D236 Patent because substantial differences exist between Defendants' product and the 'D236 Patent claim. Such differences are demonstrated in their direct comparison in the table below.

| The 'D236 Patent claim | Defendants' Water Collector | Differences |
|---|---|---|
| <br>FIG. 1 |  | The 'D236 Patent claim in Fig. 1 has four walls, the left side wall, the right side wall, the front wall and the back end wall.<br><br>Defendants' water collector has no left side wall, no right side wall and no back end wall. |
| <br>FIG. 2 |  | The 'D236 Patent claim in Fig. 2 has a smooth surface and does not have any decoration. |

| | | Defendants' water collector is decorated with multiple rectangles. |
|---|---|---|
| FIG. 3  |  | The front view of Defendants' water collector is substantially different from that of the 'D236 Patent claim in Fig. 3, including the arc angle, |

Due to these differences, the Defendants' water collector does not infringe the claim of the 'D236 Patent because design patents are narrow in scope, and the figures of a design patent form the claim.  If features appearing in figures of a design patent are not desired to be claimed, the patentee is permitted to show the features in broken lines to exclude those features from the claimed design, and the failure to do so signals inclusion of the features in the claimed design. *Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1368 (Fed. Cir. 2002).

Therefore, the Plaintiff failed to show any likelihood of success on the merits and failed to satisfy the first criteria for injunctive relief under *Schiavo* and *Levi Strauss*.

## VII.   PLAINTIFFS HAVE FAILED TO SHOW ANY LEGALLY RECOGNIZED HARM

*Plaintiff should not be allowed to be unjustly enriched by enforcing patents beyond the scope of the claims.* Defendants*' continued sales of their product are legally recognized and legally encouraged market competition to Plaintiffs' products and Plaintiffs do not have legally recognizable injuries from Defendants' market competition.  As a result,* the harm the restraint would inflict on Defendants would far outweigh any perceived harm to Plaintiffs.

*Therefore,* the Plaintiffs failed to satisfy the second and third criteria for injunctive relief under *Schiavo* and *Levi Strauss.*

## VIII.   ENTRY OF A PRELIMINARY INJUNCTION WOULD BE UNJUST AND HARMFUL TO THE PUBLIC

*Finally,* granting Plaintiff relief would hurt the public interest by decreasing market competition, which would force consumers in the United States to pay Plaintiffs for the monopoly price and encourage patent misuse.   In this instance, the Court has an obligation to rid the marketplace of invalid patents – not to promote them into hollow anticompetitive weapons against those who have a right to engage in fair market behaviors.

Therefore, Plaintiffs have failed to satisfy the fourth criteria *for* injunctive relief under *Schiavo* and *Levi Strauss.*

## IX.   CONCLUSION

For the reasons stated above, Plaintiffs' Motion for PI must be denied in its entirety.   A telephonic hearing on this motion is respectfully requested.

Dated: December 17, 2025

/s/ Shanshan Liang
Shanshan Liang, Esq.
Bar No. 112991
2104 Delta Way, Suite 1
Tallahassee, FL 32303
Email: sliang@customscourt.com
Phone: (850)893-0670


BY: /s/ Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
Email: lanceliu2000@gmail.com
Phone: (203)706-9536

BY: /s/ Joseph A. Farco, Esq.
Bochner PLLC
Joseph A. Farco, Esq.

1040 6th Avenue, 15th Floor
New York, NY 10018
(212) 506-6143

*Attorneys for Hewcham, Eastplus, Eastplus-US, Teendow (Target), Teendow (Bestbuy), VEVOR Distribution Store (Bestbuy), VEVOR Distribution Store (Walmart), VEVOR Store, Simplego, HCY Wholesale (Walmart), Kitchen-Store USA, BloomMap, Amaxxo, Vischic Direct, LINZHIKEJI, ZABINS, TATAANTY, TOKXTIK, LIAPOTT, CULVANI, Acaspresso, and Kitchen-Store USA*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 17, 2025, a true and correct copy of the foregoing

was electronically filed using CM/ECF, which serves electronic notice on all counsel of record

and registered CM/ECF users.

<u>/s/ Shanshan Liang</u>
Shanshan Liang, Esq.