UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 25-cv-25323-RAR-LOUIS

SHARKNINJA OPERATING LLC, and
SHARKNINJA SALES COMPANY,

      Plaintiffs,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

      Defendants.
_____/

## PLAINTIFFS' MOTION TO SUPPLEMENT EVIDENCE

Plaintiffs SHARKNINJA OPERATING LLC, *et al.* ("Plaintiffs" or "SharkNinja") move to supplement the evidence before the Court (the "Motion") on Plaintiffs' Motion for Preliminary Injunction (ECF No. 37, the "PI Motion"), on the following grounds:

**RELEVANT BACKGROUND**

1. On December 12, 2025, the Court set evidentiary hearings on Plaintiffs' PI Motion. ECF Nos. 127, 128.

2. In advance of the first of those hearings, the Court ordered Plaintiffs and a subset of the Defendants,[1] to meet and confer regarding the evidence that the Parties planned to submit for

---

[1] The defendants appearing before the Court on December 19th are those defendants described in ECF No. 128 as: the Farco Defendants, the McPhail Defendants, the Liu Defendants, the Xu Defendants, and the Love Defendants. Together, that group of defendants is referred to here as the "Initial PI Group."

the Court's consideration at the hearing. ECF No. 128 at 2-3. The Plaintiffs and the Initial PI Group met and conferred on December 17, 2025.

3. On December 19, 2025, Plaintiffs and the Initial PI Group appeared before the Court for evidentiary hearing (the "Initial PI Hearing") on Plaintiffs' motion for preliminary injunction (ECF No. 37).

4. During the hearing, however, defendants in the Initial PI Group raised objections that had not been fully developed during the December 17th meet and confer session.

5. As a result, the Court spent significant time taking evidence and considering objections to, among other things, the authenticity of photographs offered to show, *inter alia*, the similarity between Ninja SLUSHi's patented drip tray and the drip trays of Accused Products.

6. To ensure that the Court had the benefit of a full record, counsel for the Plaintiffs requested the opportunity to supplement the evidence prior to the conclusion of the Initial PI Hearing on December 30, 2025.[2] The Court ordered that the Supplemental Evidence be disclosed by December 22, 2025, that the parties meet and confer regarding any objections to the Supplemental Evidence, and that Plaintiffs file this Motion by December 26, 2025.

7. On December 20, 2025, the Plaintiffs and the Initial PI Group consented to the Court's jurisdiction to decide the PI Motion. *See* ECF No. 162.

8. On December 22, 2025, Plaintiffs disclosed the evidence to the Initial PI Group that is attached to the Second Brzozowski Declaration ("Brzozowski Decl.") and this Motion as Exhibits 1 through 114 (the "Supplemental Evidence"). That Supplemental Evidence is described in detail in the Second Brzozowski Declaration, which is attached to this Motion as Exhibit A.

---

[2] The transcript of the hearing has been ordered but not yet prepared.

9. On December 26, 2025, the Plaintiffs and the Initial PI Group met and conferred via Zoom conference regarding the Supplemental Evidence.

10. The Plaintiffs and the Initial PI Group[3] collaborated and resolved a number of objections through discussion and compromise. There only remain objections by the Liu Defendants to the following exhibits attached to the Brzozowski Decl.:

| Exhibit to Brzozowski Decl. | Objection | Party |
|---|---|---|
| 7 | Blurry; no marks on the picture; hearsay; attorneys' work; and authenticity | Liu Defendants |
| 8 | Blurry; no marks on the picture; hearsay; attorneys' work; and authenticity | Liu Defendants |
| 9 | Blurry; no marks on the picture; hearsay; attorneys' work; and authenticity | Liu Defendants |
| 101 | Blurry; no marks on the picture; hearsay; attorneys' work; and authenticity | Liu Defendants |
| 102 | Blurry; no marks on the picture; hearsay; attorneys' work; and authenticity | Liu Defendants |
| 104 | Blurry; no marks on the picture; hearsay; attorneys' work; and authenticity | Liu Defendants |
| 105 | Blurry; no marks on the picture; hearsay; attorneys' work; and authenticity | Liu Defendants |
| 106 | Blurry; no marks on the picture; hearsay; attorneys' work; and authenticity | Liu Defendants |
| 107 | Blurry; no marks on the picture; hearsay; attorneys' work; authenticity; and irrelevancy | Liu Defendants |
| 108 | Blurry; no marks on the picture; hearsay; attorneys' work; authenticity; and irrelevancy | Liu Defendants. |

11. The Liu Defendants also object to the relief sought in this Motion.

12. No other defendant among the Initial PI Group has indicated any unresolved objections to the Supplemental Evidence or objects to the relief sought in this Motion.

