## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 25-cv-25323-RAR

SHARKNINJA OPERATING LLC, and
SHARKNINJA SALES COMPANY,

      Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

      Defendants.

**Honorable Rodolfo A. Ruiz II**
**Magistrate Judge Lauren F. Louis**

### DEFENDANTS' MOTION TO DISMISS

Defendants Shenzhen Fengkai E-Commerce Co., Ltd. (hereinafter "Fengkai") and Hong Kong Huayun Economic & Trade Co., Ltd., ("Huayan"; Fengkai and Huayan collectively "Defendants"), by and through their undersigned counsel, hereby request that this Court dismiss the instant case against Defendants for misjoinder.

### I.    INTRODUCTION AND PROCEDURAL HISTORY

Defendants are two entities jointly operating under the seller identity "Inoviva" on e-commerce marketplaces, such as the Amazon platform. Although Fengkai and Huayan operate jointly, neither has any relationship – business or otherwise – with any of the other entities listed on Plaintiff's Schedule A.

On November 14, 2025, Plaintiffs, SharkNinja Operating LLC, and SharkNinja Sales Company (hereinafter "Plaintiffs" or "SharkNinja") initiated this litigation against multiple defendants listed in a Schedule "A" for patent infringement of the U.S. Patent No. 12,285,028

1

(hereinafter "'028 Patent") and U.S. Patent No. D1,091,236 (hereinafter "'236 Patent" or "'236 Design Patent," collectively with the '028 Patent as "Asserted Patents"). (Dkt. 1). On November 20, 2025, Plaintiffs filed the Schedule "A" identifying dozens of accused online product listings, including Defendants' "Inoviva" product listings, as alleged infringing items. On November 21, 2025, the Court granted Plaintiffs' *ex parte* motion for a temporary restraining order (TRO), which froze Defendants' associated online storefronts and payment accounts.

On December 5, 2025, the Court ordered to dissolve the TRO because the Court was no longer convinced that Plaintiffs will suffer irreparable harm if the TRO was not extended — and because Plaintiffs failed to satisfy their burden of demonstrating good cause for such an extension (Dkt. 101). On December 15, 2025, the Court issued a scheduling order to set an evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction as to certain defendants, including Defendants (Dkt. 128).

Plaintiffs' Complaint improperly joins in a single action disparate accused products sold in separate transactions by unrelated entities. Plaintiffs do not allege any concerted action, coordinated conduct, or any other facts demonstrating a logical relationship among the named defendants. Instead, aside from conclusory assertions that joinder is proper, the Complaint offers no unsubstantiated factual allegations — relying only on generic labels and boilerplate arguments — to satisfy the applicable joinder standard. Indeed, Plaintiffs' counsel admitted at the evidentiary hearing on December 13, 2025, that the defendants do not all obtain their products from the same manufacturer(s). Because Plaintiffs have failed to plead facts establishing that Defendants were properly joined in this action, Defendants respectfully request that the Court dismiss the claims against them for improper joinder.

DEFENDANTS' MOTION TO DISMISS                                    CASE NO. 25-cv-25323-RAR

## II.   LEGAL STANDARD

A defendant may move to dismiss a complaint that does not satisfy the applicable pleading requirements for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, the Court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)). The Court must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984). However, pleadings that "are no more than conclusions[ ] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

When joining defendants in a single action, the Federal Rules of Civil Procedure provide that:

> Persons…may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). And, for patent infringement cases, the relevant statute provides:

> (a) Joinder of Accused Infringers. — With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if—
> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

(2) questions of fact common to all defendants or counterclaim defendants will
arise in the action.

35 U.S.C. § 299(a).

Section 299 of Title 35 is a more stringent standard than traditional joinder under Rule 20 and makes joinder in patent cases more difficult. *See*, *e.g.*, *Dongguan Saienchuangke Tech. Co. v. Individuals,*, No. 24-60865-CIV, 2024 U.S. Dist. LEXIS 242531, at \*4 (S.D. Fla. Dec. 17, 2024) ("Notably, § 299(a)'s joinder provision, which requires that the transaction or occurrence relate to making, using, or selling the same accused product or process, is more stringent than Rule 20."); *Atlas IP, LLC v. Medtronic, Inc.*, No. 13-23309-CIV-ALTONAGA, 2014 U.S. Dist. LEXIS 48802 at \*4 (S.D. Fla. Mar. 17, 2014) ("Section 299's language makes joinder in patent cases more difficult than traditional joinder under Rule 20."); *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 939 (Fed. Cir. 2013) (observing that the American Invents Act "add[ed] a requirement that the transaction or occurrence must relate to making, using, or selling of the same accused product or process.").

