IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SHARKNINJA OPERATING LLC, and
SHARKNINJA SALES COMPANY

    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

    Defendants.

Case No. 1:25-cv-25323

_____/

**THE GLACIER PARTIES' EXPEDITED MOTION TO EXTEND THE EXPEDITED DISCOVERY SCHEDULE [Dkt. 128] AND TO RESET HEARING DATE ON PRELIMINARY INJUNCTION**

Given the recalcitrance and refusal of Plaintiffs Sharkninja Operating LLC, and Sharkninja Sales Company's (collectively "Plaintiffs") to comply with this Court's Order granting the Glacier Parties[1] accelerated discovery in connection with Plaintiffs' motion for preliminary injunction, the

---

[1] "Glacier Parties" includes Defendants Ningbo Shangyou E-Commerce Co., Ltd., d/b/a Wizaura, Hubei Zhihuigu Technology Co., Ltd., d/b/a Wizaura, Ningbo Linglingqi Cross-Border E-Commerce Co., Ltd., d/b/a Wizaura, Dongdong Century (Hangzhou) Technology Co., Ltd.,d/b/a Syintao, Ningbo Qichui Machinery Co., Ltd., d/b/a Roaaee, Changsha Shuohang E-Commerce Co., Ltd., d/b/a Chivalz, Anqing Xi'a Trading Co., Ltd., d/b/a Chivalz, Zhongshan Jiameng Office Supplies Co., Ltd., d/b/a Chivalz, Yantai Renqian E-Commerce Co., Ltd., d/b/a Roromall, Yantai Haiga Trading Co., Ltd., d/b/a Towallmark, Yantai Kongqueju E-Commerce Co., Ltd., d/b/a ExploreHorizon, Ningbo Mengshu Furniture Co., Ltd., d/b/a Oylus, Ningbo Petbobi Pet Products Co., Ltd. d/b/a Rellytech, Ningbo Gaotong Business Service Co., Ltd., d/b/a FlameMore, Foshan Lihao Weida Technology Co., Ltd., d/b/a UJR, and Shenzhen Junhan E-Commerce Co., Ltd., d/b/a Shakku (collectively, the "Defendants"), and Third-Party Respondents, Hangzhou Shuzhi Interactive Technology Co., Ltd., d/b/a WALKLINK, Yantai Zhirun E-Commerce Co., Ltd., d/b/a, Garvee, Fuzhou Mijia Electric Appliance Co., Ltd., d/b/a REVOTIO, Shenzhen Manyangda Trading Co., Ltd., d/b/a Lavilys (collectively, the "Third-Party Respondents" and, when referred collectively with Defendants, hereinafter the "Glacier Parties").

1

Glacier Parties respectfully submit this Motion to Extend the Expedited Discovery Schedule and to adjourn and reschedule the hearing date on the Motion for Preliminary Injunction ("PI Motion").

Just as Plaintiffs wasted the Glacier Parties' and Court's resources in refusing to voluntarily sever the Glacier Parties who clearly stand on different footing than the other co-defendants, only to turn around and *not oppose* the motion for severance,[2] Plaintiffs are now intent on slow walking this Court's Order granting accelerated discovery from Plaintiffs that can be used in opposing the motion for preliminary injunction. To this date, Plaintiffs have produced no meaningful discovery and ignored multiple requests for proposed dates for the deposition of their representatives, providing only one proposed date that would give no time for the Glacier Parties to meaningfully work into their opposition any discovery obtained. Hence, the Plaintiffs seek to undermine this Court's Orders by effectively slow walking their response in a way that can only be viewed as ignoring this Court's directives.

Pursuant to the Court Order dated December 15, 2025 [Dkt. 128], the Glacier Parties need to take the deposition of Plaintiffs' declarant by the week of January 5, 2026, submit the response to Plaintiffs' Motion for PI by January 13, 2026, and then appear for the PI hearing which is currently set for January 21, 2026. The Glacier Parties timely sought discovery in accordance with the Order and have been rebuffed at every turn. Efforts to get timely discovery, and to meet and confer with Plaintiffs, have proved futile. Thus, pursuant to Local Rule 7.1(d), the Glacier Parties respectfully request an expedited ruling on this Motion as soon as possible, and in any event no later than January 7, 2026. In support of this request, the Glacier Parties state as follows:

---

[2] Given that Plaintiffs have not opposed the motion for severance, said motion should, respectfully, be granted.

