**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-25323-RAR**

**SHARKNINJA OPERATING LLC**, *et al.*,

    Plaintiffs,

  v.

**THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A"**,

    Defendants.

_____/

## OMNIBUS CASE MANAGEMENT ORDER

**THIS CAUSE** comes before the Court *sua sponte*.  On November 14, 2025, Plaintiffs filed their Complaint against the Individuals, Corporations, Limited Liability Companies, Partnerships. and Unincorporated Associations Identified on Schedule "A".  [ECF No. 1].  Plaintiffs then filed an *Ex Parte* Motion for Entry of Temporary Restraining Order, [ECF No. 22], and an *Ex Parte* Motion for Order Authorizing Alternate Service of Process, [ECF No. 30], which the Court granted.  [ECF Nos. 26, 31].  Plaintiffs subsequently filed a Motion for Entry of Preliminary Injunction.  [ECF No. 37].  Shortly thereafter, several Defendants entered appearances.  *See* [ECF Nos. 38, 44, 50, 57, 61, 64, 66, 69, 71, 72, 79, 81, 84, 96, 98, 126, 131, 155].

Following the Court's December 5, 2025 Case Management Conference, [ECF No. 97], the Court entered an Order Dissolving Temporary Restraining Order and Referring Case to Magistrate Judge, [ECF No. 101], in which the Court referred the case in full to Magistrate Judge Lauren F. Louis.  On January 21, 2026, the parties filed a Limited Joint Consent to Jurisdiction by

a United States Magistrate Judge for Plaintiff's Motion for Preliminary Injunction, [ECF No. 232]. Magistrate Judge Louis entered an Order of Preliminary Injunction as to the Glacier Defendants, [ECF No. 266], on March 6, 2026.  Then on March 24, 2026, Magistrate Judge Louis entered a Preliminary Injunction Order as to Certain Defendants, [ECF No. 276].

Magistrate Judge Louis's Orders on Plaintiffs' Motion for Preliminary Injunction have materially impacted the merits of this case and changed its posture.  However, several Motions— including five Motions to Dismiss—remain pending from the case's early stages.  *See* [ECF Nos. 129, 133, 139, 190, 194].  In an effort to streamline the remaining proceedings and assist Magistrate Judge Louis, to whom this case remains referred in full, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.  In light of Magistrate Judge Louis's Orders on Plaintiff's Motion for Preliminary Injunction, [ECF Nos. 266, 276], Defendants' pending Motions to Dismiss are **DENIED** *without prejudice and with leave to refile*.  This includes the Motions to Dismiss filed by:

   a.  Defendants Gasbye, Fohjere, VNN, PAMBEE, and WIE, [ECF No. 129].

   b.  Defendant Haysky, [ECF No. 133].

   c.  Defendants IceSwirls, Tefoqu, Wongic, Dutepa, Auriswell (on Amazon), Auriswell (on Walmart), and Kelteroom; and Third-Party Respondents Grano Chef, oplace, POFABIK, BLIZZEE, NLNYA, and Nyzgax, [ECF No. 139].

   d.  Defendants Fengkai and Huayan, [ECF No. 190].

   e.  Defendants SOZT, Bluebow, Velieta Direct, and Deaprull, [ECF No. 194].

2.  Plaintiffs shall conduct an informal settlement conference for a minimum of two (2) hours **with EACH of the five (5) subsets of Defendants identified above** to determine if this action can be resolved as to these particular subsets of Defendants.  A representative with

settlement authority must be available telephonically.  The parties shall file a Joint Notice of Compliance and Status Report certifying compliance with this Order and providing a report on the status of discussions **on or before 5:00 P.M. on June 30, 2026**.

3.  If any Defendants wish to refile a Motion to Dismiss following their informal settlement conference with Plaintiffs, it shall be due **fourteen (14) days** after the parties file their Joint Notice of Compliance.  Defendants **must** engage in an informal settlement conference with Plaintiffs prior to refiling a Motion to Dismiss, and any Motions that are not in compliance with this Order shall be stricken.

4.  Plaintiffs' Unopposed Motion for Leave to Seal, [ECF No. 222], is **DENIED AS MOOT** as it relates to their since-adjudicated Motion for Preliminary Injunction.

5.  The parties are directed to prepare and file a joint scheduling report, as required by Local Rule 16.1, by **June 30, 2026**.  In addition, by **June 30, 2026**, the parties must file—to the extent not previously submitted—Certificates of Interested Parties and Corporate Disclosure Statements that contain a complete list of persons, associated persons, firms, partnerships, or corporations that have a financial interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party. Throughout the pendency of the action, the parties are under a continuing obligation to amend, correct, and update the Certificates.

**DONE AND ORDERED** in Miami, Florida, this 14th day of May, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

Page **3** of **3**