---

[3] On December 23rd, counsel for the Farco defendants emailed that he was amendable to the meet and confer at 10 am ET on December 26th. However, he did not make an appearance at the meet and confer. All other defendant groups comprising the Initial PI Group were present.

**A**RGUMENT

The Court should exercise its broad discretion to permit the use of the Supplemental Evidence. It is well established that trial courts exercise exceedingly broad discretion in the handling and admission of evidence. *See Luxottica Group, S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1318–21 (11th Cir. 2019) (applying abuse of discretion standard, finding no reversible error, and affirming verdict finding trademark infringement); *see also id.* at 1320 (quoting *Travelers Ins. Co. v. Dykes*, 395 F.2d 747, 749 (5th Cir. 1968) ("Much considered and wise discretion must be accorded to a district judge as [s]he deals with the infinite variables of evidence.")). In addition, courts are empowered to craft preliminary injunctive relief based on their sound discretion and judgment, informed by the equities of the case before them. *See Trump v. Int'l Refugee Assist. Project*, 582 U.S. 571, 579 (2017) (granting in part and denying in part applications for stay of preliminary injunctive relief).

The supplementation of evidence as contemplated by the Court at the Initial PI Hearing is uncontroversial and supported by established precedent in this District. For example, following a hearing to address a motion for preliminary injunction and take evidence, Judge Damian ordered a party to supplement their evidence to permit the court to more fully evaluate the issues presented. *Loper v. Lukis*, 736 F. Supp. 3d 1218, 1231 (S.D. Fla. 2024) (Damian, J.) ("At the conclusion of the hearing, the Court directed Defendants to file supplemental briefing regarding . . . specific evidence."). Such an approach harmonizes with the preliminary injunction context, where, as Judge Dimitrouleas has recognized, "the evidentiary rules are relaxed." *Caron Found. of Florida, Inc. v. City of Delray Beach*, 879 F. Supp. 2d 1353, 1360 (S.D. Fla. 2012) (Dimitrouleas, J.) (citing *Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.,* 51 F.3d 982, 985 (11th Cir.1995)). Judge Gayles also quoted *Caron* in explaining that "the Court is permitted to rely on evidence that might not be

4

admissible for a permanent injunction, 'so long as the evidence is appropriate given the character and purpose of the injunction proceedings.'" *Fed. Trade Comm'n v. Simple Health Plans LLC*, 379 F. Supp. 3d 1346, 1364 (S.D. Fla. 2019) (Gayles, J.), *aff'd,* 801 F. App'x 685 (11th Cir. 2020) (quoting *Caron Found. of Fla., Inc. v. City of Delray Beach*, 879 F.Supp.2d 1353, 1360 (S.D. Fla. 2012)).

The Second Brzozowski Declaration supplements and clarifies the evidence presented to the Court during the Initial PI Hearing. The substance of the Brzozowski Decl. and the Supplemental Evidence is appropriate to the character and purpose of these injunction proceedings, which is to fairly and equitably restore and preserve the status quo of an online marketplace free of unlawful infringement by the Accused Products. The Brzozowski Declaration removes any question as to the authenticity and foundation for admissibility of the images put forth at the Initial PI Hearing and in the Supplemental Evidence relevant to the Accused Products' infringement of SharkNinja's Patents.

Admission of this Supplemental Evidence is especially warranted since it is predominantly publicly available information about the Defendants' own products. Accordingly, this information has been readily available to Defendants throughout the course of the proceedings, and in fairness should be available to the Court as well. There is no surprise or prejudice to Defendants in ensuring that a full record is presented to the Court, including the details of the Defendants' own products. In addition, Defendants have had a fair opportunity to review both the Brzozowski Declaration and the Supplemental Evidence, since they were disclosed on December 22, 2025. Plaintiffs have engaged in good faith efforts to meet and confer regarding any issues raised by the Initial PI Group in opposition to the Supplemental Evidence and the relief sought in this motion.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion, admit the Supplemental Evidence attached to this Motion and described in detail in the attached Second Brzozowski Declaration, along with such other and further relief the Court deems appropriate.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

Pursuant to 7.1(a)(3) of the local rules for the United States District Court for the Southern District of Florida, counsel for Plaintiffs hereby certify that they met and conferred with counsel for the Initial PI Group and successfully resolved the bulk of the issues raised. As noted in the relevant background, however, there remain objections from the Liu Defendants to both the Supplemental Evidence and the relief sought in this Motion. The balance of the Initial PI Group neither opposes the relief requested in the Motion nor have unresolved objections to the Supplemental Evidence.