"A party that seeks joinder 'bears the burden of demonstrating that joinder is proper under [Rule] 20(a)(2).'" *Damian v. Ein CAP, Inc.*, No. 21-cv-01792, 2023 U.S. Dist. LEXIS 45234, at \*7 (N.D. Ill. Mar. 17, 2023) (quoting *Estée Lauder Cosms. Ltd. v. P'ships and Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020)).

## III.   ARGUMENT

The law is clear that "the mere fact that infringement of the same claims of the same patent is alleged does not support joinder, even though the claims would raise common questions of claim construction and patent invalidity." *In re EMC Corp.*, 677 F.3d 1351, 1357 (Fed. Cir. 2012). In patent cases, a plaintiff cannot satisfy Rule 20's requirements by alleging that multiple defendants have infringed the same patent. *See Omega, SA v. Individuals, Bus. Entities, & Unincorporated*

4

*Associations Identified on Schedule "A"*, 650 F. Supp. 3d 1349, 1352 (S.D. Fla. 2023). Furthermore, when analyzing the propriety of joinder in patent cases, "[i]n adopting the majority construction of Rule 20 by passage of the AIA, Congress recognized, simply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20." *Atlas IP,* 2014 U.S. Dist. LEXIS 48802 at *4-5.

Here, the allegations in Plaintiffs' Complaint merely assert that: (i) defendants (including Defendants) all infringed Plaintiffs' Asserted Patents ("Each Defendant targets the United States, including Florida, and has offered to sell and, on information and belief, has sold and continues to sell, products that infringe SharkNinja's intellectual property…" (Dkt. 1 ¶ 40)); (ii) that there are ***some similarities*** among the alleged infringing products (*Id*. ¶ 54, emphasis added); (iii) that the similarities between the allegedly infringing products suggest that those products were manufactured by and come from a common source and that the defendants are interrelated (*Id*. ¶ 55); and (iv) that the defendants use common tactics to evade enforcement efforts (*Id*. ¶ 57).

Such broad, conclusory allegations as these, however, have been repeatedly rejected by the Federal Circuit and this Court as they fail to satisfy the standard under Fed. R. Civ. P. 20 or the more stringent standard of 35 U.S.C. § 299. *See In re EMC Corp.,* 677 F.3d 1351, 1359 (Fed. Cir. 2012), "the sameness of the accused products is not enough to establish that claims of infringement arise from the 'same transaction.'"); s*ee also Carlson Pet Prods., Inc. v. Individuals*, No. 1:25-cv-21998-WPD, 2025 U.S. Dist. LEXIS 198768 (S.D. Fla. Aug. 19, 2025) (holding that joinder was improper under 35 U.S.C. § 299 where the complaint alleged only that multiple defendants infringed the same patent through similar conduct, sold similar products on the same online platform during the same timeframe, and in some instances were interrelated. Such allegations do not satisfy § 299's requirement that claims arise from the same transaction or occurrence involving

DEFENDANTS' MOTION TO DISMISS                                          CASE NO. 25-cv-25323-RAR

the same accused product.); *see also, Dongguan Saienchuangke Tech. Co.* at \*13 (S.D. Fla. Dec. 17, 2024) ("The Complaint states that Defendants use similar or identical product images or descriptions…that Defendants employ similar tactics, such as creating new Amazon store fronts and online accounts to mitigate potential liability…The problem with the Complaint's allegations of connectivity in this regard is that these allegations are broad, conclusory allegations that do not establish a sufficient commonality among the allegedly Infringing Products and the Defendants to permit joinder."); *Omega v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified*, 650 F. Supp. 3d 1349, 1352 (S.D. Fla. 2023) (concluding the plaintiffs had asserted "broad, conclusory allegations of connectivity" in alleging that defendants concurrently employed and benefitted from "substantially similar advertising and marketing strategies" based upon the defendants' infringements of the plaintiffs' mark).