## I. FACTUAL BACKGROUND

On November 14, 2025, Plaintiffs initiated this litigation against multiple defendants, including the Glacier Defendants for patent infringement of the U.S. Patent No. 12,285,028 (the "'028 Patent") and U.S. Patent No. D1,091,236 (the "'236 Design Patent," collectively with the '028 Patent as "Asserted Patents"). Dkt. 1. On November 21, 2025, the Court granted Plaintiffs' Expedited Motion and Ex Parte Application for Entry of Temporary Restraining Order ("TRO"). Dkt. 26. The TRO was dissolved by the Court on December 5, 2025. Dkt. 101.

The Glacier Parties filed a formal motion for accelerated discovery which motion was opposed by Plaintiffs. On December 12, 2025, the Court conducted a Scheduling Conference and granted the Glacier Parties' request for expedited discovery, over Plaintiffs' objections. Dkt. 128. According to the Order, "Plaintiffs shall respond to the Glacier Defendants' written discovery requests by December 29, 2025. Any deposition of Plaintiffs' Declarant shall be conducted the week of January 5, 2026. Plaintiffs' production of documents shall be completed by January 13, 2026." *Id*.

The Glacier Parties acted promptly and diligently, despite the cramped schedule created at the insistence of Plaintiffs, and despite the holidays. On December 15, 2025, the Glacier Parties served Expedited Interrogatories and Requests for Production (the "Expedited Discovery Requests"). Such requests are narrowly tailored to facts relied upon by Plaintiffs in bringing their claims against the Glacier Parties and related matters. On December 24, 2025, the Glacier Parties requested that Plaintiffs provide available dates for the deposition of Plaintiffs' declarant so the Court-ordered deposition could be scheduled for the week of January 5, 2026. Plaintiffs simply ignored the request for a deposition date.

On December 29, 2025, Plaintiffs served written responses—but **produced zero documents**. *See* Exhibits 1–2. Plaintiffs' written responses were not only document-free; they were also materially deficient, relying heavily on boilerplate objections and wholesale "incorporation by reference" to pleadings and docket filings rather than providing direct, case-specific answers needed for a meaningful PI deposition and opposition. The Glacier Parties therefore served a detailed letter on December 31, 2025 setting forth these deficiencies and requested an immediate meet-and-confer. *See* Exhibit 3.

On the morning of January 2, 2026, the parties met and conferred regarding Plaintiffs' deficient discovery responses and their refusal to provide a deposition date, and explained the resulting prejudice to the Court-ordered expedited schedule. Given the complete lack of production and the inadequacy of the responses, the Glacier Parties proposed a modest, practical extension of the PI-related deadlines and a reset of the PI hearing to permit (i) meaningful document production, (ii) an informed deposition of Plaintiffs' declarant, and (iii) fair briefing on Plaintiffs' request for extraordinary injunctive relief. During the meet-and-confer, Plaintiffs' counsel admitted that its declarant was unavailable until January 9, 2026. Counsel for the Glacier Parties explained that he would be in Atlanta on the 9th of January for a family wedding, and that such date was wholly impractical given that it would afford the Glacier Parties no real time to review discovery from Plaintiffs (who refused to even commit to a date by which such documents would be provided) and to file the opposition.

In this meet-and-confer, Plaintiffs' counsel indicated agreement in principle to jointly request that the Court adjust the deadlines and move the PI hearing to the week of February 16, 2026, and further represented that Plaintiffs would not oppose the Glacier Parties' severance

4

request. Plaintiffs' counsel stated they needed client confirmation and promised to confirm that same day.

Later that afternoon—after Glacier Parties followed up—Plaintiffs reversed course and stated they could not agree to the proposed postponement of the scheduled PI hearing. Plaintiffs instead offered to "supplement" interrogatory responses by January 7, 2026, make Ms. Danielle Lessing available for deposition on January 9, 2026 in Boston, and to produce documents "on a rolling basis." That eleventh-hour proposal is **unworkable and unfair** in light of Plaintiffs' prior non-production and their approach to expedited discovery to date. Plaintiffs' shifting positions have already consumed critical time in a compressed PI schedule. Plaintiffs' current proposal still provides no assurance that the Glacier Parties will receive the documents and concrete factual answers necessary to prepare for the deposition, complete expert work, and file a meaningful opposition—before the existing briefing and hearing deadlines.