Respectfully submitted,

**Kevin C. Kaplan, Esq.**
Florida Bar No. 933848
kkaplan@coffeyburlington.com
lperez@coffeyburlington.com
**Christopher E. Cheek, Esq.**
Florida Bar No. 91363
ccheek@coffeyburlington.com
lmaltz@coffeyburlington.com
service@coffeyburlington.com
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, PH-1
Miami, Florida 33133
Tel:  (305) 858-2900

OF COUNSEL:

**Brian Rosenthal** *(admitted pro hac vice)*
brosenthal@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York NY 10166-0193
Tel:  (212) 351-4000

**Brian Buroker** *(admitted pro hac vice)*
bburoker@gibsondunn.com
**Shuo Josh Zhang** *(admitted pro hac vice)*
szhang@gibsondunn.com
**David Brzozowski** *(pro hac vice refiled)*
dbrzozowski@gibsondunn.com
**Yun Lin** *(admitted pro hac vice)*
rlin@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036-4504
Tel:  (202) 955-8500

**David Glandorf** *(admitted pro hac vice)*
dglandorf@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1900 Lawrence Street
Suite 3000
Denver, CO 80202-2211
Tel:  (303) 298-5700

*Counsel for Plaintiffs SharkNinja Operating LLC and SharkNinja Sales Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 26, 2025, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system, which will provide notice by email to all counsel of record on the Service List below. I further certify that a true and correct copy of the foregoing will be posted to a designated website (https://s20251114sdfla.info/) where copies of the relevant available documents filed in this action may be found.

/s/ Kevin C. Kaplan
Kevin C. Kaplan

**SERVICE LIST**
*SharkNinja Operating LLC, et al. v. The Individuals, Corporations, etc.*
Case No. 25-CV-25323-RAR

| | |
|---|---|
| **Ziqi Yu, Esq.**<br>procollider@pm.me<br>chiyu@114514.esq<br>5794 Bird Road, Unit 554<br>Miami, Florida 33155<br>Telephone: (415) 519-5274<br><br>*Counsel for Defendants,*<br>*IceSwirls, Tefoqu, Wongic, Dutepa, Auriswell (on Amazon), Auriswell (on Walmart), Kelteroom*<br>*-and-*<br>*Third Party Respondents,*<br>*Grano Chef, oplace, POFABIK, BLIZZEE, NLNYA, Nyzgax, DIGINAVI E-LINK (HONG KONG) LIMITED ("Haysky" in Schedule A)*<br><br>*OF COUNSEL*:<br><br>**Weilian Song, Esq.** (admitted *pro hac vice*)<br>will@xyziplaw.com<br>XYZ LAW FIRM, LLP<br>2131 9th Street NW, Unit 1-565<br>Washington, D.C. 20001<br>Telephone:  (857) 869-1626 | **Jianyin Liu, Esq.**<br>jamesliulaw@gmail.com<br>jianyin.cdc.@gmail.com<br>THE LAW OFFICES OF JAMES LIU PLLC<br>15750 SW 92nd Avenue, Unit 20C<br>Palmetto Bay, Florida 33157<br>Telephone: (305) 209-6188<br><br>*Counsel for Defendants,*<br>*Velieta Direct (Seller ID:A2F6L2SBP8S37C), Lingmou (Seller ID:A1I3QAV9AFU29B), DIGINAVI E-LINK (HONG KONG) LIMITED, DEAPRULL, and SOZT-US*<br>*Bluebow*<br><br>*OF COUNSEL*:<br><br>**Richard Liu, Esq.** (admitted *pro hac vice*)<br>richard.liu@consultils.com<br>**Jared Xu, Esq.** (admitted *pro hac vice*)<br>jared.xu@consultils.com<br>355 S. Grand Avenue, Suite 2450<br>Los Angeles, California 90071<br>Telephone:  (626) 628-8894<br><br>*Counsel for Defendant,*<br>*DIGINAVI E-LINK (HONG KONG) LIMITED* |