Many courts in the Northern District of Illinois, where Schedule A type cases such as this action are commonly filed, have rejected theories of joinder similar to those advanced by SharkNinja. *See e.g.*, *Xie v. The Entities and Individuals Identified in Annex A*, 24-cv-09791, 2024 U.S. Dist. LEXIS 174474 (N.D. Ill. Nov. 12, 2024) (rejecting argument that defendants receive the infringing products from the same manufacturer, use the same advertising and images, offer for sale the same infringing products, and have other shared commonalities, such as price, payment accounts, grammar, title, and descriptions); *Toyota Motor Sales, U.S.A., Inc. v. P'ships and Unincorporated Ass'ns Identified on Schedule A*, 24-cv-9401, ECF No. 27 at \*3 (N.D. Ill. Nov. 18, 2024) ("[I]t's not enough to suggest that sometimes there are things that link some of the defendants together."); *Bailie v. Partnerships & Unincorporated Associations Identified on Schedule A*, 734 F. Supp. 3d 798, 802–04 (N.D. Ill. 2024) (Gottschall, J.) (conclusory allegations without specific facts are not sufficient to satisfy Rule 20(a)(2)'s requirements for joinder). Also,

DEFENDANTS' MOTION TO DISMISS                                         CASE NO. 25-cv-25323-RAR

Judge John F. Kness recently raised significant concerns about joinder in Schedule "A" cases. *Eicher Motors Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A:*, 794 F. Supp. 3d 543 (N.D. Ill. 2025) ("the mass joinder of multiple defendants is unjustified under the procedural rules and should not continue.").

Some courts in the Western District of Pennsylvania have also rejected joinder of defendants in cases like these for the same reasoning. *See e.g.*, *Glitch Prods. Pty v. Baiheshangmao*, No. 2:25-CV-00727-CCW, 2025 U.S. Dist. LEXIS 131608 (W.D. Pa. July 1, 2025) (denying plaintiff's request for preliminary injunctive relief on the grounds the plaintiff failed to establish a likelihood of success on the merits as to the 135 defendants other than BaiHeShangMao because the evidence before the Court did not establish the propriety of joining all those defendants). In *Glitch*, the Court held that plaintiff's generalized allegations that defendants' e-commerce stores and accused products shared similarities in website design, advertising text and images, pricing, payment methods, grammatical errors, marketing tactics, and purported indicia of a common manufacturing source, failed to establish that the defendants were logically connected or that the claims arose out of the same transaction or occurrence. *Id*. at *7-9.

SharkNinja's allegations here are no better and provide no more detail than those struck down in the cases cited above. Defendants are not related to the other defendants named in this case, operate different and unrelated storefronts on the Amazon platform, and sell different products. SharkNinja provides no actual link between the facts underlying Defendants' alleged infringement and the alleged infringement by the remaining defendants except conclusive allegations that courts have repeatedly rejected. Moreover, SharkNinja's counsel admitted at the evidentiary hearing on December 19, 2025, that some – ***but not all*** – of the defendants purchased

DEFENDANTS' MOTION TO DISMISS                                    CASE NO. 25-cv-25323-RAR

their accused products from the same manufacturer that SharkNinja purchases its products from, *viz.* Weili.

Additionally, SharkNinja's policy argument in supporting joinder that "[s]ingle defendant enforcement…is impractical, ineffective" (Dkt. 37 at pg. 14) has also been rejected by this Court ("the Court strongly disagrees with Plaintiffs' assertion that joining these Defendants will 'serve[] the important interests of convenience and judicial economy, leading to a just, speedy, and inexpensive resolution for all parties and this Court,' and that '[j]oinder has not created any unnecessary delay, nor has it prejudiced any party.'" *Carlson Pet Prods.* at *6 (S.D. Fla. Aug. 19, 2025)).