Accordingly, the Glacier Parties have no choice but to seek limited relief to reset the PI schedule to restore the purpose of Court-ordered expedited discovery and ensure an orderly, fair preliminary-injunction process—particularly where the prejudice and timing disruption are the direct result of Plaintiffs' decision to serve deficient, document-free responses and then change their position on a reasonable scheduling adjustment. Given that the severance of the Glacier Parties has now been effectively consented to (by dint of Plaintiffs having failed to oppose it), and given that the Glacier Parties are already on a different track from all other Defendants, there is no conceivable prejudice to Plaintiffs from rescheduling the hearing to the week of February 16, 2026 and adjusting the date by which the Glacier Parties are to oppose the PI motion.

## II. LEGAL ARGUMENT

Pursuant to Rule 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Scheduling orders may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Here, Glacier Parties easily satisfy the "good cause" standard for extending the expedited discovery.

### A. Plaintiffs' Highly Deficient Responses Establish Good Cause to Extend the Expedited-Discovery and PI Briefing Schedule.

#### 1. Plaintiffs' ROG Responses Are Highly Deficient.

Answers to interrogatories must be responsive, full, complete and unevasive. *Aiges v. Ironshore Specialty Ins. Co.*, No. 15-CV-61300, 2015 WL 12564324, at *1 (S.D. Fla. Dec. 9, 2015). Plaintiffs' interrogatory responses fall far short of those basic requirements.

**First, Plaintiffs' interrogatory answers are not verified under oath.** Rule 33 requires Plaintiffs to answer interrogatories "separately and fully in writing under oath" after a reasonable inquiry. Fed. R. Civ. P. 33(b)(3). And "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5). Verification is not a technicality—it is what makes interrogatory answers sworn discovery responses and ensures the responding party stands behind their truthfulness and completeness. *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 463, 467 (M.D. Fla. 2008). Here, no Plaintiff representative verified any response under oath (or under penalty of perjury). Plaintiffs served only lawyer-signed papers. *See* Ex. 1. Plaintiffs must be ordered to serve verified interrogatory answers compliant with Rule 33.

**Second, Plaintiffs' boilerplate "General Objections" violate Magistrate Judge Louis's Discovery Practices and should be disregarded.** Plaintiffs' responses open with sweeping

general objections and repeated "subject to and without waiving" formulations. *See* Ex. 1 at 2–4. Magistrate Judge Louis's Discovery Practices expressly forbid such non-specific objections and warn that a conclusory objection "without explaining which part of the request is objectionable and why is meaningless and disregarded by the Court—a non-specific, boilerplate objection is the equivalent of no objection at all." Plaintiffs' objections are exactly what the Practices condemn, and they should be overruled.

**Third, Plaintiffs' "premature" objection is unfounded and Frivolous.** Plaintiffs objects that Interrogatories Nos. 1–8 are "premature," purportedly because the information sought "is the subject of discovery requests to Glacier Defendants" and therefore depends on Glacier Parties' future production. *See* Ex. 1 at 5–16. That is backwards, and factually erroneous. Plaintiffs' conduct underscores the gamesmanship. Plaintiffs sought—and litigated—extraordinary emergency relief (TRO and now PI) on the premise that they already had a sufficient factual basis to accuse the Glacier Parties of infringing the Asserted Patents. Plaintiffs' Lessing declaration is the centerpiece of that showing. Plaintiffs cannot have it both ways: they cannot obtain emergency relief based on sworn factual assertions, and then refuse to provide the basic facts underlying those same assertions by labeling discovery "premature" until the Glacier Defendants produce documents. It must be remembered that Plaintiffs opposed any accelerated discovery, and never sought the right to pursue any such discovery in the first place. This Court authorized expedited discovery ***in favor of the Glacier Parties*** precisely to develop the evidentiary record for the pending preliminary injunction proceedings. Plaintiffs' attempt to condition their answers on Defendants' production is a self-serving tactic designed to undermine this Court's Order, that would invert the purpose of expedited PI discovery and deprive Defendants of a fair opportunity to test the factual basis of Plaintiffs' motion.