| | |
|---|---|
| **Chengchen Xu, Esq.** (admitted *pro hac vice*)<br>cc.xu.iplaw@hotmail.com<br>418 Broadway #8555<br>Albany, New York 12207<br>Telephone:  (858) 280-5570<br><br>*Counsel for Defendants,*<br>*IceSwirls, Tefoqu, Wongic, Dutepa, Auriswell (on Amazon), Auriswell (on Walmart), Kelteroom*<br>*-and-*<br>*Third Party Respondents,*<br>*Grano Chef, oplace, POFABIK, BLIZZEE, NLNYA, Nyzgax* | |
| **Adrienne C. Love, Esq.**<br>alove@stearnsweaver.com<br>aruddock@stearnsweaver.com<br>vliethen@stearnsweaver.com<br>STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.<br>106 East College Avenue, Suite 700<br>Tallahassee, Florida 32301<br>Telephone:   (850) 580-7200<br><br>*OF COUNSEL*:<br><br>**Benjamin Bai, Esq.** (admitted *pro hac vice*)<br>benjamin.bai@cn.kwm.com<br>KING & WOOD MALLESONS, LLP<br>50th Floor, 500 Fifth Avenue<br>New York, New York 10110<br>Telephone(s): (212) 319-4755<br>                       (+86) 21-2412-6097<br><br>**Haolu Feng, Esq.** (admitted *pro hac vice*)<br>harry.feng@cn.kwm.com<br>**Yang Guo, Esq.** (admitted *pro hac vice*)<br>guoyang5@cn.kwm.com<br>KING & WOOD MALLESONS, LLP<br>17F, One ICC, 999 Middle Huai Hai Road<br>Shanghai 200031 China<br>Telephone(s): (206) 499-2956<br>                       (+86) 21-2412-6097 | **Mitchell Abood, Esq.**<br>mabood@pecklaw.com<br>CSemper@pecklaw.com<br>sbateman@pecklaw.com<br>KOConnor@pecklaw.com<br>Tao.Liu@glacier.law<br>wei.wang@glacierlaw.com<br>PECKAR & ABRAMSON, P.C.<br>One Southeast Third Avenue, Suite 2000<br>Miami, Florida 33131<br>Telephone: (305) 358-2600<br>Facsimile:  (305) 375-0328<br><br>*Counsel for Defendants,*<br>*Ningbo Shangyou E-Commerce Co., Ltd., d/b/a Wizaura, Hubei Zhihuigu Technology Co., Ltd., d/b/a Wizaura, Ningbo Linglingqi Cross-Border E-Commerce Co., Ltd., d/b/a Wizaura, Dongdong Century (Hangzhou) Technology Co., Ltd.,d/b/a Syintao, Dongguan Shuhang Yilian (Hong Kong) Co., Ltd.., d/b/a Haysky, Ningbo Qichui Machinery Co., Ltd., d/b/a Roaaee, Changsha Shuohang E-Commerce Co., Ltd., d/b/a Chivalz, Anqing Xi'a Trading Co., Ltd., d/b/a Chivalz, Zhongshan Jiameng Office Supplies Co., Ltd., ., d/b/a Chivalz, Yantai Renqian E-Commerce Co., Ltd., d/b/a Roromall, Yantai Haiga Trading Co., Ltd., d/b/a Towallmark*<br>*Foshan Lihao Weida Technology Co., Ltd., d/b/a UJR, and Shenzhen Junhan E-Commerce Co., Ltd., d/b/a Shakku* |

9

| | |
|---|---|
| *Counsel for Defendants,*<br>*Gasbye, Fohere, VNN, PAMBEE and WIE* | *and Third-Party Respondent Shenzhen Manyangda Trading Co., Ltd., d/b/a Lavilys*<br><br>*OF COUNSEL*:<br><br>**Kevin J. O'Connor, Esq.** (*pro hac vice* pending)<br>koconnor@pecklaw.com<br>PECKAR & ABRAMSON, P.C.<br>70 Grand Avenue<br>River Edge, New Jersey 07661<br>Telephone:  (201) 343-3434<br><br>**Wei Wang, Esq.** (*pro hac vice* pending)<br>wei.wang@glacier.law<br>**Tao Liu, Esq.** (*pro hac vice* pending)<br>tao.liu@glacier.law<br>GLACIER LAW LLP<br>41 Madison Avenue, Suite 2529<br>New York, New York 10010<br>Telephone:  (212) 729-5073<br><br>*Counsel for Defendants,*<br>*Ningbo Shangyou E-Commerce Co., Ltd., d/b/a Wizaura, Hubei Zhihuigu Technology Co., Ltd., d/b/a Wizaura, Ningbo Linglingqi Cross-Border E-Commerce Co., Ltd., d/b/a Wizaura, Dongdong Century (Hangzhou) Technology Co., Ltd.,d/b/a Syintao, Ningbo Qichui Machinery Co., Ltd., d/b/a Roaaee, Changsha Shuohang E-Commerce Co., Ltd., d/b/a Chivalz, Anqing Xi'a Trading Co., Ltd., d/b/a Chivalz, Zhongshan Jiameng Office Supplies Co., Ltd., ., d/b/a Chivalz, Yantai Renqian E-Commerce Co., Ltd., d/b/a Roromall, Yantai Haiga Trading Co., Ltd., d/b/a Towallmark*<br>*and Yantai Kongqueju E-Commerce Co., Ltd., d/b/a ExploreHorizon,*<br>*Ningbo Mengshu Furniture Co., Ltd., d/b/a Oylus, Ningbo Petbobi Pet Products Co., Ltd. d/b/a Rellytech, and Ningbo Gaotong Business Service Co., Ltd., d/b/a FlameMore,*<br>*Dongguan Shenzhaodao Trading Co., Ltd., d/b/a Ezbasics* |