SharkNinja cited only one case – *Bose Corp. v. The P'ships and Unincorporated Ass'ns Identified on Schedule "A,"* 334 F.R.D. 511 (N.D. Ill. Feb. 19, 2020) – to support its position and joinder argument (Dkt. 37 at pg. 14). This Court and many others, however, have refused to adopt the reasoning of the *Bose* Court. *See e.g., Fender Musical Instruments Corp. v. Individuals*, No. 25-60385-CIV-SINGHAL, 2025 U.S. Dist. LEXIS 199868 (S.D. Fla. June 17, 2025) ("But as this Court sees it, the *Bose Corp.* court misapplied the definition of 'occurrence' as used in Rule 20(b)(2)."); *see also, Zaful Hong Kong Ltd. v. The Individuals, Corporations, Ltd. Liab. Companies, Partnerships, & Unincorporated Ass'n Identified on Schedule A*, 2025 U.S. Dist. LEXIS 5156, 2025 WL 71797 at *4 (N.D. Ill. 2025) (Perry, J.) (declining to accept the *Bose* Court's reasoning and definition of occurrence). As this Court has stated, "after reading *Bose Corp.*, this Court is not convinced that joinder of these Defendants under a 'swarm' theory of harm to Plaintiff constitutes the '*same* occurrence' or 'occurrences' contemplated by Rule 20(a)(2)(A). Instead, the Court agrees with the D.C. Circuit that '[s]imply committing the same type of violation in the same way does not link defendants together for the purposes of joinder.' *AF Holdings, LLC*

*v. Doe 1-1058*, 752 F.3d 990, 998, 410 U.S. App. D.C. 41 (D.C. Cir. 2014) (citation and internal quotation marks omitted)." *Tushbaby, Inc. v. Corps., Ltd. Liab. Co.*, No. 1:24-cv-22281, 2024 U.S. Dist. LEXIS 141649 (S.D. Fla. Aug. 8, 2024). Even the *Bose* Court itself has limited *Bose*'s holding to a "swarm" of counterfeiters in trademark cases, which is not what has happened in the present case. *See Zhaoshi Tang v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 23 C 4587, 2024 U.S. Dist. LEXIS 2294 (N.D. Ill. Jan. 4, 2024) ("It bears noting that this Court has previously held that joinder of multiple alleged counterfeiters in a trademark action is proper under Rule 20. *Bose*, 334 F.R.D. at 516…That is not what we have here. This case does not involve a 'swarm' of counterfeiters passing off their products as those of a single plaintiff that owns a valuable trademark.").

SharkNinja's pleadings therefore fail to sufficiently allege the propriety of joining all the defendants in this case under 35 U.S.C. § 299. Accordingly, this Court should dismiss this action against Defendants. *See Carlson Pet Prods.*, 2025 U.S. Dist. LEXIS 198768, at *7-8 (holding that all defendants except defendant No. 1 are improperly joined and dismissing the action against all improper joined defendants); *see also Dongguan Saienchuangke Tech. Co.* U.S. Dist. LEXIS 242531, at *15 (granting defendants' motion to dismiss for misjoinder); *Zhaoshi Tang*, 2024 U.S. Dist. LEXIS 2294, at *8 (granting defendants' motion to dismiss as to joinder and dismisses the case against those defendants).

## IV.     CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court dismiss the action against Defendants for misjoinder.

DEFENDANTS' MOTION TO DISMISS                                         CASE NO. 25-cv-25323-RAR

DATED: January 2, 2026                Respectfully submitted,

By: */s/ Emily M. Heim*
Emily M. Heim (FL Bar No. 1015867)
Donald R. McPhail (DC Bar No. 444508)
**VANGUARD CREST P.C.**
1500 K Street NW, Suite 228
Washington, D.C., 20006
Email: dmcphail@vcip.us
Email: eheim@vcip.us
Main: (771) 777-8280

Ude Lu (DC Bar No. 1708256)
**PV IP**
6701 Democracy Blvd, Suite 300
Bethesda MD 20817.
Telephone: (301) 709-7703Email
Email: ulu@pvipus.com

*Attorneys for Defendants Shenzhen Fengkai E-Commerce Co., Ltd. and Hong Kong Huayun Economic & Trade Co., Ltd.*

DEFENDANTS' MOTION TO DISMISS                CASE NO. 25-cv-25323-RAR