7

**Fourth, Plaintiffs' privilege/work-product objections are improper without a privilege log and cannot shield basic facts.** Plaintiffs repeatedly assert a blanket objection that, "[t]o the extent [an interrogatory] calls for internal infringement and damages analyses," they withhold information based on attorney-client privilege and/or work product—yet Plaintiffs provide no privilege log and do not identify any withheld materials. That is improper. Magistrate Judge Louis's Discovery Practices expressly prohibit "[g]eneralized or blanket objections asserting attorney-client privilege [or] the work product doctrine" and require that any privilege objection "must be accompanied by a privilege log" containing, at minimum, the privilege asserted, the nature/subject matter of the communication, and the sender/recipient and their relationship. The Procedures further warn that when a party asserts a blanket privilege objection "without attaching a proper privilege log, the objection based on privilege may be deemed waived," and they make clear that production of non-privileged material "shall not be delayed" while the responding party prepares a privilege log. These requirements track Rule 26(b)(5), which obligates a party withholding responsive material to describe the withheld material in a manner that enables the other side to assess the claim.

**Fifth, Plaintiffs' wholesale "incorporation by reference" is evasive, non-responsive, and violates Rule 33.** Most fundamentally, Plaintiffs do not answer interrogatories. Instead, they repeat a canned paragraph "incorporat[ing]" the Complaint and a string of PI/TRO filings and exhibits and telling Glacier Parties to look there. *See* Exhibit 1, pp. 4-19. That is not how Rule 33 works. Rule 33 requires Plaintiffs to answer each interrogatory "separately and fully" (and under oath). Directing Defendants to comb through pleadings, motion papers, exhibits, and hearing testimony is the definition of an evasive response; it converts a verified interrogatory answer into a "pick-your-own-record" scavenger hunt.

## 2. Plaintiffs Failed to Produce a Single Document in Response to the RFP Requests.

Plaintiffs served substantively identical, boilerplate responses to every one of Glacier Parties' Requests for Production. In each response, Plaintiffs claim SharkNinja has "already produced responsive" information by pointing generally to docket filings—e.g., "ECF Nos. 15, 22, 119, and all exhibits attached thereto," plus Ms. Lessing's testimony—and then state that SharkNinja merely "intends to produce" responsive documents "in due course and by the court-ordered deadline of January 13, 2026." *See* Exhibit 2. That is not a Rule 34 response—much less a good-faith response in Court-ordered expedited discovery directed to a pending preliminary-injunction motion.

**First, Plaintiffs have produced zero documents in response to Glacier Parties' RFPs.** A party cannot satisfy Rule 34 by claiming "already produced" while producing nothing and failing to identify any produced materials. Rule 34 requires a responding party to state, for each request, whether it will produce responsive documents, and to specify whether any responsive materials are being withheld. Fed. R. Civ. P. 34(b)(2)(B)–(C). Plaintiffs' generic "see the docket" approach is not production and does not permit Glacier Parties to determine what, if anything, Plaintiffs are producing (or withholding) in response to any particular request.

**Second, Plaintiffs' non-committal statement that they "intend" to produce documents is evasive and improper.** Plaintiffs refuse to confirm whether responsive documents exist, what categories exist, where they are maintained, and what will actually be produced. In expedited PI discovery, that ambiguity is not harmless—it is strategic delay. Plaintiffs chose to seek extraordinary emergency relief and placed their evidentiary record at issue; they cannot now respond to targeted RFPs with placeholders and reservations.

9

**Third, Plaintiffs' apparent plan to wait until January 13, 2026—the same date the Glacier Parties' PI opposition is due—to produce documents defeats the purpose of expedited discovery and severely prejudices the Glacier Parties' ability to prepare for depositions and the PI record.** The Court contemplated depositions during the week of January 5, 2026. A "production" on (or effectively at) the opposition deadline is not expedited discovery; it is gamesmanship designed to deprive Glacier Parties of meaningful discovery and deposition preparation.

**Fourth, Plaintiffs' blanket privilege/work-product assertions do not excuse non-production.** To the extent Plaintiffs are withholding responsive materials based on privilege or work product, they must comply with Rule 26(b)(5), including identifying withheld materials in a privilege log, and producing all non-privileged responsive materials without delay. Fed. R. Civ. P. 26(b)(5); Fed. R. Civ. P. 34(b)(2)(C). Plaintiffs have provided no privilege log and no compliant statement of what is being withheld, if anything. Likewise, Judge Louis's Discovery Practices reject non-specific, boilerplate objections and require clear disclosure of whether responsive materials are being withheld and why. Plaintiffs' across-the-board boilerplate and refusal to produce documents is inconsistent with those requirements and underscores the absence of good-faith participation in the expedited process.