| | |
|---|---|
| | -and -<br>Third-Party Respondents,<br>Hangzhou Shuzhi Interactive Technology Co., Ltd., d/b/a WALKLINK, Yantai Zhirun E-Commerce Co., Ltd., d/b/a, Garvee and Fuzhou Mijia Electric Appliance Co., Ltd., d/b/a REVOTIO |
| **Shanshan Liang, Esq.**<br>sliang@customscourt.com<br>lcosta@customscourt.com<br>LIANG + MOONEY, PLLC<br>2104 Delta Way, Suite 1<br>Tallahassee, FL 32303<br>Telephone: (850) 893-0670<br>*OF COUNSEL*:<br><br>**Lance Y. Liu, Esq.** (admitted *pro hac vice*)<br>lanceliu2000@gmail.com<br>15 Minuteman Circle<br>Southbury, Connecticut 06488<br>Telephone: (203) 706-9536<br><br>**Joseph A. Farco, Esq.** (admitted *pro hac vice*)<br>jfarco@bochner.law<br>BOCHNER PLLC<br>1040 Avenue of the Americas, 15th Floor<br>New York, New York 10018<br>Telephone: (646) 971-0685<br><br>*Counsel for Defendants,*<br>*(1) Hewcham,*<br>*(2) Eastplus,*<br>*(3) Teendow*<br>*(4) VEVOR (Bestbuy),*<br>*(5) VEVOR (Walmart),*<br>*(6) VEVOR (Amazon)*<br>*(7) HCY Wholesale (Walmart),*<br>*(8) Amaxxo,*<br><br>*Third-Party Respondents,*<br>*(9) VEVOR Store Simplego,*<br>*(10) Eastplus-US*<br>*(11) Kitchen-Store USA,*<br>*(12) BloomMap,* | **Emily M. Heim, Esq.**<br>emilymarieheim540@gmail.com<br>emily@bayramoglu-legal.com<br>eheim@vcip.us<br>VANGUARD CREST P.C.<br>1500 K Street NW, Suite 228<br>Washington, D.C., 20006<br>Telephone: (771) 777-8280<br>Direct:      (771) 777-8286<br><br>*OF COUNSEL:*<br><br>**Ude Lu, Esq.** (admitted *pro hac vice*)<br>ulu@pvipus.com<br>PV IP<br>6701 Democracy Boulevard, Suite 300<br>Bethesda, Maryland 20817<br>Telephone: (301) 709-7703<br><br>**Donald R. McPhail, Esq.** (admitted *pro hac vice*)<br>dmcphail@vcip.us<br>VANGUARD CREST P.C.<br>1500 K Street NW, Suite 228<br>Washington, D.C.<br>Telephone: (771) 777-8280<br><br>*Counsel for Defendants,*<br>*Shenzhen Fengkai Ecommerce Co., Ltd. and*<br>*Hong Kong Huayun Economic & Trade Co., Ltd.* |

| | |
|---|---|
| *(13) Vischic Direct,*<br>*(14) LINZHIKEJI,*<br>*(15) ZABINS,*<br>*(16) TATAANTY,*<br>*(17) TOKXTIK,*<br>*(18) LIAPOTT,*<br>*(19) CULVANI,*<br>*(20) Acaspresso,*<br><br>*Third-Party Respondent,*<br>*a TX entity and not on Schedule A.*<br>*(21) ZDINGQIN LLC* | |
| **Ricardo A. Ampudia, Esq.**<br>ricardo.ampudia@rimonlaw.com<br>eric.cohen@rimonlaw.com<br>mengmeng.luo@rimonlaw.com<br>RIMON, P.C.<br>333 SE 2 Avenue<br>Suite 2000<br>Miami, Florida 33131<br>Telephone:  (202) 991-1516<br><br>*Counsel for Defendant, Sunvivi* | |