**Fifth, the Glacier Parties worked through the holidays to comply with a difficult schedule that was imposed at the request of Plaintiffs, who have simply blown off Court deadlines.** We have requested confirmation on multiple occasions of a deposition date for Ms. Lessing on January 6 or 7, 2026, and were ignored. In the meet and confer, it was belatedly disclosed to us that she was totally unavailable for deposition until January 9, 2026, a date on which lead counsel will be in Atlanta for a family wedding, and a date that is nonetheless highly

10

prejudicial given its proximity to the date on which an opposing brief is due and given Plaintiffs abject failure and refusal to properly respond to the document demands and interrogatories.

Thus, good cause exists because Plaintiffs' document-free and non-verified responses render the existing PI schedule unworkable and would deprive Defendants of a fair opportunity to test the factual basis of Plaintiffs' requested extraordinary relief, despite Defendants' diligence in propounding narrowly tailored expedited discovery and promptly conferring to resolve disputes.

### B. A Continuance of the Hearing and Briefing Schedule Is Warranted.

The Court "has the inherent authority to manage and control its own docket so as to achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). That authority is particularly important in the preliminary-injunction context, where defendant should be given a fair opportunity to oppose the application and to prepare for such opposition. *ABC Corp. I v. P'ship & Unincorporated Ass'ns Identified on Schedule "A",* 51 F.4th 1365, 1375–76 (Fed. Cir. 2022).

Here, the Court's expedited-discovery order was designed to build a fair PI record on an orderly schedule. [Dkt. 128]. Plaintiffs were insistent that it be set as soon as possible, all the while intending not to do their part to comply with the Court's directives.  Plaintiffs were to serve written responses by December 29, 2025; the deposition of Plaintiffs' declarant was to occur the week of January 5, 2026; and Plaintiffs' production was to be completed by January 13, 2026. *Id.* The Glacier Parties did exactly what the Order contemplated—serving narrowly tailored expedited interrogatories and RFPs targeted to Plaintiffs' TRO/PI papers and, critically, the Lessing declaration (the centerpiece of Plaintiffs' PI showing). Yet Plaintiffs responded on December 29

11

without producing a single document and with interrogatory responses that are materially deficient,. *See* Exs. 1–2.

This is not a minor scheduling hiccup. It renders the current schedule unworkable and fundamentally unfair. Plaintiffs insist the Lessing declaration supplies the factual foundation for likelihood of success and irreparable harm, but they have withheld the very documents and basic facts that would permit meaningful examination of Ms. Lessing and meaningful opposition to Plaintiffs' extraordinary request for injunctive relief. Proceeding with a deposition the week of January 5—without the underlying documents and with non-responsive interrogatory answers— would convert the deposition into guesswork and ambush. That is the opposite of the "fair opportunity" Rule 65(a) requires. *ABC Corp. I*, 51 F.4th at 1375–76.

Even worse, Plaintiffs' approach would functionally nullify expedited discovery altogether. Plaintiffs previously took the position that they could wait to produce until January 13, 2026—*the same day the Glacier Parties' PI opposition is due. See* Ex. 2. A "production" on the opposition deadline deprives Glacier Parties of any ability to (i) use documents to prepare for the Court-ordered deposition(s), or (ii) incorporate discovery into the PI opposition. That is not "expedited discovery"; it is prejudice by design

Plaintiffs now say they will "supplement" interrogatory responses by January 7, 2026, and produce documents "on a rolling basis." But Plaintiffs' track record to date is strategic delay: boilerplate objections, improper incorporation-by-reference to docket filings, and complete non-production. *See* Exs. 1–3. The Glacier Parties should not be forced to gamble their PI opposition— and their ability to test Plaintiffs' sworn factual assertions—on last-minute assurances after weeks of gamesmanship. Courts do not reward a party's refusal to provide discovery necessary to litigate a pending request for injunctive relief; they adjust the schedule to preserve fairness and the

integrity of the PI process. *See, e.g.*, *United Subcontractors, Inc. d/b/a First Choice Supply, Inc. v. Romeka*, 2013 WL 3149072, at *2 (M.D. Fla. June 19, 2013) (compelling expedited discovery where failure to produce would deny access to relevant information bearing on preliminary-injunction relief and managing the process to ensure a workable record).

A continuance will not prejudice Plaintiffs. Any delay is self-inflicted and flows from Plaintiffs' refusal to provide meaningful expedited discovery while simultaneously seeking extraordinary emergency relief. Plaintiffs cannot use sworn declarations to obtain emergency process and then withhold the basic discovery needed to test those declarations while demanding Glacier Parties proceed on the original compressed schedule anyway.

Accordingly, the Glacier Parties respectfully request that the Court continue the current PI-related deadlines and adopt a schedule tethered to Plaintiffs' actual compliance—so that expedited discovery serves its purpose: building a fair record for the pending PI motion. Glacier Parties propose the following sequence:

(1) Plaintiffs shall serve complete, verified amended interrogatory answers and produce responsive, non-privileged documents by January 9, 2026;

(2) The deposition of Ms. Lessing shall occur by January 23, 2026;

(3) the Parties shall resolve the discovery dispute or file any discovery motion by January 28, 2026;

(4) Glacier Parties' response in opposition to the Motion for Preliminary Injunction shall be due on February 4, 2026, and Plaintiffs' reply due on February 10, 2026; and

(5) An Evidentiary Hearing Set by the Court, preferably the week of February 16, 2026.

This sequencing ensures that the deposition and briefing are meaningful, not performative—and that Plaintiffs do not obtain PI relief based on an incomplete, one-sided record created by strategic withholding.

### C. The Glacier Parties' Motion for Severance Is Unopposed and Should Be Granted.

Severance should be addressed now. During the parties' meet-and-confer, Plaintiffs' counsel represented that Plaintiffs no longer oppose the Glacier Parties' Motion for Severance [Dkt. 80] and would not file a response. This, of course, begs the question of why severance was not consented to before Plaintiffs put the Glacier Parties to the time and trouble of filing a motion that had obvious merit. Plaintiffs' response was due on January 2, 2026. [Dkt. 142]. Plaintiffs have filed no opposition. Accordingly, the Motion for Severance is unopposed and should be granted.

More importantly, granting severance now will materially reduce the procedural chaos and inefficiency that Plaintiffs themselves have created by sweeping numerous unrelated parties into a single action. The docket has already ballooned at an extraordinary pace, and the PI schedule dispute illustrates the practical harm of misjoinder: multiple defendant groups, multiple counsel, divergent positions on discovery and PI timing, and needless complication of the Court's management of the case. Severing the Glacier Parties now will streamline the PI record and ensure that the Court evaluates Plaintiffs' requested extraordinary relief on a clean, coherent, party-specific record—rather than on an entangled, multi-defendant morass.

Accordingly, the Glacier Parties respectfully request that the Court grant the unopposed Motion for Severance and proceed to set an amended PI schedule for the Glacier Parties consistent with the continuance requested above.

### III.  CONCLUSION

For the reasons set forth above, Glacier Parties respectfully request that the Court grant their Expedited Motion by severing Glacier Parties from this case, reset the deadlines and hearing date for the PI Motion, and further relief as the Court deems just and proper.

**Local Rule 7.1(a)(3) Certification**

In accordance with Local Rule 7.1(a)(3), Wei Wang and Kevin O'Connor conferred with counsel for Plaintiffs by email on January 2, 2026, regarding the relief requested in this Motion, following their formal telephonic meet and confer earlier in the day. Plaintiffs' counsel indicated that they would oppose this Motion.

Respectfully submitted,

*/s/      Wei Wang*

Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
wei.wang@glacier.law

Kevin J. O'Connor, Esq.
70 Grand Avenue. River Edge,
New Jersey 07661
KOConnor@pecklaw.com
201-343-3434

Respectfully submitted,

*/s/      Mitchell P. Abood*
Mitchell P. Abood
PECKAR & ABRAMSON, P.C.
One Southeast Third Avenue
Suite 2000
Miami, Florida 33131
PH: 305-358-2600
Florida Bar No. 1039192
mabood@pecklaw.com

*Counsel for Defendants and Third-Party Respondents Identified Above*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 3, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court for entry into the Court's CM/ECF case management system, which will serve a notice of electronic filing to all counsel of record, including the following:

/s/ *Mitchell P. Abood*
Mitchell P. Abood
Florida Bar No. 1039192
*Counsel for Defendants and Third-Party Respondents Identified Above*